## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**MICHAEL COREY JENKINS,**                                                                 **PLAINTIFFS**
**EDDIE TERRELL PARKER**

**v.**                                                                              **CAUSE NO. 3:23cv374-DPJ-FKB**

**RANKIN COUNTY, MISSISSIPPI,**
**RANKIN CO. SHERIFF BRYAN BAILEY,**
**Individually, and in his official capacity; et al.**                              **DEFENDANTS**
_____

### ANSWER AND DEFENSES OF RANKIN COUNTY AND SHERIFF BRYAN BAILEY
_____

**NOW COME** Defendants, Rankin County, Mississippi and Sheriff Bryan Bailey, in his

individual and official capacities, by and through their undersigned counsel of record, and

submit this, their Answer and Defenses in the above styled and numbered cause, in response

to the [1] Complaint filed herein against them, as follows:

### FIRST DEFENSE

These Defendants specifically assert and invoke all defenses available to them as set

forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual

basis exists or may exist in their favor.

### SECOND DEFENSE

These Defendants affirmatively assert and invoke all substantive and procedural

defenses available unto them for which a good faith legal and/or factual basis exists or may

exist in their favor pursuant to Miss. Code Ann. § 11-46-1 *et seq*., specifically including Miss.

Code Ann. §§ 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13, 11-46-15, and 11-46-17 as to

Plaintiffs' state law claims. To the extent that Plaintiffs' [1] Complaint, or any subsequently

filed pleading, may seek a trial by jury on state law claims against these Defendants, they

move this Court to strike any such jury demand on the basis that the same is prohibited by the aforesaid statutes.

### THIRD DEFENSE

These Defendants possess sovereign, absolute and/or qualified immunity herein from suit and/or liability and/or damages.

### FOURTH DEFENSE

The [1] Complaint fails to state a claim upon which relief can be granted as to these Defendants.

### FIFTH DEFENSE

These Defendants did not breach any duty owed to Plaintiffs, nor did they violate any right or privilege of Plaintiffs, and are, therefore, not liable in damages.

### SIXTH DEFENSE

These Defendants, at all times complained of herein, acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, without any intent to cause harm, and are not guilty of tortious conduct or omission.  The actions taken by these Defendants were taken in good faith and in good faith reliance upon then-existing law.

### SEVENTH DEFENSE

The matters set forth in Plaintiffs' [1] Complaint herein do not rise to the level of a constitutional violation and such matters are improperly before this Court.

### EIGHTH DEFENSE

These Defendants committed no act or omission which caused any injury, damage, and/or deprivation to Plaintiffs and they are, therefore, not liable in damages.

## NINTH DEFENSE

As a matter of law, Plaintiffs are not entitled to any relief from Rankin County and/or Sheriff Bailey.

## TENTH DEFENSE

Plaintiffs' alleged injuries or harms were caused, unforeseeably, by persons, forces, or entities for whom / which Rankin County and/or Sheriff Bailey are not liable, such being efficient, intervening, superseding causes, breaking any alleged causative link to these Defendants.

## ELEVENTH DEFENSE

**NOW COME** Rankin County and Sheriff Bailey, by and through counsel, and state that unless specifically admitted herein, these Defendants deny all allegations of the [1] Complaint.

For answers to the allegations of the [1] Complaint, Rankin County and Sheriff Bailey state as follows:

To the extent there are any allegations against these Defendants in the introductory paragraph of Plaintiffs' [1] Complaint, same are denied.

## JURISDICTION AND VENUE

1.    In response to ¶ 1 of Plaintiffs' [1] Complaint, these Defendants admit that federal question jurisdiction exists herein and that venue is proper with this Court. Except where otherwise specifically admitted herein, the allegations in ¶ 1 of Plaintiff's [1] Complaint are denied.

## NOTICE OF CLAIM

2.    The allegations in ¶ 2 of Plaintiffs' Complaint are denied.

## **PARTIES**

3.      These Defendants are without specific information or belief to admit or deny the allegations in ¶ 3 of Plaintiffs' [1] Complaint, and accordingly deny same.

4.      These Defendants are without specific information or belief to admit or deny the allegations in ¶ 4 of Plaintiffs' [1] Complaint, and accordingly deny same.

5.      These Defendants are without specific information or belief to admit or deny the allegations in ¶ 5 of Plaintiffs' [1] Complaint, and accordingly deny same.

6.      These Defendants are without specific information or belief to admit or deny the allegations in ¶ 6 of Plaintiffs' [1] Complaint, and accordingly deny same.

7.      These Defendants are without specific information or belief to admit or deny the allegations in ¶ 7 of Plaintiffs' [1] Complaint, and accordingly deny same.

8.      In response to ¶ 8 of Plaintiffs' [1] Complaint, these Defendants admit that Rankin County, Mississippi is a political subdivision within the State of Mississippi. Except where otherwise specifically admitted herein, the allegations in ¶ 8 of Plaintiffs' [1] Complaint are denied.

9.      In response to ¶ 9 of Plaintiffs' [1] Complaint, these Defendants admit that Bryan Bailey is the duly elected and acting Sheriff of Rankin County, Mississippi, and that he is subject to and abided by any and all laws, rules, and/or regulations applicable to him. Except where otherwise specifically admitted herein, the allegations in ¶ 9 of Plaintiffs' [1] Complaint are denied.

10.       In response to ¶ 10 of Plaintiffs' [1] Complaint, these Defendants admit that Rankin County may be served with summons according to law. Except where otherwise specifically admitted herein, the allegations in ¶ 10 of Plaintiffs' [1] Complaint are denied.

11.    As Plaintiffs have not identified the John Doe Defendants 1-3, these Defendants are without specific information and/or belief to admit or deny their whereabouts, and accordingly deny said allegations in ¶ 11 of Plaintiffs' [1] Complaint. Except where otherwise specifically admitted herein, the allegations in ¶ 11 of Plaintiffs' [1] Complaint are denied.

