**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MICHAEL COREY JENKINS, et al.**                                                                   **PLAINTIFFS**

**v.**                                                                            **CAUSE NO. 3:23cv374-DPJ-FKB**

**RANKIN COUNTY, MISSISSIPPI, et al.**                                                         **DEFENDANTS**

**REPLY TO PLAINTIFFS' [15] RESPONSE TO [12] MOTION FOR JUDGMENT ON THE PLEADINGS PREMISED, IN PART, ON QUALIFIED IMMUNITY**

**NOW COME** Defendants, Rankin County, Mississippi and Sheriff Bryan Bailey, in his individual and official capacities, by and through counsel, and in support of their Motion for Judgment on the Pleadings brought pursuant to FED. R. CIV. P. 12(c), state as follows:

1. **Sheriff Bailey is entitled to qualified immunity**.

The Court's analysis of whether Sheriff Bailey is entitled to qualified immunity at this stage must focus on the allegations against Sheriff Bailey and not the claims against the five former Rankin County deputies. In both the pleadings before this Court and with the news media,[1] Plaintiffs allege only conclusory allegations against Sheriff Bailey that have no factual basis. Accordingly, Sheriff Bailey is entitled to qualified immunity at the pleadings stage.

Sheriff Bailey is entitled to qualified immunity unless Plaintiffs plead factual allegations sufficient to overcome qualified immunity, *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022), which "involves answering two questions: (1) whether [Sheriff Bailey] violated a constitutional right, and (2) whether the right at issue was clearly established at the time of the alleged misconduct." *Parker v. LeBlanc*, 73 F.4th 400, 406-07 (5th Cir. 2023)

---

[1] *See* https://www.cbsnews.com/news/goon-squad-mississippi-sheriff-bryan-bailey-liability-torture-2-black-men-michael-corey-jenkins-eddie-terrell-parker/; *see also* Miss. R. Prof'l Conduct 3.6

(internal quotations and citations omitted). Further, Plaintiffs "must survive [a] motion to dismiss [premised on QI] without *any* discovery." *Carswell*, 54 F.4th at 311 (emphasis in original).

Plaintiffs' "complaint must be dismissed if it fails to plead facts allowing the reasonable inference that [Sheriff Bailey] is liable for the alleged misconduct." *LaVergne v. Stutes*, 82 F.4th 433, 2023 U.S. App. LEXIS 25319, at *3 (5th Cir. Sept. 25, 2023) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even though this Court must "accept well-pled facts as true and in a light favoring the plaintiff, [it must] not accept 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *LaVergne*, 2023 U.S. App. LEXIS 25319, at *3-*4 (quoting *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020)).

  a. Failure to Train / Failure to Supervise

In their [15] Memorandum, Plaintiffs point to only two paragraphs of their [1] Complaint in support of their failure to train and/or failure to supervise claims, those being:

> 195.  Defendant SHERIFF BRYAN BAILEY acted negligently, carelessly, recklessly, and with deliberate indifference to the safety and constitutional rights of the Plaintiffs and the citizens of the State of Mississippi by failing to properly train, supervise, control, direct, monitor, and discipline its officers in their duties and responsibilities.
>
> 198.  Defendant SHERIFF BAILEY had actual and/or constructive knowledge before this ordeal that its officer /employees were imprisoning persons without probable cause, seizing citizens without justification and using excessive force, and using torture tactics while violating the U.S. Constitution.

[1] Complaint, pgs. 41-42. Merely alleging that Sheriff Bailey "acted negligently, carelessly, recklessly, and with deliberate indifference to the safety and constitutional rights of the Plaintiffs" amounts to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which do not meet federal pleading standards sufficient to

overcome qualified immunity. *Williams v. City of Jackson*, No. 3:20cv785-DPJ-FKB, 2022 U.S. Dist. LEXIS 178486, at *8 (S.D. Miss. Sep. 30, 2022) (quoting *Iqbal*, 556 U.S. at 678). And alleging that Sheriff Bailey had subjective knowledge, without any factual support, are the type of conclusory allegations that are repeatedly held insufficient pursuant to Rule 8 standards in this jurisdiction. *See Wesdem, L.L.C. v. Ill. Tool Works, Inc.*, 70 F.4th 285, 292 (5th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678) (Holding that allegation of knowledge is conclusory where "unadorned" and "devoid of further factual enhancement."); *Villarreal v. City of Laredo*, 44 F.4th 363, 386-88 (5th Cir. 2022) *vacated on reh'g en banc*, 52 F.4th 265 (5th Cir. 2022); *Williams*, 2022 U.S. Dist. LEXIS 178486, at *15. Because Plaintiffs have not alleged any facts to support a claim where the requisite knowledge possessed by Sheriff Bailey prior to the incident at issue is an element, this Defendant is entitled to qualified immunity on Plaintiffs' failure to train and failure to supervise claims.

