IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MICHAEL COREY JENKINS, et al.**                                                          **PLAINTIFFS**

**v.**                                                                              **CAUSE NO. 3:23cv374-DPJ-FKB**

**RANKIN COUNTY, MISSISSIPPI, et al.**                                                    **DEFENDANTS**

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF
SUPPLEMENTAL MOTION FOR JUDGMENT ON THE PLEADINGS**

**NOW COMES** Defendant, Rankin County, Mississippi, by and through counsel, and in support of its Supplemental Motion for Judgment on the Pleadings, states as follows:

I. **INTRODUCTION**

Rankin County and Sheriff Bailey, in his individual and official capacities, moved for judgment on the pleadings on October 6, 2023. *See* [12] Motion. In their [13] Response, Plaintiffs argued that Rankin County could be liable under the MTCA for the actions of Sheriff Bailey related to his training and supervision of deputies, as well as other employment related decisions. Although these claims were not readily apparent in Plaintiffs' [1] Complaint, Rankin County moves to dismiss these claims pursuant to MISS. CODE ANN. § 11-46-9(1)(d) & (g).

II. **LEGAL PRECEDENT & ANALYSIS**

The MTCA provides that "[a] governmental entity … shall not be liable for any claim … [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity … whether or not the discretion be abused." MISS. CODE ANN. § 11-46-9(1)(d). In analyzing "whether governmental entities and their employees are entitled to discretionary function immunity, Mississippi

courts apply the 'public policy function test,' also known as the '*Wilcher*' test. *J.W. v. City of Jackson*, No. 3:21cv663-CWR-LGI, 2023 U.S. Dist. LEXIS 50424, at *109-10 (S.D. Miss. Mar. 23, 2023) (citation omitted). This two-step test first requires a determination of "whether the activity in question involved an element of choice or judgment…"; then second "whether that choice or judgment involved social, economic, or political-policy considerations." *Id.* Allegations of "negligent hiring, training, or supervising" of law enforcement officers has long been held to fall under the discretionary function exemption. *Hawkins v. City of Lexington*, No. 3:19cv606-DPJ-FKB, 2021 U.S. Dist. LEXIS 219219, at *20-21 (S.D. Miss. July 9, 2021) (citing *City of Jackson v. Powell*, 917 So. 2d 59, 74 (Miss. 2005) ("The manner in which a police department supervises, disciplines and regulates its police officers is a discretionary function of the government."); *see also City of Clinton v. Tornes*, 252 So. 3d 34, 39-40 (Miss. 2018).

Moreover, under Miss. Code Ann. § 11-46-9(1)(g), governmental entities cannot be liable for "the exercise of discretion in determining … the hiring of personnel…." The Mississippi Supreme Court recognizes that employment decisions are discretionary. *See Levens v. Campbell*, 733 So. 2d 753,764 (1999); *see also Bell v. Mississippi Dept. of Human Services*, 126 So. 3d 999, 1004 (Miss. App. 2013)(decision whether to retain an employee is entirely discretionary); *Patton v. Hinds County Juvenile Det. Ctr.*, No. 3:10cv138-CWR-LRA, 2011 U.S. Dist. LEXIS 77955, at *20 (S.D. Miss. July 18, 2011) ("Employment decisions … are classic discretionary functions … since they require 'personal deliberation, decision and judgment.'") (further citation omitted).

Thus, even if the Complaint alleges that Rankin County should have terminated Bryan Bailey prior to January 24, 2023, or that Sheriff Bailey should have terminated the former

deputies prior to January 24, 2023, or alleges some other state law theory premised on the the manner in which the Rankin County Sheriff's Department hires, supervises, disciplines, and/or regulates its deputies, the MTCA precludes liability for such claims.

Accordingly, any and all such claims against Rankin County should be dismissed.

**RESPECTFULLY SUBMITTED,** this 27th day of October, 2023.

                                       **RANKIN COUNTY, MISSISSIPPI - DEFENDANT**

                              **BY:**    */s/ Jason E. Dare*
                                           **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@bislawyers.com
BIGGS, INGRAM & SOLOP, PLLC
Post Office Box 14028
Jackson, Mississippi  39236-4028
Telephone:   (601) 987-5307
Facsimile:    (601) 987-5307