**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL COREY JENKINS,** *et al.* | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action No.** |
| **v.** | : | **3:23-cv-374-DPJ-FKB** |
| | : | |
| | : | |
| **RANKIN COUNTY, MISSISSIPPI,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

**Introduction**

Prior to filing the instant lawsuit, the plaintiffs in this case were the victims of planned torture by five (5) Rankin County Sheriff's Deputies and one (1) Richland Police Officer. While these law enforcement officers subjected the plaintiffs to all kinds of debasement including threats, sexual assaults with a dildo, and racial mockery, the plaintiffs' were only able to identify three (3) of the offending officers. (Elward, McAlpin and Dedmon). Because of the atrocities committed by these officers, which in addition to those described above, included beatings, multiple tasings, water boarding and culminated with the shooting of plaintiff Jenkins in the mouth, the responsible law enforcement officers were criminally indicted and pled guilty to multiple felonies.

The plaintiffs' filed the instant lawsuit naming Rankin County, Sheriff Bailey, former Deputies Hunter Elward, Brett McAlpin, and Christian Dedmon, along with several John Does as defendants in this case. Since filing their lawsuit, plaintiffs' have identified the three John Does referenced in their original complaint plus one (1) other defendant, and as a result, they are now

seeking to amend their complaint accordingly.

## Argument

F.R.C.P. 15(a)(2) provides in relevant part "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

> The standard for granting leave to amend a civil complaint is very liberal. "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the  part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.--the leave sought should, as the rules require, be 'freely given.'"

*Sweetheart Plastics, Inc., v. Detroit Forming, Inc.*, 743 F.2d 1039, 1043 (4th Cir. 1984) (*citing Foman v. Davis*, 371 U.S. 178, 182, (1962).  The Fifth Circuit views an amendment likewise. "Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005). While leave to amend is not automatic, per se, a district court must possess a "substantial reason" to deny a party's request for leave to amend. *Id.*  "In light of the presumption in favor of allowing pleading amendments, courts of appeals routinely hold that a district court's failure to provide an adequate explanation to support its denial of leave to amend justifies reversal." *Mayeaux v. La. Health Serv. and Indem*. Co., 376 F.3d 420, 426 (5th Cir. 2004).

> Because of the liberal pleading presumption underlying Rule 15(a), we have acknowledged that the term **discretion** in this context may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend . . . [U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial. [citations and internal quotation marks omitted] [emphasis added].

*Dueling v. Devon Energy Corp.*, 623 F. App'x 127 (5th Cir. 2015)

Dueling v. Devon Energy Corp., 623 F. App'x 127, 128-29 (5th Cir. 2015)

      In this case, the plaintiffs always anticipated amending their complaint and made that fact clear in the original complaint itself. There will be no prejudice to anyone as this matter is in its early stages. While Rankin County and Sheriff Bailey have filed a Rule 12 (b) (9) motion to dismiss, even if the court were to grant that motion, although no legal basis exists to do so, "when a court dismisses one or more of a plaintiff's claims pursuant to Rule 12(b)(6), the court should give the plaintiff an opportunity to amend the complaint. See *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).

      Moreover, the only substantive differences between the Complaint and the proposed Amended Complaint are: 1) the proposed identification of the "John Doe" defendants from the original complaint and the addition of the City of Richland, Mississippi as a result of defendant Hartfield being identified.  2) the adding of the claim of Reckless Disregard against Rankin County.  Accordingly, because the proposed defendants to be added clearly had notice of the Complaint which is pending before the Court, and there is absolutely no prejudice that can be identified, no basis exists upon which to disallow plaintiffs' amendment request.

      Wherefore for the reasons set forth herein and in the record of this proceeding, the plaintiffs respectfully request that the Court grant their motion to file the proposed Amended Complaint that is appended hereto as Exhibit 1.


                  Respectfully submitted on 11/20/ 2023 by:

/s/MALIK SHABAZZ, Esq.
**ATTORNEY FOR PLAINTIFF**
The Law Office of Malik Shabazz, Esq.
D.C. Bar #
458434 6305
Ivy Lane,
Suite 608
Greenbelt, MD 20770
Email:Attorney.shabazz@yahoo.co
m Tel: (301) 513-5445
Fax: (301) 513-5447


/s/ TRENT L. WALKER
 **BY: TRENT L. WALKER, M.S.B.
#10475**
**ATTORNEY FOR PLAINTIFF**

OF COUNSEL:
TRENT WALKER, COUNSELOR AT
LAW, PLLC
5255 KEELE STREET, SUITE A
JACKSON, MISSISSIPPI 39206