**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MICHAEL COREY JENKINS,**                                          **PLAINTIFFS**
**EDDIE TERRELL PARKER**

**v.**                                                    **CAUSE NO. 3:23cv374-DPJ-FKB**

**RANKIN COUNTY, MISSISSIPPI;**
**RANKIN CO. SHERIFF BRYAN BAILEY,**
**Individually, and in his official capacity;**
**CITY OF RICHLAND, MISSISSIPPI;**
**RANKIN CO. DEPUTY HUNTER ELWARD, Individually;**
**RANKIN CO. DEPUTY BRETT MC'ALPIN, Individually;**
**RANKIN CO. DEPUTY CHRISTIAN DEDMON, Individually;**
**RANKIN CO. DEPUTY DANIEL OPDYKE, Individually;**
**RANKIN CO. DEPUTY JEFFREY MIDDLETON, Individually;**
**RICHLAND, MS. DEPUTY JOSHUA HARTFIELD, Individually**          **DEFENDANTS**
_____

**ANSWER AND DEFENSES OF RANKIN COUNTY AND SHERIFF BRYAN BAILEY**
_____

**NOW COME** Defendants, Rankin County, Mississippi and Sheriff Bryan Bailey, in his

individual and official capacities, by and through counsel, and submit this, their Answer and

Defenses in the above styled and numbered cause, in response to the [28] Amended

Complaint filed herein against them, as follows:

**FIRST DEFENSE**

Rankin County and Sheriff Bailey assert and invoke all defenses available to them as

set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual

basis exists or may exist in their favor.

**SECOND DEFENSE**

These Defendants affirmatively assert and invoke all substantive and procedural

defenses available unto them for which a good faith legal and/or factual basis exists or may

exist in their favor pursuant to MISS. CODE ANN. § 11-46-1 *et seq*., specifically including MISS. CODE ANN. § 11-46-5, § 11-46-7, § 11-46-9, § 11-46-11, § 11-46-13, § 11-46-15, and § 11-46-17 as to Plaintiffs' state law claims. To the extent that Plaintiffs' [28] Amended Complaint, or any subsequently filed pleading, may seek a trial by jury on state law claims against these Defendants, they move this Court to strike any such jury demand on the basis that the same is prohibited by the aforesaid statutes.

### THIRD DEFENSE

These Defendants possess sovereign, absolute and/or qualified immunity herein from suit and/or liability and/or damages.

### FOURTH DEFENSE

The [28] Amended Complaint fails to state a claim upon which relief can be granted as to Rankin County and/or Sheriff Bailey.

### FIFTH DEFENSE

These Defendants did not breach any duty owed to Plaintiffs, nor did they violate any right or privilege of Plaintiffs, and are, therefore, not liable in damages.

### SIXTH DEFENSE

At all times complained of herein, Rankin County and Sheriff Bailey acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, without any intent to cause harm, and are not guilty of tortious conduct or omission. The actions taken by these Defendants were taken in good faith and in good faith reliance upon then-existing law.

### SEVENTH DEFENSE

These Defendants committed no act or omission which caused any injury, damage, and/or deprivation to Plaintiffs and they are, therefore, not liable in damages.

**EIGHTH DEFENSE**

Plaintiffs are not entitled to any relief from Rankin County and/or Sheriff Bailey as a matter of law.

**NINTH DEFENSE**

Plaintiffs' alleged injuries or harms were caused, unforeseeably, by persons, forces, or entities for whom / which Rankin County and/or Sheriff Bailey are not liable, such being efficient, intervening, superseding causes, breaking any alleged causative link to these Defendants.

**TENTH DEFENSE**

**NOW COME** Rankin County and Sheriff Bailey, by and through counsel, and state that unless specifically admitted herein, these Defendants deny all allegations of the [28] Amended Complaint.

For answers to the allegations of the [28] Amended Complaint, Rankin County and Sheriff Bailey, in his individual and official capacities, state as follows:

To the extent there are any allegations against these Defendants in the introductory paragraph of Plaintiffs' [28] Amended Complaint, same are denied.

**JURISDICTION AND VENUE**

1.      In response to ¶ 1 of Plaintiffs' [28] Amended Complaint, these Defendants admit that federal question jurisdiction exists herein and that venue is proper with this Court. Except where otherwise specifically admitted herein, the allegations in ¶ 1 of Plaintiff's [28] Amended Complaint are denied.

3

**NOTICE OF CLAIM**

2.      In response to the allegations in ¶ 2 of Plaintiffs' [28] Amended Complaint, these Defendants admit that Plaintiffs sent a document titled "Notice of Claim" and is dated February 16, 2023. Except where otherwise specifically admitted, the allegations in ¶ 2 of Plaintiffs' [28] Amended Complaint are denied.

3.      The allegations in ¶ 3 of Plaintiffs' [28] Amended Complaint are denied.

4.      In response to the allegations in ¶ 4 of Plaintiffs' [28] Amended Complaint, these Defendants admit that Plaintiffs sent a document titled "Notice of Claim" and is dated April 17, 2023. Except where otherwise specifically admitted, the allegations in ¶ 4 of Plaintiffs' [28] Amended Complaint are denied.

**PARTIES**

5.      These Defendants are without specific information or belief to admit or deny the allegations in ¶ 5 of Plaintiffs' [28] Amended Complaint, and accordingly deny same.

