IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EDDIE TERRELL PARKER                                                                PLAINTIFFS
MICHAEL COREY JENKINS

V.                                                              CAUSE NO. 3:23-cv-374-DPJ-FKB

RANKIN COUNTY, MISSISSIPPI, ET AL.                                          DEFENDANTS

## MEMORANDU BRIEF IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENCY OF PROCESS

COMES NOW Jeffrey Middleton, appearing specially for the purpose of contesting the sufficiency of process on him, and, without waiving any other objections and defenses which he has, and files his Memorandum Brief In Support Of Motion To Dismiss For Insufficiency of Process and would show unto the Court the following:

FACTS

1.      On or about December 12, 2023, while incarcerated, Jeffery Middleton was handed two pieces of paper. One piece of paper was a summons which was accompanied by one piece of paper which was unreadable, but it appears that it may be a reverse copy of the summons. There was no complaint served on Jeffrey Middleton.

REQUIREMENTS FOR SERVICE OF PROCESS

"Generally speaking, '[a]n objection under *Rule 12(b)(4)* concerns the form of the process rather than the manner or method of its service.'" Gartin v. Par Pharm. Cos., 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (citation omitted). *Federal Rule of Civil Procedure 4(c)(1)* requires that a summons must be served along with a copy of the complaint. *Federal Rule of Civil Procedure 4(b)* requires a summons to be issued for the defendant and the original be served on him. A copy of the summons will only suffice where the summons is addressed to multiple defendants. See Rule 4(b).

In this case, Jeffrey Middleton was served with a copy of the summons along with a second unreadable piece of paper but was not served with a copy of the complaint. See attachment to Motion To Dismiss. *Federal Rule of Civil Procedure 12(b)(4)* provides that an action may be dismissed for "insufficient process." The plaintiff has the burden of proving that the Court has jurisdiction to hear the case. *Vantage Trailers, Inc. v. Bealle Corp., 567 F. 3d 745,748(5th Cir. 2009)*.

Under *Federal Rule of Civil Procedure 4(c)(1)* "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Failure to provide the defendant with a copy of the complaint may result in dismissal of the action. *Thrasher v. City of Amarillo,* 709 F. 3d 509 (5th Cir. 2013).

Plaintiffs have failed in their duty to properly serve defendant Jeffrey Middleton and this cause should be dismissed pursuant to *Rule 12(b)(4)* for failure to comply with the rules.

Respectfully submitted,
Jeffrey Middleton


/s/*Clarence McDonald Leland* MB#9739


Of Counsel:

Clarence McDonald Leland, Ltd.
P.O. Box 1466
Brandon, Mississippi 39043
(601) 825-7978

CERTIFICATE OF SERVICE

I, Clarence McDonald Leland, do hereby certify that I have this day filed on CMEC the above document which has been transmitted by electronic means to all counsel of record.

This the 2nd day of January, 2024.

/s/*Clarence McDonald Leland*