## STATEMENT OF FACTS

12.    In response to ¶ 12 of Plaintiffs' [1] Complaint, these Defendants admit that some of the events at issue occurred in Rankin County, Mississippi. Except where otherwise specifically admitted herein, the allegations in ¶ 12 of Plaintiffs' [1] Complaint are denied.

13.    In response to ¶ 13 of Plaintiffs' [1] Complaint, these Defendants admit that Brett McAlpin, Jeffrey Middleton, Christian Dedmon, Hunter Elward, and/or Daniel Opdyke (collectively "the former deputies") have been convicted of various criminal offenses, including but not limited to breaking and entering with the intent to commit an assault, concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 13 of Plaintiffs' [1] Complaint are denied.

14.    In response to ¶ 14 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 14 of Plaintiffs' [1] Complaint are denied.

15.    In response to ¶ 15 of Plaintiffs' [1] Complaint, these Defendants admit that according to most recent census data, Rankin County, Mississippi is comprised of 71.9% "White alone, not Hispanic or Latino" and 22.7% "Black or African American alone." Except where otherwise specifically admitted herein, the allegations in ¶ 15 of Plaintiffs' [1] Complaint are denied.

16.    In response to ¶ 16 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 16 of Plaintiffs' [1] Complaint are denied. Rankin County specifically denies that it possesses "stolen equipment."

<u>Warrantless Entry, Kidnapping, and Racial Bias</u>

17.    In response to ¶ 17 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 17 of Plaintiffs' [1] Complaint are denied.

18.    In response to ¶ 18 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 18 of Plaintiffs' [1] Complaint are denied.

19.    In response to ¶ 19 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 19 of Plaintiffs' [1] Complaint are denied.

20.    In response to ¶ 20 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 20 of Plaintiffs' [1] Complaint are denied.

21.     In response to ¶ 21 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 21 of Plaintiffs' [1] Complaint are denied.

22.     In response to ¶ 22 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 22 of Plaintiffs' [1] Complaint are denied.

23.     In response to ¶ 23 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 23 of Plaintiffs' [1] Complaint are denied.

24.     In response to ¶ 24 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 24 of Plaintiffs' [1] Complaint are denied.

25.     In response to ¶ 25 of Plaintiffs' [1] Complaint, these Defendants admit that Bryan Bailey is the duly elected and acting Sheriff of Rankin County, Mississippi, and that he is subject to and abided by any and all laws, rules, and/or regulations applicable to him. Except where otherwise specifically admitted herein, the allegations in ¶ 25 of Plaintiffs' [1] Complaint are denied.

<u>Taser Use While Handcuffed</u>

26.    In response to ¶ 26 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 26 of Plaintiffs' [1] Complaint are denied.

27.    In response to ¶ 27 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 27 of Plaintiffs' [1] Complaint are denied.

28.    In response to ¶ 28 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 28 of Plaintiffs' [1] Complaint are denied.

29.    In response to ¶ 29 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 29 of Plaintiffs' [1] Complaint are denied.

<u>Waterboarding Acts</u>

30.    In response to ¶ 30 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 30 of Plaintiffs' [1] Complaint are denied.

31.     As ¶ 31 of Plaintiffs' [1] Complaint does not contain any allegations against these Defendants, they are not required to admit or deny same. To the extent that ¶ 31 of Plaintiffs' [1] Complaint does contain allegations against these Defendants, same are denied.

32.     As ¶ 32 of Plaintiffs' [1] Complaint does not contain any allegations against these Defendants, they are not required to admit or deny same. To the extent that ¶ 32 of Plaintiffs' [1] Complaint does contain allegations against these Defendants, same are denied.

33.     In response to ¶ 33 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 33 of Plaintiffs' [1] Complaint are denied.

34.     In response to ¶ 34 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 34 of Plaintiffs' [1] Complaint are denied.

35.     In response to ¶ 35 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 35 of Plaintiffs' [1] Complaint are denied.

<u>Sexual Assault and Humiliation</u>

36.     In response to ¶ 36 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 36 of Plaintiffs' [1] Complaint are denied.

37.      In response to ¶ 37 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 37 of Plaintiffs' [1] Complaint are denied.

38.      In response to ¶ 38 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 38 of Plaintiffs' [1] Complaint are denied.

39.      In response to ¶ 39 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 39 of Plaintiffs' [1] Complaint are denied.

40.      In response to ¶ 40 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 40 of Plaintiffs' [1] Complaint are denied.

41.      In response to ¶ 41 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 41 of Plaintiffs' [1] Complaint are denied.

42.      In response to ¶ 42 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the

incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 42 of Plaintiffs' [1] Complaint are denied.

43.     In response to ¶ 43 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 43 of Plaintiffs' [1] Complaint are denied.

44.     In response to ¶ 44 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 44 of Plaintiffs' [1] Complaint are denied.

45.     In response to ¶ 45 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 45 of Plaintiffs' [1] Complaint are denied.

46.     In response to ¶ 46 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 46 of Plaintiffs' [1] Complaint are denied.

47.     In response to ¶ 47 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 47 of Plaintiffs' [1] Complaint are denied.

48.     In response to ¶ 48 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 48 of Plaintiffs' [1] Complaint are denied.

49.     In response to ¶ 49 of Plaintiffs' [1] Complaint, these Defendants admit that Bryan Bailey is the duly elected and acting Sheriff of Rankin County, Mississippi. Further, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 49 of Plaintiffs' [1] Complaint are denied.

<u>Threats to Kill</u>

50.     In response to ¶ 50 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 50 of Plaintiffs' [1] Complaint are denied.

51.     These Defendants are without specific information and/or belief to admit or deny the allegations in ¶ 51 of Plaintiff's Complaint, and accordingly, deny same.

52.     In response to ¶ 52 of Plaintiffs' [1] Complaint, these Defendants admit that Bryan Bailey is the duly elected and acting Sheriff of Rankin County, Mississippi. Further, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 52 of Plaintiffs' [1] Complaint are denied.