Plaintiffs take exception to this Defendant arguing that only a failure to "properly" train and/or supervise is alleged – *i.e.*, a complete lack of training and/or supervision is not alleged.[2] This distinction was made by Defendant to show that Plaintiffs do not allege a single-incident exception for deliberate indifference, which "is generally reserved for those cases in which the government actor was provided *no training whatsoever.*" *Henderson v. Harris County*, 51 F.4th 125, 131 (5th Cir. 2022) (citation omitted) (emphasis in original). Through their arguments, Plaintiffs appear to concede that they will not proceed under a single-incident exception theory.

---

[2] *See* [15] Memorandum, pgs. 10-11 ("Apparently, defendants are of the opinion that since plaintiffs alleged that the deputies were not properly trained as opposed to not being trained at all, their complaint should be dismissed.")

Finally, Plaintiffs argue that the three (3) prior incidents alleged in their [1] Complaint, which occurred over a 13-year period, are sufficient to defeat qualified immunity under a pattern theory of deliberate indifference. Their only argument here is that the case cited by Sheriff Bailey – *Davidson v. City of Stafford*, 848 F.3d 384 (5th Cir. 2017) – analyzed qualified immunity under Rule 56 standards and not Rule 12(c) standards. [15] Memorandum, pg. 11. Plaintiffs make no argument that the three prior cases over a 13-year period were similar to the allegations in their [1] Complaint. They further fail to make any argument that the three prior cases over a 13-year period were sufficient in number and/or close enough in time to the January 24, 2023 incident to show deliberate indifference.[3] Finally, they fail to cite any binding legal precedent that would have put Sheriff Bailey on notice that his conduct violated the clearly established constitutional rights of Plaintiffs. *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018).

For all of the foregoing reasons, Sheriff Bailey is entitled to qualified immunity from Plaintiffs' failure to train and failure to supervise claims.

 b. <u>Ratification</u>

It is uncontested that Sheriff Bailey did not witness the former five former deputies commit the acts alleged in the [1] Complaint, and Plaintiffs do not allege more than conclusory allegations that Sheriff Bailey had the requisite knowledge of any violation of Plaintiffs' constitutional rights. Further, Plaintiffs allege in their [1] Complaint that investigation into this incident was turned over to the Mississippi Bureau of Investigation, *Id.* at ¶¶ 38, 62, and that Sheriff Bailey pledged "to hold his officers accountable if there was

---

[3] *See Davidson*, 848 F.3d at 396 ("A pattern requires similarity, specificity, and sufficiently numerous prior incidents.").

wrongdoing by his deputies found in this ordeal." *Id.* at ¶ 200. Finally, it is uncontested that the five former deputies "were criminally indicted and pled guilty to multiple felonies." [15] Memorandum, pg. 1. Despite these facts, Plaintiffs argue that Sheriff Bailey is not entitled to qualified immunity under a ratification theory because he failed to terminate the five former deputies sooner. *Id.*, pg. 12.

Plaintiffs have not pled any facts to support a ratification theory against Sheriff Bailey. Moreover, the Fifth Circuit held that it "lack[s] caselaw on how a municipality might 'ratify' the use of excessive force," *Allen v. Hays*, 65 F.4th 736, 750 (5th Cir. 2023), and Plaintiffs fail to cite any legal precedent showing that Sheriff Bailey's conduct post-incident was clearly unlawful. For these reasons, Sheriff Bailey is entitled to qualified immunity from Plaintiffs' ratification claim.

2. **Plaintiffs' *Monell* claims against Rankin County should be dismissed**.

In opposition to Rankin County's [12] Motion, Plaintiffs first argue that the Court should not consider the policies and procedures attached to this Defendant's [11] Answer, *see* [11-2]. Under Rule 12(b)(6) standards, the Court may consider the contents of the complaint and attachments, as well as documents attached to the motion to dismiss provided that "the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The policies at issue were attached to the [11] Answer and are directly referred to in the pleadings. *See* [1] Complaint, ¶ 205 ("RANKIN CO. … knowingly maintained, enforced and applied an official recognized … **policy** ….") (emphasis added); ¶ 206 ("By reason of the aforementioned **policies** … by RANKIN CO.") (emphasis added); *see also* [15] Memorandum, pg. 13. Moreover, unless Plaintiffs abandon their claims premised on the actual policies of