6.      These Defendants are without specific information or belief to admit or deny the allegations in ¶ 6 of Plaintiffs' [28] Amended Complaint, and accordingly deny same.

7.      In response to ¶ 7 of Plaintiffs' [28] Amended Complaint, these Defendants admit that Bryan Bailey is the duly elected and acting Sheriff of Rankin County, Mississippi, and that he is subject to and abided by any and all laws, rules, and/or regulations applicable to him. Except where otherwise specifically admitted herein, the allegations in ¶ 7 of Plaintiffs' [28] Amended Complaint are denied.

8.      In response to ¶ 8 of Plaintiffs' [28] Amended Complaint, these Defendants admit that Rankin County, Mississippi is a political subdivision within the State of Mississippi and that it can be vicariously liable for its employees acting within the course and scope of

their employment as defined by the MTCA. Except where otherwise specifically admitted herein, the allegations in ¶ 8 of Plaintiffs' [28] Amended Complaint are denied.

9.      In response to ¶ 9 of Plaintiffs' [28] Amended Complaint, these Defendants admit that Brett McAlpin ("McAlpin") was employed at the Rankin County Sheriff's Department as a Chief Investigator. Except where otherwise specifically admitted herein, the allegations in ¶ 9 of Plaintiffs' [28] Amended Complaint are denied.

10.      In response to ¶ 10 of Plaintiffs' [28] Amended Complaint, these Defendants admit that Jeffrey Middleton ("Middleton") was employed at the Rankin County Sheriff's Department as a Lieutenant. Except where otherwise specifically admitted herein, the allegations in ¶ 10 of Plaintiffs' [28] Amended Complaint are denied.

11.      In response to ¶ 11 of Plaintiffs' [28] Amended Complaint, these Defendants admit that Christian Dedmon ("Dedmon") was employed at the Rankin County Sheriff's Department as an investigator. Except where otherwise specifically admitted herein, the allegations in ¶ 11 of Plaintiffs' [28] Amended Complaint are denied.

12.      In response to ¶ 12 of Plaintiffs' [28] Amended Complaint, these Defendants admit that Hunter Elward ("Elward") was employed at the Rankin County Sheriff's Department as a deputy. Except where otherwise specifically admitted herein, the allegations in ¶ 12 of Plaintiffs' [28] Amended Complaint are denied.

13.      In response to ¶ 13 of Plaintiffs' [28] Amended Complaint, these Defendants admit that Daniel Opdyke ("Opdyke") was employed at the Rankin County Sheriff's Department as a deputy. Except where otherwise specifically admitted herein, the allegations in ¶ 13 of Plaintiffs' [28] Amended Complaint are denied.

14.     As the allegations in ¶ 14 of Plaintiffs' [28] Amended Complaint do not pertain or related to these Defendants, they are not required to admit or deny same.

15.     As the allegations in ¶ 15 of Plaintiffs' [28] Amended Complaint do not pertain or related to these Defendants, they are not required to admit or deny same.

<u>**FACTS RELEVANT TO ALL CLAIMS**</u>

16.     In response to ¶ 16 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the events complained of occurred at 135 Conerly Road in Braxton, Rankin County, Mississippi, a residence believed to be owned by Kristi Walley. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 16 of Plaintiffs' [28] Amended Complaint are denied.

17.     In response to the allegations in ¶ 17 of Plaintiffs' [28] Amended Complaint, these Defendants admit that McAlpin, Middleton, Dedmon, Elward, and/or Opdyke (collectively "the former deputies") have been convicted of various criminal offenses, including but not limited to breaking and entering with the intent to commit an assault, concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 17 of Plaintiffs' [28] Amended Complaint are denied.

18.     These Defendants are without sufficient information and/or belief to admit or deny the allegations in ¶ 18 of Plaintiffs' [28] Amended Complaint, and accordingly, deny same.

19.     These Defendants are without sufficient information and/or belief to admit or deny the allegations in ¶ 19 of Plaintiffs' [28] Amended Complaint, and accordingly, deny same.

20.     In response to the allegations in ¶ 20 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 20 of Plaintiffs' [28] Amended Complaint are denied.

21.     In response to the allegations in ¶ 21 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 21 of Plaintiffs' [28] Amended Complaint are denied.

22.     In response to the allegations in ¶ 22 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 22 of Plaintiffs' [28] Amended Complaint are denied.

23.     In response to the allegations in ¶ 23 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 23 of Plaintiffs' [28] Amended Complaint are denied.

24.     In response to the allegations in ¶ 24 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted

herein, the allegations against Rankin County and Sheriff Bailey in ¶ 24 of Plaintiffs' [28] Amended Complaint are denied.

25.     In response to the allegations in ¶ 25 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 25 of Plaintiffs' [28] Amended Complaint are denied.

26.     In response to the allegations in ¶ 26 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 26 of Plaintiffs' [28] Amended Complaint are denied.

27.     In response to the allegations in ¶ 27 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 27 of Plaintiffs' [28] Amended Complaint are denied.

28.     In response to the allegations in ¶ 28 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 28 of Plaintiffs' [28] Amended Complaint are denied.

29.     In response to the allegations in ¶ 29 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 29 of Plaintiffs' [28] Amended Complaint are denied.