<u>Attempt to Kill Michael Corey Jenkins</u>

53.     In response to ¶ 53 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 53 of Plaintiffs' [1] Complaint are denied.

54.     In response to ¶ 54 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 54 of Plaintiffs' [1] Complaint are denied.

55.     In response to ¶ 55 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 55 of Plaintiffs' [1] Complaint are denied.

56.     In response to ¶ 56 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 56 of Plaintiffs' [1] Complaint are denied.

57.     These Defendants are without specific information and/or belief to admit or deny the allegations in ¶ 57 of Plaintiff's Complaint, and accordingly, deny same.

58.     In response to ¶ 58 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 58 of Plaintiffs' [1] Complaint are denied.

59.    These Defendants are without specific information and/or belief to admit or deny the allegations in ¶ 59 of Plaintiff's Complaint, and accordingly, deny same.

60.    In response to ¶ 60 of Plaintiffs' [1] Complaint, these Defendants admit that Bryan Bailey is the duly elected and acting Sheriff of Rankin County, Mississippi. Further, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 60 of Plaintiffs' [1] Complaint are denied.

61.    These Defendants are without specific information and/or belief to admit or deny the allegations in ¶ 61 of Plaintiff's Complaint, and accordingly, deny same.

<u>Failure to Intervene / Failure to Aid Jenkins</u>

62.    In response to ¶ 62 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 62 of Plaintiffs' [1] Complaint are denied.

63.    In response to ¶ 63 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 63 of Plaintiffs' [1] Complaint are denied.

64.    In response to ¶ 64 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 64 of Plaintiffs' [1] Complaint are denied.

65.     In response to ¶ 65 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 65 of Plaintiffs' [1] Complaint are denied.

66.     In response to ¶ 66 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 66 of Plaintiffs' [1] Complaint are denied.

67.     In response to ¶ 67 of Plaintiffs' [1] Complaint, these Defendants admit that Jenkins received medical attention from paramedics and/or at UMMC. Except where otherwise specifically admitted herein, the allegations in ¶ 67 of Plaintiffs' [1] Complaint are denied.

68.     These Defendants are without specific information and/or belief to admit or deny the allegations in ¶ 68 of Plaintiff's Complaint, and accordingly, deny same.

69.     In response to ¶ 69 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 69 of Plaintiffs' [1] Complaint are denied.

70.     These Defendants are without specific information and/or belief to admit or deny the allegations in ¶ 70 of Plaintiff's Complaint, and accordingly, deny same.

Supervisory Liability by Bailey and Monell Violations by Rankin County

71.     In response to ¶ 71 of Plaintiffs' [1] Complaint, these Defendants admit that the U.S. District Court for the Southern District of Mississippi entered the [102] Order in

*Barrett v. City of Pelahatchie*, No. 3:21cv124-HTW-LGI [Dkt. 102] (S.D. Miss. Mar. 17, 2023), the contents of which are contained therein. Except where otherwise specifically admitted herein, the allegations in ¶ 71 of Plaintiffs' [1] Complaint are denied.

72.    In response to ¶ 72 of Plaintiffs' [1] Complaint, these Defendants admit that the U.S. District Court for the Southern District of Mississippi entered the [102] Order in *Barrett v. City of Pelahatchie*, No. 3:21cv124-HTW-LGI [Dkt. 102] (S.D. Miss. Mar. 17, 2023), the contents of which are contained therein. Except where otherwise specifically admitted herein, the allegations in ¶ 72 of Plaintiffs' [1] Complaint are denied.

73.    In response to ¶ 73 of Plaintiffs' [1] Complaint, these Defendants admit that Bryan Bailey is the duly elected and acting Sheriff of Rankin County, Mississippi. Except where otherwise specifically admitted herein, the allegations in ¶ 73 of Plaintiffs' [1] Complaint are denied.

74.    The allegations in ¶ 74 of Plaintiff's [1] Complaint are denied.

75.    The allegations in ¶ 75 of Plaintiff's [1] Complaint are denied.

76.    In response to ¶ 76 of Plaintiffs' [1] Complaint, these Defendants admit that the holding in *Gerhart v. Barnes*, 724 F. App'x 316 (5th Cir. 2018) speaks for itself. Except where otherwise specifically admitted herein, the allegations in ¶ 76 of Plaintiffs' [1] Complaint are denied.

77.    In response to ¶ 77 of Plaintiffs' [1] Complaint, these Defendants admit that the plaintiffs' complaints, with amendments, and their answers to same, are contained in the docket of the Southern District of Mississippi in litigation styled *Gerhart v. Rankin County* and bearing cause number 3:11cv586-HTW-LRA. Except where otherwise specifically admitted herein, the allegations in ¶ 77 of Plaintiffs' [1] Complaint are denied.

78.     The allegations in ¶ 78 of Plaintiff's [1] Complaint are denied.

79.     The allegations in ¶ 79 of Plaintiff's [1] Complaint are denied.

80.     In response to ¶ 80 of Plaintiffs' [1] Complaint, these Defendants admit that Elward assisted with subduing Damien Cameron on or around July 26, 2021, and that Cameron departed this life the following day.  Except where otherwise specifically admitted herein, the allegations in ¶ 80 of Plaintiffs' [1] Complaint are denied.

81.     The allegations in ¶ 81 of Plaintiff's [1] Complaint are denied.

82.     The allegations in ¶ 82 of Plaintiff's [1] Complaint are denied.

83.     The allegations in ¶ 83 of Plaintiff's [1] Complaint are denied.

84.     In response to ¶ 84 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 84 of Plaintiffs' [1] Complaint are denied. These Defendants specifically deny that Deputy Napoleon Valino was involved in the incident at issue.