5

the Rankin County Sheriff's Department, these policies would appear to be central to Plaintiffs' claims against this Defendant.

    a. <u>Failure to Train / Failure to Supervise</u>

Plaintiffs make no argument in support of any failure to train and/or failure to supervise claim against Rankin County. These claims against Rankin County should be deemed abandoned and dismissed accordingly. *Mitchell v. Brown*, No. 3:20cv798-CWR-FKB, 2022 U.S. Dist. LEXIS 240959, at *10 (S.D. Miss. July 26, 2022) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)). Alternatively, any failure to train and/or supervise claim against Rankin County, if any, should be dismissed based on the arguments in Rankin County's [12] Motion.

    b. <u>Ratification</u>

Similar to their ratification claim against Sheriff Bailey, Plaintiffs' ratification claim against Rankin County falls short of Rule 8 pleading standards requiring specific, non-conclusory facts to be alleged. Under *Monell*, Rankin County cannot be vicariously liable for the acts of the five former deputies. It can, however, be liable under a ratification theory where a "policymaker ratified what it knew at the time to be unconstitutional conduct." *Carr v. City of Spring Valley Vill.*, No. 19-20373, 2022 U.S. App. LEXIS 13307, at *17-18 (5th Cir. May 17, 2022) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (1992) ("finding that allegations that a municipality declined to punish an officer's conduct do not establish unconstitutional ratification") (additional citations omitted).

The only additional fact that Plaintiffs allege against Rankin County in support of a ratification theory comes from ¶ 16 of the [1] Complaint, in which it is alleged as follows:

> 16. The Rankin County Deputies would intentionally de-activate their body camera equipment prior to this ordeal, and upon its conclusion, the six Rankin

6

> County Deputies involved would steal from the property in question video computer equipment that recorded a critical portion of this ordeal. Rankin County has possession of such stolen equipment.

*Id.*[4] But with this single alleged act, Plaintiffs still have not alleged that the policymaker – *i.e.*, Sheriff Bailey – had possession of any stolen equipment or that Rankin County had the requisite knowledge of a pattern of similar abuses resulting from a lax disciplinary policy. *Piotrowski v. City of Houston*, 237 F.3d 567, 582 (5th Cir. 2001). Accordingly, Plaintiffs have failed to plead a *Monell* claim against Rankin County with specific, non-conclusory allegations sufficient to defeat a Rule 12(c) motion and all federal claims against this Defendant should be dismissed.

3. **Plaintiffs concede the dismissal of official capacity claims**.

Defendants properly moved to dismiss all official capacity claims as redundant of Plaintiffs' claims against Rankin County. Plaintiffs concede that the official capacity claims against Sheriff Bailey brought under § 1983 should be dismissed. [15] Memorandum, pg. 15 n. 2. They make no other argument related to the official capacity claims in response to Defendants' [12] Motion, thus have abandoned all remaining official capacity claims. *See Mitchell supra*. For these reasons, all official capacity claims should be dismissed.

4. **Plaintiffs cannot maintain state law claims against Rankin County or Sheriff Bailey, in his individual capacity, under the MTCA**.

In response to Defendants' [12] Motion, Plaintiffs concede that their state law claims against Rankin County and/or Sheriff Bailey, in his individual capacity, are brought pursuant to the Mississippi Tort Claims Act ("MTCA"). Sheriff Bailey is not alleged to have acted outside

---

[4] To the extent that Plaintiffs allege that Rankin County is in actual possession of the stolen item(s), the factual contentions have no evidentiary support and are not likely to have evidentiary support pursuant to FED. R. CIV. P. 11(b).

7

the course and scope of his employment with Rankin County. Accordingly, he is entitled to immunity in his individual capacity and the state law claims against him should be dismissed. MISS. CODE ANN. § 11-46-7(2) ("[N]o employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties.").

Plaintiffs maintain that their state law claims against Rankin County are for the alleged acts or omissions of Sheriff Bailey, committed within the course and scope of his employment. More specifically, they allege that a "reckless disregard standard" established by Sheriff Bailey's failure to re-train and reprimand / terminate these former deputies make Rankin County liable under the MTCA. These claims are not cognizable under the MTCA.