30.     In response to the allegations in ¶ 30 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 30 of Plaintiffs' [28] Amended Complaint are denied.

31.     In response to the allegations in ¶ 31 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 31 of Plaintiffs' [28] Amended Complaint are denied.

32.     In response to the allegations in ¶ 32 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 32 of Plaintiffs' [28] Amended Complaint are denied.

33.     In response to the allegations in ¶ 33 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted

herein, the allegations against Rankin County and Sheriff Bailey in ¶ 33 of Plaintiffs' [28] Amended Complaint are denied.

34.     In response to the allegations in ¶ 34 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 34 of Plaintiffs' [28] Amended Complaint are denied.

35.     In response to the allegations in ¶ 35 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 35 of Plaintiffs' [28] Amended Complaint are denied.

36.     In response to the allegations in ¶ 36 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 36 of Plaintiffs' [28] Amended Complaint are denied.

37.     In response to the allegations in ¶ 37 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 37 of Plaintiffs' [28] Amended Complaint are denied.

38.     In response to the allegations in ¶ 38 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 38 of Plaintiffs' [28] Amended Complaint are denied.

39.     In response to the allegations in ¶ 39 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 39 of Plaintiffs' [28] Amended Complaint are denied.

40.     In response to the allegations in ¶ 40 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 40 of Plaintiffs' [28] Amended Complaint are denied.

41.     In response to the allegations in ¶ 41 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 41 of Plaintiffs' [28] Amended Complaint are denied.

42.     In response to the allegations in ¶ 42 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted

herein, the allegations against Rankin County and Sheriff Bailey in ¶ 42 of Plaintiffs' [28] Amended Complaint are denied.

43.     In response to the allegations in ¶ 43 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 43 of Plaintiffs' [28] Amended Complaint are denied.

44.     In response to the allegations in ¶ 44 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 44 of Plaintiffs' [28] Amended Complaint are denied.

45.     In response to the allegations in ¶ 45 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 45 of Plaintiffs' [28] Amended Complaint are denied.

46.     In response to the allegations in ¶ 46 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 46 of Plaintiffs' [28] Amended Complaint are denied.

47.     In response to the allegations in ¶ 47 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 47 of Plaintiffs' [28] Amended Complaint are denied.

48.     In response to the allegations in ¶ 48 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. These Defendants further admit that Plaintiff Jenkins was shot. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 48 of Plaintiffs' [28] Amended Complaint are denied.

49.     In response to the allegations in ¶ 49 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 49 of Plaintiffs' [28] Amended Complaint are denied.

50.     In response to the allegations in ¶ 50 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 50 of Plaintiffs' [28] Amended Complaint are denied.

51.     In response to the allegations in ¶ 51 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal

offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 51 of Plaintiffs' [28] Amended Complaint are denied.

52.     In response to the allegations in ¶ 52 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 52 of Plaintiffs' [28] Amended Complaint are denied.

53.     In response to the allegations in ¶ 53 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 53 of Plaintiffs' [28] Amended Complaint are denied.

54.     In response to the allegations in ¶ 54 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 54 of Plaintiffs' [28] Amended Complaint are denied.

55.     In response to the allegations in ¶ 55 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 55 of Plaintiffs' [28] Amended Complaint are denied.

56.     In response to the allegations in ¶ 56 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 56 of Plaintiffs' [28] Amended Complaint are denied.

57.     In response to the allegations in ¶ 57 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 57 of Plaintiffs' [28] Amended Complaint are denied.

58.     In response to the allegations in ¶ 58 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 58 of Plaintiffs' [28] Amended Complaint are denied.

59.     In response to the allegations in ¶ 59 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 59 of Plaintiffs' [28] Amended Complaint are denied.

60.     In response to the allegations in ¶ 60 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted

herein, the allegations against Rankin County and Sheriff Bailey in ¶ 60 of Plaintiffs' [28] Amended Complaint are denied.

61.     In response to the allegations in ¶ 61 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 61 of Plaintiffs' [28] Amended Complaint are denied.

62.     In response to the allegations in ¶ 62 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies wrote and submitted reports documenting events different than those alleged herein. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 62 of Plaintiffs' [28] Amended Complaint are denied.

63.     In response to the allegations in ¶ 63 of Plaintiffs' [28] Amended Complaint, these Defendants admit that Elward submitted an affidavit in support of criminal charges against Jenkins. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 63 of Plaintiffs' [28] Amended Complaint are denied.

64.     In response to the allegations in ¶ 64 of Plaintiffs' [28] Amended Complaint, these Defendants admit that Dedmon submitted an affidavit in support of criminal charges against Jenkins. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 64 of Plaintiffs' [28] Amended Complaint are denied.

65.     In response to the allegations in ¶ 65 of Plaintiffs' [28] Amended Complaint, these Defendants admit that Dedmon submitted an affidavit in support of criminal charges

against Jenkins. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 65 of Plaintiffs' [28] Amended Complaint are denied.

66.     In response to the allegations in ¶ 66 of Plaintiffs' [28] Amended Complaint, these Defendants admit that Jenkins was treated at UMMC and that all criminal charges against Jenkins were remanded to file or otherwise dismissed. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 66 of Plaintiffs' [28] Amended Complaint are denied.