85.     The allegations in ¶ 85 of Plaintiff's [1] Complaint are denied.

86.     In response to ¶ 86 of Plaintiffs' [1] Complaint, these Defendants admit that Sheriff Bailey has a budget in compliance with Miss. Code Ann. § 19-25-13. Except where otherwise specifically admitted herein, the allegations in ¶ 86 of Plaintiffs' [1] Complaint are denied.

87.     In response to ¶ 87 of Plaintiffs' [1] Complaint, these Defendants admit that Plaintiffs attach exhibits to their [1] Complaint. Except where otherwise specifically admitted herein, the allegations in ¶ 87 of Plaintiffs' [1] Complaint are denied.

**COUNT I – DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C § 1983 – EXCESSIVE FORCE**
**ELWARD, MCALPIN, DEDMON, and DEPUTIES JOHN DOES 1-3**
**(Attempting to Kill Michael C. Jenkins)**

88.    In response to ¶ 88 of Plaintiffs' [1] Complaint, Rankin County and Sheriff Bailey re-allege and restate herein the admissions and/or denials herein.

89.    In response to ¶ 89 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 89 of Plaintiffs' [1] Complaint are denied.

90.    In response to ¶ 90 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 90 of Plaintiffs' [1] Complaint are denied.

91.    In response to ¶ 91 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 91 of Plaintiffs' [1] Complaint are denied.

92.    These Defendants are without specific information and/or belief to admit or deny the allegations in ¶ 92 of Plaintiff's Complaint, and accordingly, deny same.

93.    In response to ¶ 93 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 93 of Plaintiffs' [1] Complaint are denied.

94.    The allegations in ¶ 94 of Plaintiffs' [1] Complaint are denied.

<u>Punitive Damages</u>

95.     To the extent ¶ 95 of Plaintiffs' [1] Complaint contains allegations against Rankin County and/or Sheriff Bailey, same are denied.

96.     In response to ¶ 96 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 96 of Plaintiffs' [1] Complaint are denied.

97.     In response to ¶ 97 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 97 of Plaintiffs' [1] Complaint are denied.

98.     Rankin County and Sheriff Bailey deny any and all allegations against them in ¶ 98 of Plaintiffs' [1] Complaint. These Defendants specifically deny that Plaintiffs are entitled to judgment against them, or that they are liable or indebted to Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever. Further, Rankin County specifically denies that it can be liable for punitive damages under § 1983.

### **COUNT II – DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C § 1983**
**ELWARD, MCALPIN, DEDMON, and DEPUTIES JOHN DOES 1-3**
**(Unconstitutional Search and Seizure)**

99.     In response to ¶ 99 of Plaintiffs' [1] Complaint, Rankin County and Sheriff Bailey re-allege and restate herein the admissions and/or denials herein.

100.    In response to ¶ 100 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 100 of Plaintiffs' [1] Complaint are denied.

101.    In response to ¶ 101 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 101 of Plaintiffs' [1] Complaint are denied.

102.    In response to ¶ 102 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 102 of Plaintiffs' [1] Complaint are denied.

103.    In response to ¶ 103 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 103 of Plaintiffs' [1] Complaint are denied.

104.    In response to ¶ 104 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 104 of Plaintiffs' [1] Complaint are denied.

105.    In response to ¶ 105 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the

incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 105 of Plaintiffs' [1] Complaint are denied.

106.    In response to ¶ 106 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 106 of Plaintiffs' [1] Complaint are denied.

107.    The allegations in ¶ 107 of Plaintiffs' [1] Complaint are denied.

Punitive Damages

108.    To the extent ¶ 108 of Plaintiffs' [1] Complaint contains allegations against Rankin County and/or Sheriff Bailey, same are denied.

109.    In response to ¶ 109 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 109 of Plaintiffs' [1] Complaint are denied.

110.    In response to ¶ 110 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 110 of Plaintiffs' [1] Complaint are denied.

111.    Rankin County and Sheriff Bailey deny any and all allegations against them in ¶ 111 of Plaintiffs' [1] Complaint. These Defendants specifically deny that Plaintiffs are entitled to judgment against them, or that they are liable or indebted to Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in

nature, or of any kind or quantum whatsoever. Further, Rankin County specifically denies that it can be liable for punitive damages under § 1983.

## COUNT III – DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C § 1983
### ELWARD, MCALPIN, DEDMON, and DEPUTIES JOHN DOES 1-3
### (Excessive Force – Taser Use)

112.    In response to ¶ 112 of Plaintiffs' [1] Complaint, Rankin County and Sheriff Bailey re-allege and restate herein the admissions and/or denials herein.

113.    In response to ¶ 113 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 113 of Plaintiffs' [1] Complaint are denied.

114.    In response to ¶ 114 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 114 of Plaintiffs' [1] Complaint are denied.

115.    In response to ¶ 115 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 115 of Plaintiffs' [1] Complaint are denied.

116.    In response to ¶ 116 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 116 of Plaintiffs' [1] Complaint are denied.

117.    In response to ¶ 117 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 117 of Plaintiffs' [1] Complaint are denied.

118.    The allegations in ¶ 118 of Plaintiffs' [1] Complaint are denied.

<u>Punitive Damages</u>

119.    To the extent ¶ 119 of Plaintiffs' [1] Complaint contains allegations against Rankin County and/or Sheriff Bailey, same are denied.

120.    In response to ¶ 120 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 120 of Plaintiffs' [1] Complaint are denied.

121.    In response to ¶ 121 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 121 of Plaintiffs' [1] Complaint are denied.

122.    Rankin County and Sheriff Bailey deny any and all allegations against them in ¶ 122 of Plaintiffs' [1] Complaint. These Defendants specifically deny that Plaintiffs are entitled to judgment against them, or that they are liable or indebted to Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever. Further, Rankin County specifically denies that it can be liable for punitive damages under § 1983.