Nothing in the Complaint even remotely suggests that Sheriff Bailey had reason to suspect that the former deputies would conceive of, much less perform, the criminal acts of breaking and entering, kidnapping, assault / battery, and/or attempted murder (among others). It does not bear even a minute's consideration that such criminal acts could be within the course and scope of the former deputies' employment or duties as law enforcement personnel. In both the [1] Complaint and in response to the [12] Motion, Plaintiffs fail to allege or even insinuate that Sheriff Bailey was present during and/or participated in the criminal acts perpetrated against the Plaintiffs. Only through conclusory allegations do they allege that Sheriff Bailey had knowledge of the criminal acts after the fact.

Yet, Plaintiffs mis-read MISS. CODE ANN. § 11-46-9(1)(c) to argue that Sheriff Bailey created a "reckless disregard standard" and therefore can be liable under MTCA's limited waiver of sovereign immunity. *See* [15] Memorandum, pg. 16. The police protection exemption under § 11-46-9(1)(c) reads in pertinent part as follows:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:

8

> ...
> (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police ... protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury[.]

Sheriff Bailey was not present during the incident at issue and is not alleged to have had knowledge that any deputy was present at the location where the criminal acts complained of occurred. Thus, he could not have acted in reckless disregard of the safety and well-being of Plaintiffs[5] at the time of injury.

Conversely, the criminal acts pleaded against the former deputies for the date of January 24, 2023, were *not* within the course and scope of their employment. Plaintiffs' allegations of breaking and entering, kidnapping, attempted murder, assault and battery, torture, and racial abuse are recognized even by laypersons as criminal. All acts allegedly undertaken by the former deputies are criminal offenses other than traffic violations, thus fall outside the course and scope of the former deputies' employment with Rankin County. *See Univ. of Miss. Med. Ctr. v. Oliver*, 235 So. 3d 75, 81 (¶ 24) (Miss. 2017) (quoting MISS. CODE ANN. § 11-46-5(2)).

The "reckless disregard" exception on which Plaintiffs rely to oppose Defendants' Motion *only* has application when a public employee is "engaged in the performance or execution of duties or activities relating to police ... protection" but then carries out such duties in a reckless manner. Here, the deputy defendants were themselves alleged to be engaged in criminal activity, which is obviously not "police protection". Comparing the

---

[5] Plaintiffs allege that Rankin County and Sheriff Bailey acted in "[r]eckless disregard for the rights of the plaintiffs and **the citizens in general**." [15] Memorandum, pg. 16 (emphasis added). They are not, however, authorized to bring this action on behalf of other individuals.

allegations of the [1] Complaint to the plain language of § 11-46-9(1)(c), that statute cannot be invoked by Plaintiffs to save their Complaint from being dismissed, because it pleads no claims against Rankin County that are viable under the MTCA.

Finally, Plaintiffs misinterpret *Jackson v. Payne*, 922 So. 2d 48 (Miss. App. 2006) to hold that MISS. CODE ANN. § 19-25-19 creates liability for the Sheriff. The holding in *Jackson*, however, makes clear that the sheriff's liability for the acts of deputies must still be within the waivers of sovereign immunity enacted under the MTCA. As stated therein by the Court of Appeals: "Jackson goes further to state that [§ 19-25-19] is a waiver of immunity by the sheriff and therefore MTCA is not applicable. However, we disagree." *Jackson*, 922 So. 2d at 51 (¶ 6). Because Plaintiffs bring their claims under the MTCA, any distinction between § 19-25-19 and the MTCA is a distinction without difference, and liability to Rankin County, whether for the acts of Sheriff Bailey or the acts of the former deputies, must be within the MTCA's limited waivers of sovereign immunity. None apply in this case, including the exception for "reckless disregard" in § 11-46-9(1)(c).

Defendants do not waive and specifically re-assert their right to immunity pursuant to MISS. CODE ANN. § 11-46-9(1)(d) & (g). *See* [11] Answer, Second Defense. Because these were not argued in Defendants' [12] Motion, they will file a supplemental motion to address the issues.

5. **Conclusion**

For the above-mentioned reasons, as well as all legal precedent and analysis in their [12] Motion and [13] Memorandum, Rankin County and Sheriff Bailey, in his individual and official capacities, are entitled to judgment in their favor on all claims against them and respectfully request that any and all claims against them be dismissed.

**RESPECTFULLY SUBMITTED,** this 27th day of October, 2023.

                                              **RANKIN COUNTY, MISSISSIPPI & SHERIFF BRYAN BAILEY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES - DEFENDANTS**

                                              **BY:**   */s/ Jason E. Dare*
                                                            **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@bislawyers.com
BIGGS, INGRAM & SOLOP, PLLC
Post Office Box 14028
Jackson, Mississippi  39236-4028
Telephone:   (601) 987-5307
Facsimile:    (601) 987-5307