67.     In response to the allegations in ¶ 67 of Plaintiffs' [28] Amended Complaint, these Defendants admit that MBI conducted an investigation into the incident at issue, which included interviews of the former deputies. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 67 of Plaintiffs' [28] Amended Complaint are denied.

68.     In response to the allegations in ¶ 68 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 68 of Plaintiffs' [28] Amended Complaint are denied.

69.     In response to the allegations in ¶ 69 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations against Rankin County and Sheriff Bailey in ¶ 69 of Plaintiffs' [28] Amended Complaint are denied.

## FACTS RELEVANT TO MUNICIPAL LIABILITY

### A.    RANKIN COUNTY

70.    In response to the allegations in ¶ 70 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the district court denied Sheriff Bailey's motion for qualified immunity in cause number 3:21-cv-00124-HTW-LGI. Except where otherwise specifically admitted herein, the allegations in ¶ 70 of Plaintiffs' [28] Amended Complaint are denied.

71.    The allegations in ¶ 71 of Plaintiffs' [28] Amended Complaint are denied.

72.    In response to the allegations in ¶ 72 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the district court denied McAlpin's motion for qualified immunity in cause number 3:11-cv-00586-HTW-LRA. Except where otherwise specifically admitted herein, the allegations in ¶ 72 of Plaintiffs' [28] Amended Complaint are denied.

73.    In response to the allegations in ¶ 73 of Plaintiffs' [28] Amended Complaint, these Defendants admit that Damien Cameron was arrested by Elward and/or Luke Stickman and later departed this life. Except where otherwise specifically admitted herein, the allegations in ¶ 73 of Plaintiffs' [28] Amended Complaint are denied.

74.    The allegations in ¶ 74 of Plaintiffs' [28] Amended Complaint are denied.

75.    The allegations in ¶ 75 of Plaintiffs' [28] Amended Complaint are denied.

76.    The allegations in ¶ 76 of Plaintiffs' [28] Amended Complaint are denied.

77.    In response to the allegations in ¶ 77 of Plaintiffs' [28] Amended Complaint, these Defendants admit that Middleton formerly worked at the Jackson Police Department. Except where otherwise specifically admitted herein, the allegations in ¶ 77 of Plaintiffs' [28] Amended Complaint are denied.

78.     In response to the allegations in ¶ 78 of Plaintiffs' [28] Amended Complaint, these Defendants admit that Middleton formerly worked at the Rankin County Sheriff's Department and held the rank of lieutenant. Except where otherwise specifically admitted herein, the allegations in ¶ 78 of Plaintiffs' [28] Amended Complaint are denied.

79.     In response to the allegations in ¶ 79 of Plaintiffs' [28] Amended Complaint, these Defendants admit that Dedmon, Elward, and/or Opdyke pleaded guilty to various crimes stemming from a December 4, 2022 incident. Except where otherwise specifically admitted herein, the allegations in ¶ 79 of Plaintiffs' [28] Amended Complaint are denied.

80.     In response to ¶ 80 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the Rankin County Sheriff's Department has a budget through Rankin County. Except where otherwise specifically admitted herein, the allegations in ¶ 80 of Plaintiffs' [28] Amended Complaint are denied.

B.      **CITY OF RICHLAND**

81.     As ¶ 81 of Plaintiffs' [28] Amended Complaint contains no allegations against these Defendants, they are not required to admit or deny same. To the extent ¶ 81 of Plaintiffs' [28] Amended Complaint contains allegations against these Defendants, same are denied.

82.     As ¶ 82 of Plaintiffs' [28] Amended Complaint contains no allegations against these Defendants, they are not required to admit or deny same. To the extent ¶ 82 of Plaintiffs' [28] Amended Complaint contains allegations against these Defendants, same are denied.

83.     As ¶ 83 of Plaintiffs' [28] Amended Complaint contains no allegations against these Defendants, they are not required to admit or deny same. To the extent ¶ 83 of

Plaintiffs' [28] Amended Complaint contains allegations against these Defendants, same are denied.

84.     As ¶ 84 of Plaintiffs' [28] Amended Complaint contains no allegations against these Defendants, they are not required to admit or deny same. To the extent ¶ 84 of Plaintiffs' [28] Amended Complaint contains allegations against these Defendants, same are denied.

**COUNT I**

**42 U.S.C § 1983 – FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE**
(SHERIFF BRYAN BAILEY)

85.     In response to ¶ 85 of Plaintiffs' [28] Amended Complaint, Rankin County and Sheriff Bailey re-allege, restate, and/or incorporate their admissions and/or denials herein.

86.     The allegations in ¶ 86 of Plaintiffs' [28] Amended Complaint are denied.

87.     The allegations in ¶ 87 of Plaintiffs' [28] Amended Complaint are denied.

88.     The allegations in ¶ 88 of Plaintiffs' [28] Amended Complaint are denied.

89.     The allegations in ¶ 89 of Plaintiffs' [28] Amended Complaint are denied.

**Ratification**

90.     The allegations in ¶ 90 of Plaintiffs' [28] Amended Complaint are denied.

91.     The allegations in ¶ 91 of Plaintiffs' [28] Amended Complaint are denied.

92.     The allegations in ¶ 92 of Plaintiffs' [28] Amended Complaint are denied.

93.     The allegations in ¶ 93 of Plaintiffs' [28] Amended Complaint are denied. These Defendants further deny any and all allegations against them in the unnumbered paragraph following ¶ 93 of Plaintiffs' [28] Amended Complaint beginning with the phrase "WHEREFORE, Plaintiffs MICHAEL JENKINS and EDDIE PARKER demand…."