**COUNT IV – DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C § 1983**
**ELWARD, MCALPIN, DEDMON, and DEPUTIES JOHN DOES 1-3**
**(Excessive Force – Physical Assaults)**

123.    In response to ¶ 123 of Plaintiffs' [1] Complaint, Rankin County and Sheriff Bailey re-allege and restate herein the admissions and/or denials herein.

124.    In response to ¶ 124 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 124 of Plaintiffs' [1] Complaint are denied.

125.    In response to ¶ 125 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 125 of Plaintiffs' [1] Complaint are denied.

126.    In response to ¶ 126 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 126 of Plaintiffs' [1] Complaint are denied.

127.    In response to ¶ 127 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 127 of Plaintiffs' [1] Complaint are denied.

128.    In response to ¶ 128 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the

incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 128 of Plaintiffs' [1] Complaint are denied.

129.    In response to ¶ 129 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 129 of Plaintiffs' [1] Complaint are denied.

130.    The allegations in ¶ 130 of Plaintiffs' [1] Complaint are denied.

<u>Punitive Damages</u>

131.    To the extent ¶ 131 of Plaintiffs' [1] Complaint contains allegations against Rankin County and/or Sheriff Bailey, same are denied.

132.    In response to ¶ 132 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 132 of Plaintiffs' [1] Complaint are denied.

133.    In response to ¶ 133 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 133 of Plaintiffs' [1] Complaint are denied.

134.    Rankin County and Sheriff Bailey deny any and all allegations against them in ¶ 134 of Plaintiffs' [1] Complaint. These Defendants specifically deny that Plaintiffs are entitled to judgment against them, or that they are liable or indebted to Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in

nature, or of any kind or quantum whatsoever. Further, Rankin County specifically denies that it can be liable for punitive damages under § 1983.

### COUNT V – DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C § 1983
### ELWARD, MCALPIN, DEDMON, and DEPUTIES JOHN DOES 1-3
### (Unreasonable Seizure, Excessive Force - Waterboarding)

135.    In response to ¶ 135 of Plaintiffs' [1] Complaint, Rankin County and Sheriff Bailey re-allege and restate herein the admissions and/or denials herein.

136.    In response to ¶ 136 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 136 of Plaintiffs' [1] Complaint are denied.

137.    In response to ¶ 137 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 137 of Plaintiffs' [1] Complaint are denied.

138.    In response to ¶ 138 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 138 of Plaintiffs' [1] Complaint are denied.

139.    In response to ¶ 139 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 139 of Plaintiffs' [1] Complaint are denied.

140.    In response to ¶ 140 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 140 of Plaintiffs' [1] Complaint are denied.

141.    The allegations in ¶ 141 of Plaintiffs' [1] Complaint are denied.

<u>Punitive Damages</u>

142.    To the extent ¶ 142 of Plaintiffs' [1] Complaint contains allegations against Rankin County and/or Sheriff Bailey, same are denied.

143.    In response to ¶ 143 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 143 of Plaintiffs' [1] Complaint are denied.

144.    In response to ¶ 144 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 144 of Plaintiffs' [1] Complaint are denied.

145.    Rankin County and Sheriff Bailey deny any and all allegations against them in ¶ 145 of Plaintiffs' [1] Complaint. These Defendants specifically deny that Plaintiffs are entitled to judgment against them, or that they are liable or indebted to Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever. Further, Rankin County specifically denies that it can be liable for punitive damages under § 1983.

**COUNT VI – DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C § 1983**
**ELWARD, MCALPIN, DEDMON, and DEPUTIES JOHN DOES 1-3**
**(Sexual Assault, Excessive Force, Unreasonable Seizure)**

146.   In response to ¶ 146 of Plaintiffs' [1] Complaint, Rankin County and Sheriff Bailey re-allege and restate herein the admissions and/or denials herein.

147.   In response to ¶ 147 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 147 of Plaintiffs' [1] Complaint are denied.

148.   In response to ¶ 148 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 148 of Plaintiffs' [1] Complaint are denied.

149.   In response to ¶ 149 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 149 of Plaintiffs' [1] Complaint are denied.

150.   In response to ¶ 150 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 150 of Plaintiffs' [1] Complaint are denied.

151.   In response to ¶ 151 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the

incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 151 of Plaintiffs' [1] Complaint are denied.

152.    In response to ¶ 152 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 152 of Plaintiffs' [1] Complaint are denied.

153.    In response to ¶ 153 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 153 of Plaintiffs' [1] Complaint are denied.

154.    The allegations in ¶ 154 of Plaintiffs' [1] Complaint are denied.

Punitive Damages

155.    To the extent ¶ 155 of Plaintiffs' [1] Complaint contains allegations against Rankin County and/or Sheriff Bailey, same are denied.

156.    In response to ¶ 156 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 156 of Plaintiffs' [1] Complaint are denied.

157.    In response to ¶ 157 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 157 of Plaintiffs' [1] Complaint are denied.

158.    Rankin County and Sheriff Bailey deny any and all allegations against them in ¶ 158 of Plaintiffs' [1] Complaint. These Defendants specifically deny that Plaintiffs are entitled to judgment against them, or that they are liable or indebted to Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever. Further, Rankin County specifically denies that it can be liable for punitive damages under § 1983.

## COUNT VII (Misnumbered VI) – DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C § 1983
### ELWARD, MCALPIN, DEDMON, and DEPUTIES JOHN DOES 1-3
### (Excessive Force – Threats to Kill)

159.    In response to ¶ 159 of Plaintiffs' [1] Complaint, Rankin County and Sheriff Bailey re-allege and restate herein the admissions and/or denials herein.

160.    In response to ¶ 160 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 160 of Plaintiffs' [1] Complaint are denied.

161.    In response to ¶ 161 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 161 of Plaintiffs' [1] Complaint are denied.

162.    In response to ¶ 162 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 162 of Plaintiffs' [1] Complaint are denied.

163.    In response to ¶ 163 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 163 of Plaintiffs' [1] Complaint are denied.