**COUNT II**

## § 1983 – MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM, PRACTICE, OR POLICY (RANKIN COUNTY)

94.     In response to ¶ 94 of Plaintiffs' [28] Amended Complaint, Rankin County and Sheriff Bailey re-allege, restate, and/or incorporate their admissions and/or denials herein.

95.     The allegations in ¶ 95 of Plaintiffs' [28] Amended Complaint are denied.

96.     The allegations in ¶ 96 of Plaintiffs' [28] Amended Complaint are denied.

97.     The allegations in ¶ 97 of Plaintiffs' [28] Amended Complaint are denied.

98.     The allegations in ¶ 98 of Plaintiffs' [28] Amended Complaint are denied.

99.     The allegations in ¶ 99 of Plaintiffs' [28] Amended Complaint are denied. These Defendants further deny any and all allegations against them in the unnumbered paragraph following ¶ 99 of Plaintiffs' [28] Amended Complaint beginning with the phrase "WHEREFORE, Plaintiffs MICHAEL JENKINS and EDDIE PARKER demand…."

## COUNT III

## 42 U.S.C § 1983 – MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM, PRACTICE, OR POLICY (CITY OF RICHLAND)

100.    In response to ¶ 100 of Plaintiffs' [28] Amended Complaint, Rankin County and Sheriff Bailey re-allege, restate, and/or incorporate their admissions and/or denials herein.

101.    As ¶ 101 of Plaintiffs' [28] Amended Complaint contains no allegations against these Defendants, they are not required to admit or deny same. To the extent ¶ 101 of Plaintiffs' [28] Amended Complaint contains allegations against these Defendants, same are denied.

102.    As ¶ 102 of Plaintiffs' [28] Amended Complaint contains no allegations against these Defendants, they are not required to admit or deny same. To the extent ¶ 102 of

Plaintiffs' [28] Amended Complaint contains allegations against these Defendants, same are denied.

103.    As ¶ 103 of Plaintiffs' [28] Amended Complaint contains no allegations against these Defendants, they are not required to admit or deny same. To the extent ¶ 103 of Plaintiffs' [28] Amended Complaint contains allegations against these Defendants, same are denied.

104.    As ¶ 104 of Plaintiffs' [28] Amended Complaint contains no allegations against these Defendants, they are not required to admit or deny same. To the extent ¶ 104 of Plaintiffs' [28] Amended Complaint contains allegations against these Defendants, same are denied.

105.    As ¶ 105 of Plaintiffs' [28] Amended Complaint contains no allegations against these Defendants, they are not required to admit or deny same. To the extent ¶ 105 of Plaintiffs' [28] Amended Complaint contains allegations against these Defendants, same are denied. These Defendants further deny any and all allegations against them, if any, in the unnumbered paragraph following ¶ 105 of Plaintiffs' [28] Amended Complaint beginning with the phrase "WHEREFORE, Plaintiffs MICHAEL JENKINS and EDDIE PARKER demand...."

## COUNT IV

### RECKLESS DISREGARD FOR THE RIGHTS AND SAFETY OF OTHERS
(against RANKIN COUNTY)

106.    In response to ¶ 106 of Plaintiffs' [28] Amended Complaint, Rankin County and Sheriff Bailey re-allege, restate, and/or incorporate their admissions and/or denials herein.

107.    The allegations in ¶ 107 of Plaintiffs' [28] Amended Complaint are denied.

108.    The allegations in ¶ 108 of Plaintiffs' [28] Amended Complaint are denied.

109.    The allegations in ¶ 109 of Plaintiffs' [28] Amended Complaint are denied.

110.    The allegations in ¶ 110 of Plaintiffs' [28] Amended Complaint are denied.

111.    The allegations in ¶ 111 of Plaintiffs' [28] Amended Complaint are denied.

112.    The allegations in ¶ 112 of Plaintiffs' [28] Amended Complaint are denied. These Defendants further deny any and all allegations against them in the unnumbered paragraph following ¶ 112 of Plaintiffs' [28] Amended Complaint beginning with the phrase "WHEREFORE, Plaintiffs MICHAEL JENKINS and EDDIE PARKER demand…."

<u>**COUNT V**</u>

**DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C § 1983 – EXCESSIVE FORCE
ELWARD, MCALPIN, DEDMON, OPDYKE, MIDDLETON AND HARTFIELD
(Attempting to kill Michael C. Jenkins)**

113.    In response to ¶ 113 of Plaintiffs' [28] Amended Complaint, Rankin County and Sheriff Bailey re-allege, restate, and/or incorporate their admissions and/or denials herein.

114.    In response to ¶ 114 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 114 of Plaintiffs' [28] Amended Complaint are denied.

115.    In response to ¶ 115 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 115 of Plaintiffs' [28] Amended Complaint are denied.

116.    In response to ¶ 116 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 116 of Plaintiffs' [28] Amended Complaint are denied.