164.    In response to ¶ 164 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 164 of Plaintiffs' [1] Complaint are denied.

165.    The allegations in ¶ 165 of Plaintiffs' [1] Complaint are denied.

<u>Punitive Damages</u>

166.    To the extent ¶ 166 of Plaintiffs' [1] Complaint contains allegations against Rankin County and/or Sheriff Bailey, same are denied.

167.    In response to ¶ 167 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 167 of Plaintiffs' [1] Complaint are denied.

168.    In response to ¶ 168 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 168 of Plaintiffs' [1] Complaint are denied.

169.    Rankin County and Sheriff Bailey deny any and all allegations against them in ¶ 169 of Plaintiffs' [1] Complaint. These Defendants specifically deny that Plaintiffs are entitled to judgment against them, or that they are liable or indebted to Plaintiffs in the

amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever. Further, Rankin County specifically denies that it can be liable for punitive damages under § 1983.

### COUNT VIII (Misnumbered VII) – DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C § 1983
### ELWARD, MCALPIN, DEDMON, and DEPUTIES JOHN DOES 1-3
### (14th Amendment Equal Protection Violation on the Basis of Race)

170.    In response to ¶ 170 of Plaintiffs' [1] Complaint, Rankin County and Sheriff Bailey re-allege and restate herein the admissions and/or denials herein.

171.    In response to ¶ 171 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 171 of Plaintiffs' [1] Complaint are denied.

172.    The allegations in ¶ 172 of Plaintiffs' [1] Complaint are denied.

173.    As ¶ 173 of Plaintiffs' [1] Complaint contains no allegations against these Defendants, they are not required to admit or deny same. To the extent ¶ 173 of Plaintiffs' [1] Complaint contains allegations against these Defendants, same are denied.

174.    In response to ¶ 174 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 174 of Plaintiffs' [1] Complaint are denied.

175.    The allegations in ¶ 175 of Plaintiffs' [1] Complaint are denied.

176.    The allegations in ¶ 176 of Plaintiffs' [1] Complaint are denied.

177.    The allegations in ¶ 177 of Plaintiffs' [1] Complaint are denied.

<u>Punitive Damages</u>

178.    To the extent ¶ 178 of Plaintiffs' [1] Complaint contains allegations against Rankin County and/or Sheriff Bailey, same are denied.

179.    In response to ¶ 179 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 179 of Plaintiffs' [1] Complaint are denied.

180.    In response to ¶ 180 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 180 of Plaintiffs' [1] Complaint are denied.

181.    Rankin County and Sheriff Bailey deny any and all allegations against them in ¶ 181 of Plaintiffs' [1] Complaint. These Defendants specifically deny that Plaintiffs are entitled to judgment against them, or that they are liable or indebted to Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever. Further, Rankin County specifically denies that it can be liable for punitive damages under § 1983.

**COUNT IX (Misnumbered VIII) – DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C § 1983
ELWARD, MCALPIN, DEDMON, and DEPUTIES JOHN DOES 1-3
(Failure to Intervene)**

182.    In response to ¶ 182 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the

incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 182 of Plaintiffs' [1] Complaint are denied.

183.    In response to ¶ 183 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 183 of Plaintiffs' [1] Complaint are denied.

184.    In response to ¶ 184 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 184 of Plaintiffs' [1] Complaint are denied.

185.    In response to ¶ 185 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 185 of Plaintiffs' [1] Complaint are denied.

186.    The allegations in ¶ 186 of Plaintiffs' [1] Complaint are denied.

187.    The allegations in ¶ 187 of Plaintiffs' [1] Complaint are denied.

188.    The allegations in ¶ 188 of Plaintiffs' [1] Complaint are denied.

<u>Punitive Damages</u>

189.    To the extent ¶ 189 of Plaintiffs' [1] Complaint contains allegations against Rankin County and/or Sheriff Bailey, same are denied.

190.    In response to ¶ 190 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the

incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 190 of Plaintiffs' [1] Complaint are denied.

191.    In response to ¶ 191 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 191 of Plaintiffs' [1] Complaint are denied.

192.    In response to ¶ 192 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 192 of Plaintiffs' [1] Complaint are denied.

193.    Rankin County and Sheriff Bailey deny any and all allegations against them in ¶ 193 of Plaintiffs' [1] Complaint. These Defendants specifically deny that Plaintiffs are entitled to judgment against them, or that they are liable or indebted to Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever. Further, Rankin County specifically denies that it can be liable for punitive damages under § 1983.

### COUNT X (Misnumbered IX)
### 42 U.S.C § 1983 – FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE
### SHERIFF BRYAN BAILEY

194.    In response to ¶ 194 of Plaintiffs' [1] Complaint, Rankin County and Sheriff Bailey re-allege and restate herein the admissions and/or denials herein.

195.    The allegations in ¶ 195 of Plaintiffs' [1] Complaint are denied. These Defendants specifically allege in response to ¶ 195 of Plaintiffs' [1] Complaint that all former

deputies at issue were trained in accordance with the standards required by the Mississippi Board on Law Enforcement Officer Standards and Training. **Exhibit 1**.

196.    The allegations in ¶ 196 of Plaintiffs' [1] Complaint are denied.

197.    The allegations in ¶ 197 of Plaintiffs' [1] Complaint are denied.

198.    The allegations in ¶ 198 of Plaintiffs' [1] Complaint are denied.

Ratification

199.    The allegations in ¶ 199 of Plaintiffs' [1] Complaint are denied.

200.    The allegations in ¶ 200 of Plaintiffs' [1] Complaint are denied.

201.    The allegations in ¶ 201 of Plaintiffs' [1] Complaint are denied.

202.    The allegations in ¶ 202 of Plaintiffs' [1] Complaint are denied.

203.    Rankin County and Sheriff Bailey deny any and all allegations against them in ¶ 203 of Plaintiffs' [1] Complaint. These Defendants specifically deny that Plaintiffs are entitled to judgment against them, or that they are liable or indebted to Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever.