117.     In response to ¶ 117 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 117 of Plaintiffs' [28] Amended Complaint are denied.

118.     In response to ¶ 118 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 118 of Plaintiffs' [28] Amended Complaint are denied. These Defendants further deny any and all allegations against them, if any, in the unnumbered paragraph following ¶ 118 of Plaintiffs' [28] Amended Complaint beginning with the phrase "WHEREFORE, Plaintiffs MICHAEL JENKINS and EDDIE PARKER demand…."

### COUNT VI (Misnumbered COUNT V)

**DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C § 1983**
**ELWARD, ELWARD, MCALPIN, DEDMON, OPDYKE, MIDDLETON AND HARTSFIELD**
**(Unconstitutional Search and Seizure)**

119.     In response to ¶ 119 of Plaintiffs' [28] Amended Complaint, Rankin County and Sheriff Bailey re-allege, restate, and/or incorporate their admissions and/or denials herein.

120.     In response to ¶ 120 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 120 of Plaintiffs' [28] Amended Complaint are denied.

121.     In response to ¶ 121 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning

the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 121 of Plaintiffs' [28] Amended Complaint are denied.

122.   In response to ¶ 122 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 122 of Plaintiffs' [28] Amended Complaint are denied.

123.   In response to ¶ 123 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 123 of Plaintiffs' [28] Amended Complaint are denied.

124.   In response to ¶ 124 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 124 of Plaintiffs' [28] Amended Complaint are denied. These Defendants further deny any and all allegations against them, if any, in the unnumbered paragraph following ¶ 124 of Plaintiffs' [28] Amended Complaint beginning with the phrase "WHEREFORE, Plaintiffs MICHAEL JENKINS and EDDIE PARKER demand...."

## COUNT VII (Misnumbered COUNT VI)

**DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C § 1983**
**ELWARD, MCALPIN, DEDMON, OPDYKE, MIDDLETON AND HARTSFIELD**
**(Excessive Force – Taser Use and Beatings)**

125.   In response to ¶ 125 of Plaintiffs' [28] Amended Complaint, Rankin County and Sheriff Bailey re-allege, restate, and/or incorporate their admissions and/or denials herein.

126.    In response to ¶ 126 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 126 of Plaintiffs' [28] Amended Complaint are denied.

127.    In response to ¶ 127 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 127 of Plaintiffs' [28] Amended Complaint are denied.

128.    In response to ¶ 128 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 128 of Plaintiffs' [28] Amended Complaint are denied.

129.    In response to ¶ 129 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 129 of Plaintiffs' [28] Amended Complaint are denied.

130.    In response to ¶ 130 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 130 of Plaintiffs' [28] Amended Complaint are denied.

131.    In response to ¶ 131 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning

the incident at issue. Except where otherwise specifically admitted herein, the allegations in

¶ 131 of Plaintiffs' [28] Amended Complaint are denied.

132.     In response to ¶ 132 of Plaintiffs' [28] Amended Complaint, these Defendants

admit that the former deputies have been convicted of various criminal offenses concerning

the incident at issue. Except where otherwise specifically admitted herein, the allegations in

¶ 132 of Plaintiffs' [28] Amended Complaint are denied. These Defendants further deny any

and all allegations against them, if any, in the unnumbered paragraph following ¶ 132 of

Plaintiffs' [28] Amended Complaint beginning with the phrase "WHEREFORE, Plaintiffs

MICHAEL JENKINS and EDDIE PARKER demand…."

## COUNT VIII (Misnumbered COUNT VII)

**Deprivation of Civil Rights, 42 U.S.C § 1983**
**ELWARD, MCALPIN, DEDMON, AND OPDYKE, HARTSFIELD, AND MIDDLETON**
**(Unreasonable Seizure, Excessive force - Waterboarding)**

133.     In response to ¶ 133 of Plaintiffs' [28] Amended Complaint, Rankin County and

Sheriff Bailey re-allege, restate, and/or incorporate their admissions and/or denials herein.

134.     In response to ¶ 134 of Plaintiffs' [28] Amended Complaint, these Defendants

admit that the former deputies have been convicted of various criminal offenses concerning

the incident at issue. Except where otherwise specifically admitted herein, the allegations in

¶ 134 of Plaintiffs' [28] Amended Complaint are denied.

135.     In response to ¶ 135 of Plaintiffs' [28] Amended Complaint, these Defendants

admit that the former deputies have been convicted of various criminal offenses concerning

the incident at issue. Except where otherwise specifically admitted herein, the allegations in

¶ 135 of Plaintiffs' [28] Amended Complaint are denied.

136.    In response to ¶ 136 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 136 of Plaintiffs' [28] Amended Complaint are denied.

137.    In response to ¶ 137 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 137 of Plaintiffs' [28] Amended Complaint are denied.

138.    In response to ¶ 138 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 138 of Plaintiffs' [28] Amended Complaint are denied. These Defendants further deny any and all allegations against them, if any, in the unnumbered paragraph following ¶ 138 of Plaintiffs' [28] Amended Complaint beginning with the phrase "WHEREFORE, Plaintiffs MICHAEL JENKINS and EDDIE PARKER demand…."