**COUNT XI (Misnumbered X)**<br>**42 U.S.C § 1983 – MUNICIPAL LIABILITY FOR**<br>**UNCONSTITUIONAL CUSTOM, PRACTICE, OR POLICY**<br>**RANKIN COUNTY**

204.    In response to ¶ 204 of Plaintiffs' [1] Complaint, Rankin County and Sheriff Bailey re-allege and restate herein the admissions and/or denials herein.

205.    The allegations in ¶ 205 of Plaintiffs' [1] Complaint are denied. These Defendants specifically allege in response to ¶ 205 of Plaintiffs' [1] Complaint that the

policies and procedures of the Rankin County Sheriff's Department at issue attached hereto as **Exhibit 2** are all facially constitutional.

206.    The allegations in ¶ 206 of Plaintiffs' [1] Complaint are denied.

207.    The allegations in ¶ 207 of Plaintiffs' [1] Complaint are denied.

208.    Rankin County and Sheriff Bailey deny any and all allegations against them in ¶ 208 of Plaintiffs' [1] Complaint. These Defendants specifically deny that Plaintiffs are entitled to judgment against them, or that they are liable or indebted to Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever.

**COUNT XII (Misnumbered XI)**
**<u>FALSE IMPRISONMENT</u>**
**ELWARD, MCALPIN, DEDMON, and DEPUTIES JOHN DOES 1-3**

209.    In response to ¶ 209 of Plaintiffs' [1] Complaint, Rankin County and Sheriff Bailey re-allege and restate herein the admissions and/or denials herein.

210.    In response to ¶ 210 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 210 of Plaintiffs' [1] Complaint are denied.

211.    In response to ¶ 211 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 211 of Plaintiffs' [1] Complaint are denied.

212.    In response to ¶ 212 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 212 of Plaintiffs' [1] Complaint are denied.

213.    The allegations in ¶ 213 of Plaintiffs' [1] Complaint are denied.

214.    The allegations in ¶ 214 of Plaintiffs' [1] Complaint are denied.

215.    Rankin County and Sheriff Bailey deny any and all allegations against them in ¶ 215 of Plaintiffs' [1] Complaint. These Defendants specifically deny that Plaintiffs are entitled to judgment against them, or that they are liable or indebted to Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever.

### COUNT XIII (Misnumbered XII)
### <u>ASSAULT AND BATTERY</u>
### ELWARD, MCALPIN, DEDMON, and DEPUTIES JOHN DOES 1-3

216.    In response to ¶ 216 of Plaintiffs' [1] Complaint, Rankin County and Sheriff Bailey re-allege and restate herein the admissions and/or denials herein.

217.    In response to ¶ 217 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 217 of Plaintiffs' [1] Complaint are denied.

218.    In response to ¶ 218 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the

incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 218 of Plaintiffs' [1] Complaint are denied.

219.    In response to ¶ 219 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 219 of Plaintiffs' [1] Complaint are denied.

220.    Rankin County and Sheriff Bailey deny any and all allegations against them in ¶ 220 of Plaintiffs' [1] Complaint. These Defendants specifically deny that Plaintiffs are entitled to judgment against them, or that they are liable or indebted to Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever.

**COUNT XIV (Misnumbered XIII)**
**<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**
**ELWARD, MCALPIN, DEDMON, and DEPUTIES JOHN DOES 1-3**

221.    In response to ¶ 221 of Plaintiffs' [1] Complaint, Rankin County and Sheriff Bailey re-allege and restate herein the admissions and/or denials herein.

222.    In response to ¶ 222 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 222 of Plaintiffs' [1] Complaint are denied.

223.    In response to ¶ 223 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the

incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 223 of Plaintiffs' [1] Complaint are denied.

224.    In response to ¶ 224 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 224 of Plaintiffs' [1] Complaint are denied.

225.    In response to ¶ 225 of Plaintiffs' [1] Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 225 of Plaintiffs' [1] Complaint are denied.

226.    The allegations in ¶ 226 of Plaintiffs' [1] Complaint are denied.

227.    Rankin County and Sheriff Bailey deny any and all allegations against them in ¶ 227 of Plaintiffs' [1] Complaint. These Defendants specifically deny that Plaintiffs are entitled to judgment against them, or that they are liable or indebted to Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever.

## **JURY TRIAL DEMANDED**

228.    As there are no allegations against these Defendants in ¶ 228 of Plaintiffs' [1] Complaint, they are not required to admit or deny same. To the extent there are any allegations against these Defendants in ¶ 228 of Plaintiffs' [1] Complaint, same are denied. These Defendants specifically deny that Plaintiffs are entitled to a jury trial on any MTCA claims.

**AND NOW,** having fully addressed the numbered paragraphs of Plaintiffs' [1] Complaint, and having denied any and all liability herein, Defendants Rankin County and Sheriff Bailey set forth the following Special Affirmative Matters.

**FIRST AFFIRMATIVE DEFENSE**

Individual Defendant Sheriff Bryan Bailey is entitled to qualified immunity, and Rankin County and Sheriff Bailey are entitled to sovereign immunity, from suit and/or liability herein. These Defendants are entitled to and hereby assert all rights, privileges, and immunities otherwise available to governmental or state actors.

**SECOND AFFIRMATIVE DEFENSE**

Rankin County is immune from punitive damages liability.

**THIRD AFFIRMATIVE DEFENSE**

To the extent Plaintiffs' [1] Complaint purports to state a claim actionable under the procedural vehicle of 42 U.S.C. § 1983 or pursuant to the MTCA or any state law claims, it fails to state a claim upon which relief can be granted against the Ranking County and Sheriff Bailey and should be dismissed with prejudice.

**FOURTH AFFIRMATIVE DEFENSE**

These Defendants acted in good faith reliance upon then existent law at all times complained of in Plaintiffs' [1] Complaint, and are therefore entitled to immunity or a special good faith defense.