### COUNT IX (Misnumbered COUNT XII)

**Deprivation of Civil Rights, 42 U.S.C § 1983**
**ELWARD, MCALPIN, DEDMON, AND OPDYKE, HARTSFIELD, AND MIDDLETON**
**(Sexual assault, Unreasonable seizure)**

139.    In response to ¶ 139 of Plaintiffs' [28] Amended Complaint, Rankin County and Sheriff Bailey re-allege, restate, and/or incorporate their admissions and/or denials herein.

140.    In response to ¶ 140 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning

the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 140 of Plaintiffs' [28] Amended Complaint are denied.

141.    In response to ¶ 141 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 141 of Plaintiffs' [28] Amended Complaint are denied.

142.    In response to ¶ 142 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 142 of Plaintiffs' [28] Amended Complaint are denied.

143.    In response to ¶ 143 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 143 of Plaintiffs' [28] Amended Complaint are denied.

144.    In response to ¶ 144 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 144 of Plaintiffs' [28] Amended Complaint are denied.

145.    In response to ¶ 145 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 145 of Plaintiffs' [28] Amended Complaint are denied.

146.    In response to ¶ 146 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 146 of Plaintiffs' [28] Amended Complaint are denied.

147.    In response to ¶ 147 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 147 of Plaintiffs' [28] Amended Complaint are denied. These Defendants further deny any and all allegations against them, if any, in the unnumbered paragraph following ¶ 147 of Plaintiffs' [28] Amended Complaint beginning with the phrase "WHEREFORE, Plaintiffs MICHAEL JENKINS and EDDIE PARKER demand...."

## COUNT X (Misnumbered COUNT IX)

### DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C § 1981
### ELWARD, MCALPIN, DEDMON, AND DEPUTIES OPDYKE, HARTSFIELD, AND MIDDLETON
(14th Amendment Equal Protection Violation on the Basis of Race)

148.    In response to ¶ 148 of Plaintiffs' [28] Amended Complaint, Rankin County and Sheriff Bailey re-allege, restate, and/or incorporate their admissions and/or denials herein.

149.    In response to ¶ 149 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 149 of Plaintiffs' [28] Amended Complaint are denied.

150.    In response to ¶ 150 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning

the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 150 of Plaintiffs' [28] Amended Complaint are denied.

151.    In response to ¶ 151 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 151 of Plaintiffs' [28] Amended Complaint are denied.

152.    In response to ¶ 152 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 152 of Plaintiffs' [28] Amended Complaint are denied.

153.    In response to ¶ 153 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 153 of Plaintiffs' [28] Amended Complaint are denied.

154.    In response to ¶ 154 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 154 of Plaintiffs' [28] Amended Complaint are denied. These Defendants further deny any and all allegations against them, if any, in the unnumbered paragraph following ¶ 154 of Plaintiffs' [28] Amended Complaint beginning with the phrase "WHEREFORE, Plaintiffs MICHAEL JENKINS and EDDIE PARKER demand...."

**COUNT XI (Misnumbered COUNT X)**
**DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C § 1983**
**ELWARD, MCALPIN, DEDMON, OPDYKE, HARTSFIELD AND MIDDLETON**
(Bystander Liability)

155.    In response to ¶ 155 of Plaintiffs' [28] Amended Complaint, Rankin County and Sheriff Bailey re-allege, restate, and/or incorporate their admissions and/or denials herein.

156.    In response to ¶ 156 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 156 of Plaintiffs' [28] Amended Complaint are denied.

157.    In response to ¶ 157 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 157 of Plaintiffs' [28] Amended Complaint are denied.

158.    In response to ¶ 158 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 158 of Plaintiffs' [28] Amended Complaint are denied.

159.    In response to ¶ 159 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 159 of Plaintiffs' [28] Amended Complaint are denied.

160.    In response to ¶ 160 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 160 of Plaintiffs' [28] Amended Complaint are denied.

161.   In response to ¶ 161 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 161 of Plaintiffs' [28] Amended Complaint are denied.

162.   In response to ¶ 162 of Plaintiffs' [28] Amended Complaint, these Defendants admit that the former deputies have been convicted of various criminal offenses concerning the incident at issue. Except where otherwise specifically admitted herein, the allegations in ¶ 162 of Plaintiffs' [28] Amended Complaint are denied. These Defendants further deny any and all allegations against them, if any, in the unnumbered paragraph following ¶ 162 of Plaintiffs' [28] Amended Complaint beginning with the phrase "WHEREFORE, Plaintiffs MICHAEL JENKINS and EDDIE PARKER demand…."

## JURY TRIAL DEMANDED

163.   As there are no allegations against these Defendants in the unnumbered paragraph of Plaintiffs' [28] Amended Complaint under the title "JURY TRIAL DEMANDED," they are not required to admit or deny same. To the extent there are any allegations against these Defendants in this unnumbered paragraph, same are denied. These Defendants specifically deny that Plaintiffs are entitled to a jury trial on any MTCA claims.

**AND NOW,** having fully addressed the numbered paragraphs of Plaintiffs' [28] Amended Complaint, and having denied any and all liability herein, Defendants Rankin County and Sheriff Bailey set forth the following Special Affirmative Matters.