**FIFTH AFFIRMATIVE DEFENSE**

These Defendants possess immunity to Plaintiffs and specifically assert all rights, defenses, privileges, and immunities available unto them under applicable state and federal law. These Defendants further invoke and assert all rights, privileges, and immunities

available unto them as set forth in the United States Constitution and/or Mississippi Constitution and supporting / interpretive federal or state common law.

## SIXTH AFFIRMATIVE DEFENSE

To the extent, if any, Plaintiffs' [1] Complaint purports to state a cause of action against these Defendants based upon any state law theory, they Defendants possess sovereign immunity pursuant to and as set forth in MISS. CODE ANN. § 11-46-1 *et seq*. by virtue of the performance of an inherently governmental and public function for which immunity has been recognized, historically, at common law.

## SEVENTH AFFIRMATIVE DEFENSE

These Defendants complied with all applicable standards of care.

## EIGHTH AFFIRMATIVE DEFENSE

At all times complained of, Rankin County and Sheriff Bailey acted in good faith, without malice, without reckless disregard, without deliberate indifference, without retaliatory motive, without injurious intent, without evil motive, and in compliance with the applicable legal standards, and are guilty of no wrongful or tortious conduct.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' [1] Complaint, with amendments, if any, seeks any award or assessment of punitive damages against these Defendants, such award would be contrary to law, and would violate the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Further, and more specifically, awarding and/or assessment of punitive damages would violate Article 3, § 28 of the Constitution of the State of Mississippi, as well as the Eighth Amendment to the Constitution of the United States, both of which prohibit the imposition of excessive fines.

Further, awarding and/or assessment of punitive damages would violate the Fifth and Fourteenth Amendments to the United States Constitution and/or Article 3, § 14 of the Mississippi Constitution, all of which guarantee unto the citizenry due process of law.

Additionally, any claim for punitive damages of, from, or against Rankin County is barred by Miss. Code Ann. § 11-46-15, and/or federal common law.

Also, standards, procedures, and criteria utilized in the judicial decisional process with regard to the awarding and/or assessment of punitive damages are impermissibly vague, arbitrary, and inconsistent, and are therefore, void and otherwise contrary to the principles established by the United States Constitution and Mississippi Constitution.

## TENTH AFFIRMATIVE DEFENSE

Sheriff Bailey would show that the factual allegations of Plaintiffs' [1] Complaint and the conduct complained of against him do not violate any clearly established statutory or constitutional rights of Plaintiffs, determined by the standard of objective reasonableness measured by reference to clearly established law. Further, Rankin County and/or Sheriff Bailey are not guilty of any deliberate abuse of inherently governmental power, but rather, had probable cause and lawful penological justification for all actions undertaken by them.

## ELEVENTH AFFIRMATIVE DEFENSE

No action or inaction on the part of Rankin County and/or Sheriff Bailey proximately caused any harm, loss, or deprivation to Plaintiffs. At all times complained of, these Defendants acted both reasonably and prudently and in the exercise of legitimate and lawful justification. Further, these Defendants' conduct, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1983.

## TWELFTH AFFIRMATIVE DEFENSE

Alternatively, any damage, loss, or deprivation to Plaintiffs was not proximately caused by any official policy, practice, or custom of Rankin County, Mississippi. Plaintiffs' alleged losses, damages, and/or deprivations were not the proximate result of the execution of any official governmental policy, custom or practice attributable to Rankin County and/or Sheriff Bailey.

## THIRTEENTH AFFIRMATIVE DEFENSE

These Defendants fulfilled any and all legal duties owed by them, if any, to Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have no right to a jury trial on any state law claims against Rankin County.

## FIFTEENTH AFFIRMATIVE DEFENSE

These Defendants invoke and assert all protections, defenses, limitations, and caps set forth in the MTCA and the Mississippi Tort Reform Act, as codified in the Mississippi Code.

## SIXTEENTH AFFIRMATIVE DEFENSE

These Defendants cannot be held liable pursuant to § 1983 under principles of agency or *respondeat superior* for the actions or omissions of any other party or non-party herein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, losses, and/or injuries are the proximate result of their own actions and/or omissions, or those of other persons for whom Rankin County and/or Sheriff Bailey are neither liable nor responsible. Plaintiffs' recovery, if any, should be barred or alternatively, reduced under principles of comparative fault. Further, these Defendants affirmatively assert and invoke all defenses and rights available to them as set forth in MISS. CODE ANN. § 85-5-7 and § 11-1-65.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' [1] Complaint fails to specifically and/or appropriately plead that they are entitled to relief against Rankin County and/or Sheriff Bailey pursuant to FED. R. CIV. P. 8, and accordingly, should be dismissed.

## NINETEENTH AFFIRMATIVE DEFENSE

These Defendants reserve the right to plead and hereby specifically assert, to the extent applicable and justified pursuant to the facts of this case, the affirmative defenses of contributory negligence, discharge in bankruptcy, estoppel, release, res judicata, statute of limitations and waiver.

**WHEREFORE, PREMISES CONSIDERED,** Defendants Rankin County, Mississippi and Sheriff Bryan Bailey, in his official and individual capacities, deny that Plaintiffs are entitled to any relief whatsoever, and respectfully request Plaintiffs' [1] Complaint and this civil action be dismissed with prejudice, together with such other relief as this Court deems proper.

**RESPECTFULLY SUBMITTED,** this 6th day of October, 2023.

**RANKIN COUNTY, MISSISSIPPI & SHERIFF
BRYAN BAILEY, IN HIS OFFICIAL AND
INDIVIDUAL CAPACITIES – Defendants**

**BY:**     _/s/  Jason E. Dare_____
             **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@bislawyers.com
BIGGS, INGRAM & SOLOP, PLLC
Post Office Box 14028
Jackson, Mississippi  39236-4028
Telephone:    (601) 987-5307
Facsimile:    (601) 987-5307