## FIRST AFFIRMATIVE DEFENSE

Individual Defendant Sheriff Bryan Bailey is entitled to qualified immunity, and Rankin County and Sheriff Bailey are entitled to sovereign immunity, from suit and/or

liability herein. These Defendants are entitled to and hereby assert all rights, privileges, and immunities otherwise available to governmental or state actors.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiffs' [28] Amended Complaint purports to state a claim actionable under the procedural vehicle of 42 U.S.C. § 1983 or pursuant to the MTCA, it fails to state a claim upon which relief can be granted against the Ranking County and Sheriff Bailey and should be dismissed with prejudice.

## THIRD AFFIRMATIVE DEFENSE

These Defendants acted in good faith reliance upon then existent law at all times complained of in Plaintiffs' [28] Amended Complaint, and are therefore entitled to immunity or a special good faith defense.

## FOURTH AFFIRMATIVE DEFENSE

These Defendants possess immunity to Plaintiffs and specifically assert all rights, defenses, privileges, and immunities available unto them under applicable state and federal law. These Defendants further invoke and assert all rights, privileges, and immunities available unto them as set forth in the United States Constitution and/or Mississippi Constitution and supporting / interpretive federal or state common law.

## FIFTH AFFIRMATIVE DEFENSE

To the extent, if any, Plaintiffs' [28] Amended Complaint purports to state a cause of action against these Defendants based upon any state law theory, they Defendants possess sovereign immunity pursuant to and as set forth in MISS. CODE ANN. § 11-46-1 *et seq*. by virtue of the performance of an inherently governmental and public function for which immunity has been recognized, historically, at common law.

## SIXTH AFFIRMATIVE DEFENSE

These Defendants complied with all applicable standards of care.

## SEVENTH AFFIRMATIVE DEFENSE

At all times complained of, Rankin County and Sheriff Bailey acted in good faith, without malice, without reckless disregard, without deliberate indifference, without retaliatory motive, without injurious intent, without evil motive, and in compliance with the applicable legal standards, and are guilty of no wrongful or tortious conduct.

## EIGHTH AFFIRMATIVE DEFENSE

These Defendants would show that the factual allegations of Plaintiffs' [28] Amended Complaint and the conduct complained of against them do not violate any clearly established statutory or constitutional rights of Plaintiffs, determined by the standard of objective reasonableness measured by reference to clearly established law. Further, these Defendants are not guilty of any deliberate abuse of inherently governmental power, but rather, had lawful penological justification for all actions undertaken by them.

## NINTH AFFIRMATIVE DEFENSE

No action or inaction on the part of Rankin County and/or Sheriff Bailey proximately caused any harm, loss, or deprivation to Plaintiffs. At all times complained of, these Defendants acted both reasonably and prudently and in the exercise of legitimate and lawful justification. Further, these Defendants' conduct, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1983.

## TENTH AFFIRMATIVE DEFENSE

These Defendants fulfilled any and all legal duties owed by them, if any, to Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

Any damage, loss, or deprivation to Plaintiffs was not proximately caused by any official policy, practice, or custom of Rankin County, Mississippi. Plaintiffs' alleged losses, damages, and/or deprivations were not the proximate result of the execution of any official governmental policy, custom or practice attributable to Rankin County and/or Sheriff Bailey.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have no right to a jury trial on any state law claims against Rankin County.

## THIRTEENTH AFFIRMATIVE DEFENSE

These Defendants invoke and assert all protections, defenses, limitations, and caps set forth in the MTCA and the Mississippi Tort Reform Act, as codified in the Mississippi Code.

## FOURTEENTH AFFIRMATIVE DEFENSE

These Defendants cannot be held liable pursuant to § 1983 under principles of agency or *respondeat superior* for the actions or omissions of any other party or non-party herein.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, losses, and/or injuries are the proximate result of their own actions and/or omissions, or those of other persons for whom Rankin County and/or Sheriff Bailey are neither liable nor responsible. Plaintiffs' recovery, if any, should be barred or alternatively, reduced under principles of comparative fault. Further, these Defendants affirmatively assert and invoke all defenses and rights available to them as set forth in MISS. CODE ANN. § 85-5-7 and § 11-1-65.

## SIXTEENTH AFFIRMATIVE DEFENSE

The [28] Amended Complaint fails to specifically / appropriately plead that Plaintiffs are entitled to relief against these Defendants pursuant to FRCP 8 and should be dismissed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

These Defendants reserve the right to plead and hereby specifically assert, to the extent applicable and justified pursuant to the facts of this case, the affirmative defenses of contributory negligence, discharge in bankruptcy, estoppel, release, res judicata, statute of limitations and waiver.

**WHEREFORE, PREMISES CONSIDERED,** Defendants Rankin County, Mississippi and Sheriff Bryan Bailey, in his individual and official capacities, deny that Plaintiffs are entitled to any relief against them, and respectfully request that any and all claims against them in Plaintiffs' [28] Amended Complaint be dismissed with prejudice, together with such other relief as this Court deems proper and just.

**RESPECTFULLY SUBMITTED,** this 1st day of December, 2023.

> **RANKIN COUNTY, MISSISSIPPI & SHERIFF BRYAN BAILEY, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES – Defendants**
>
> **BY:**     _/s/ Jason E. Dare_
>            **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@bislawyers.com
BIGGS, INGRAM & SOLOP, PLLC
Post Office Box 14028
Jackson, Mississippi 39236-4028
Telephone:     (601) 987-5307
Facsimile:     (601) 987-5307