IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MICHAEL COREY JENKINS, et al.**                                                                                              **PLAINTIFFS**

**v.**                                                                                                       **CAUSE NO. 3:23cv374-DPJ-FKB**

**RANKIN COUNTY, MISSISSIPPI, et al.**                                                                          **DEFENDANTS**

**REPLY TO PLAINTIFFS' [43] MEMORANDUM TO [35] RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS PREMISED, IN PART, ON QUALIFIED IMMUNITY**

**NOW COME** Defendants, Rankin County, Mississippi and Sheriff Bryan Bailey,[1] by and through counsel, and in support of their renewed Rule 12(c) motion, state as follows:

1. **Procedural Posture & Timeliness of Rule 12(c) Motion**.

Plaintiffs' [28] First Amended Complaint ("FAC") was filed after the [12] Motion filed by Defendants Rankin County and Sheriff Bailey was fully briefed,[2] and with Plaintiffs' full knowledge of the defenses and/or pleading deficiencies alleged by these Defendants in their [11] Answer and [12] Motion. The [43] Memorandum in Opposition to Rankin County and Sheriff Bailey's [35] Motion is Plaintiffs' fourth chance to advance further facts against these Defendants, and it fails to do so. For these reasons, the [28] FAC is not only Plaintiffs' "best case" against Rankin County and Sheriff Bailey, *see* [36] Memorandum, pg. 2 (citing cases), but the pleadings are also effectively closed as to these Defendants and any further amendments relating to these Defendants, whether as a *Schultea*[3] reply or otherwise, would

---

[1] Sheriff Bailey is the only defendant sued in his individual and official capacities. *See* [28] FAC, Style & ¶ 7. Plaintiffs concede that dismissal of the official capacity claims against Sheriff Bailey is proper. [43] Memorandum in Opposition ("Opp. Memorandum"), pg. 13 n.1.
[2] *See* [13] Memorandum; [15] Opp. Memorandum; [17] Reply.
[3] *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995).

be futile. *Templeton v. Jarmillo*, No. A-19-CV-00848-JRN, 2020 U.S. Dist. LEXIS 171751, at *14-15 (W.D. Tex. July 8, 2020) (citing *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)).

The fact that the remaining seven Defendants – *i.e.*, City of Richland, Hunter Elward, Brett McAlpin , Christian Dedmon, Daniel Opdyke, Jeffrey Middleton, and Joshua Hartfield – have not filed an answer to the [28] FAC does not preclude the Court from ruling on the [35] Motion. Rule 12(c) authorizes a party to move for judgment on the pleadings "[a]fter the pleadings are closed…." FED. R. CIV. P. 12(c). And "[w]hile courts 'have interpreted the word 'closed' to mean that every defendant must file an answer before a Rule 12(c) motion can be filed,' courts also 'maintain discretion to consider a 12(c) motion even when one of the defendants has not filed an answer.'" *Lupis v. City of Tex. City*, No. 3:22-cv-101, 2023 U.S. Dist. LEXIS 134697, at *9 (S.D. Tex. Mar. 29, 2023) (quoting *Ryan v. Thunder Restoration, Inc.*, No. 09-3261, 2009 U.S. Dist. LEXIS 83092, 2009 WL 2766468, at *2 (E.D. La. Aug. 26, 2009)); *see also SG Blocks, Inc. v. Hola Cmty. Partners*, 521 F. Supp. 3d 881, 896 n.10 (C.D. Cal. 2021) ("Because the pleadings are effectively 'closed' as to the City, the City's [Rule 12(c)] Motion can proceed."); *Horen v. Bd. of Educ.*, 594 F. Supp. 2d 833, 840-41 (N.D. Ohio 2009) (collection of cases for converting untimely Rule 12(c) motion to a Rule 12(b)(6) motion).

Summons has been served on all Defendants in this litigation,[4] and the [35] Motion challenges whether the [28] FAC states a claim upon which relief can be granted against Rankin County and Sheriff Bailey only. *Compare* FED. R. CIV. P. 12(b)(6) and 12(h)(2)(B). Analysis of whether any facially plausible claims are alleged against Rankin County and/or

---

[4] *See* [43] Opp. Memorandum, pg. 4 ("[T]he other defendants in this case, though served, have yet to file answers."); *see also* Docket Nos. [20], [21], [34], [37], [38] at ¶ 4 (misnumbered ¶ 3), [44].

Sheriff Bailey in the [28] FAC should not consider the claims alleged against the remaining Defendants,[5] and no party would be prejudiced by an early adjudication of the issues raised in the [35] Motion. For these reasons, Rankin County and Sheriff Bailey respectfully request that the Court exercise its discretion and rule on the [35] Motion without further delay.

2. **Plaintiffs' § 1983 claims against Sheriff Bailey should be dismissed with prejudice premised on qualified immunity**.

Sheriff Bailey is entitled to qualified immunity unless Plaintiffs plead factual allegations sufficient to overcome qualified immunity, *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022), which "involves answering two questions: (1) whether [Sheriff Bailey] violated a constitutional right, and (2) whether the right at issue was clearly established at the time of the alleged misconduct." *Parker v. LeBlanc*, 73 F.4th 400, 406-07 (5th Cir. 2023) (internal quotations and citations omitted). Further, Plaintiffs "must survive [a] motion to dismiss [premised on QI] without *any* discovery." *Carswell*, 54 F.4th at 311 (emphasis in original).

Plaintiffs' [28] FAC "must be dismissed if it fails to plead facts allowing the reasonable inference that [Sheriff Bailey] is liable for the alleged misconduct." *LaVergne v. Stutes*, 82 F.4th 433, 435 (5th Cir. 2023) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even though this Court must "accept well-pled facts as true and in a light favoring the plaintiff, [it must] not accept 'conclusory allegations,

---

[5] These Defendants cannot be vicariously liable under § 1983 for the actions of the other Defendants. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."). Further, Plaintiffs do not allege a theory of vicarious liability against these Defendants under the Mississippi Tort Claims Act ("MTCA"). *See* [28] FAC, ¶¶ 106-12.

unwarranted factual inferences, or legal conclusions.'" *LaVergne*, 82 F.4th at 435-36 (citation omitted).

Plaintiffs argue that "[i]t is abundantly clear that the plaintiffs' detailed, 162 paragraph Amended Complaint alleges conduct by Sheriff's Deputies that is unconstitutional, which is acknowledged by guilty pleas…." [43] Opp. Memorandum, pg. 9. They then argue that by merely alleging "that Sheriff Bailey was aware of such conduct on the part of his deputies prior to plaintiffs' torturing ordeal," qualified immunity should be denied. *Id.*, pgs. 9-10. Such "bare assertions" of knowledge are precisely what the Supreme Court held insufficient in *Iqbal*. Specifically, "the plaintiff [in *Iqbal*] pleaded that petitioners knew of, condoned, and willfully and maliciously agreed to subject him to harsh conditions of confinement as a matter of policy, solely on account of his religion, race, and/or national origin and for no legitimate penological interest." *Williams v. City of Jackson*, No. 3:20-cv-785-DPJ-FKB, 2022 U.S. Dist. LEXIS 178486, at *7 (S.D. Miss. Sep. 30, 2022) (quoting *Iqbal*, 556 U.S. at 680-81). "The complaint further alleged that Ashcroft was the principal architect of this invidious policy, and that Mueller was instrumental in adopting and executing it." *Id.* (citing *Iqbal*, 556 U.S. at 680-81). And it is the "conclusory nature of [these] allegations … that disentitles them to the presumption of truth." *Iqbal*, 556 U.S. at 681; *see also Shaw v. Villanueva*, 918 F.3d 414, 418 (5th Cir. 2019).

There are no allegations in the [28] FAC to establish actual or constructive knowledge on the part of Sheriff Bailey that the former deputies would commit the crimes they pleaded guilty to and/or that they "devised a false story to cover up their misconduct." [28] FAC, ¶ 49. Because there are also no allegations that Sheriff Bailey personally participated in any

4

alleged violation of Plaintiffs' constitutional rights, Plaintiffs' theory of § 1983 supervisory liability against this Defendant impermissibly amounts to vicarious liability.

Plaintiffs argue that the three (3) prior incidents alleged in their [28] FAC, which occurred over a 13-year period,[6] are sufficient to defeat qualified immunity under a pattern or practice theory of deliberate indifference. Their only argument here is that the case cited by Sheriff Bailey – *Davidson v. City of Stafford*, 848 F.3d 384 (5th Cir. 2017) – analyzed qualified immunity under Rule 56 standards and not Rule 12(c) standards. [43] Opp. Memorandum, pg. 11. Plaintiffs make no argument that the three prior cases over a 13-year period were similar to the allegations in their [28] FAC. They further fail to make any argument that the three prior cases over a 13-year period were sufficient in number and/or close enough in time to the January 24, 2023 incident to show deliberate indifference.[7] Simply put, even if constitutional violations occurred in the three prior incidents, which is not alleged, these incidents over a 13 year period are insufficient as a matter of law to put Sheriff Bailey on notice of a need for further training and/or supervision.

Finally, Plaintiffs fail to cite any legal precedent that would put Sheriff Bailey on notice that his actions prior to and/or after the January 24, 2023 incident at issue were clearly unlawful. "The Supreme Court has consistently instructed lower courts to not conduct the clearly-established analysis at a 'high level of generality.'" *Tuttle v. Todd*, Nos. 22-20233, 22-20319, 2023 U.S. App. LEXIS 19831, at *8 (5th Cir. Aug. 1, 2023) (citing *Mullenix v. Luna*, 577

---

[6] One alleged incident occurred on or around June 7, 2010. *See Gerhart v. Barnes*, 724 F. App'x 316 (5th Cir. 2018); *Gerhart v. McLendon*, 714 F. App'x 327 (5th Cir. 2017). Another occurred on or around February 18, 2019. *Barrett v. City of Pelahatchie*, No. 3:21cv124-HTW-LGI, 2023 U.S. Dist. LEXIS 45108 (S.D. Miss. Mar. 17, 2023). And the third incident occurred on or around June 26, 2021. *Lee v. Rankin County*, No. 2022-073-M, [Dkt. 95] (Rankin Co. Circuit Aug. 8, 2023).

[7] *See Davidson*, 848 F.3d at 396 ("A pattern requires similarity, specificity, and sufficiently numerous prior incidents.").

U.S. 7, 12 (2015); quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). According, "the binding law must 'clearly prohibit the officer's conduct in the particular circumstances before him.'" *Id.* at *8-9 (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018)). And according to the Fifth Circuit, this "clearly established" requirement must be met by a plaintiff at the pleading stage when asserting a claim of supervisory liability. *Id.*

Plaintiffs have the burden to cite this Court to a case that clearly prohibits Sheriff Bailey's actions in the instant case. They failed to cite any case in support of their claims against Sheriff Bailey, and accordingly, their claims against him should be dismissed. The dismissal should be with prejudice since "Plaintiffs have received an adequate opportunity to plead the best version of their case [and] [a]ny amendment at this point would be futile." *Todd*, 2023 U.S. App. LEXIS 19831, at *9 (citing *Tuttle v. Sepolio*, 68 F.4th 969, 975 (5th Cir. 2023); *Anokwuru v. City of Houston*, 990 F.3d 956, 966 (5th Cir. 2021)).

3. **Plaintiffs' *Monell* claims against Rankin County should be dismissed with prejudice.**

There is no substantive content to the [43] Opp. Memorandum related to the *Monell* claim(s) against Rankin County. Plaintiffs use various adjectives to describe their impression of this Defendant's [35] Motion, but point to no facts or legal precedent that would support a *Monell* claim against Rankin County, including a showing of deliberate indifference on the part of this Defendant. Based on the legal precedent and analysis in this Defendant's [35] Motion and [36] Memorandum, Rankin County prays that this Court dismiss all claims against it with prejudice.

4. **The state law claims against Rankin County are barred by the MTCA.**

Plaintiffs concede that their state law claims are against Rankin County only and are subject to the protections, limitations, and immunities of the Mississippi Tort Claims Act

("MTCA"). [43] Opp. Memorandum, pgs. 14-16. They further identify "the allegedly tortious act giving rise to the claim"[8] as being the manner in which Sheriff Bailey supervised, disciplined, and/or regulated deputies within the Rankin County Sheriff's Department. Such actions have consistently been held to fall within the discretionary function test. *Young v. Isola*, 708 F. App'x 152, 157 (5th Cir. 2017) (quoting *City of Jackson v. Sandifer*, 107 So. 3d 978, 987 (Miss. 2013))[9] ("'The manner in which a police department supervises, disciplines and regulates its police officers is a discretionary function of the government' for which the governmental entity is immune to suit.").

The manner in which a sheriff's department and/or police department is staffed and/or operated has long been held to fall within the discretionary function immunity of § 11-45-9(1)(d). Such decisions involve an element of choice, and "[t]here is no doubt that the choice to employ and the manner of supervision of police officers does affects (sic) public policy, and the make-up of the police force inherently affects the social policy of a city." *City of Jackson v. Powell*, 917 So. 2d 59, 74 (¶ 52) (Miss. 2005).

Plaintiffs fail to cite any legal precedent contrary to the foregoing, but instead make generalized allegations opposing immunity. *See* [43] Opp. Memorandum, pg. 16 ("[I]t is indisputable that no basis for immunity from liability under the MTCA exists for Rankin County.") Because applicable Fifth Circuit and Mississippi Supreme Court precedent

---

[8] *Williams v. City of Batesville*, 313 So. 3d 479, 483 (¶ 14) (Miss. 2021).

[9] In *Sandifer*, the Mississippi Supreme Court employed the two-prong public-policy test (*i.e.*, the *Wilcher* test) as opposed to the *Brantley* test, *see Brantley v. City of Horn Lake*, 152 So. 3d 1106, 1112-13 (Miss. 2014), to determine that discretionary function immunity applied. *See Sandifer*, 107 So. 3d at 986 (¶ 29); *see also Wilcher v. Lincoln County Bd. of Supervisors*, 243 So. 3d 177, 185 (¶ 23) (Miss. 2018).

mandate dismissal pursuant to the MTCA, Rankin County respectfully requests that any and all state law claims against it be dismissed with prejudice.

5. **Conclusion**

For the above-mentioned reasons, as well as all legal precedent and analysis in their [35] Motion and [36] Memorandum, Rankin County and Sheriff Bailey are entitled to judgment in their favor on all claims against them and respectfully request that any and all claims against them be dismissed with prejudice.

**RESPECTFULLY SUBMITTED,** this 18th day of January, 2024.

        **RANKIN COUNTY, MISSISSIPPI & SHERIFF BRYAN BAILEY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES - DEFENDANTS**

        BY:   */s/ Jason E. Dare*
                **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@bislawyers.com
BIGGS, INGRAM & SOLOP, PLLC
Post Office Box 14028
Jackson, Mississippi 39236-4028
Telephone:   (601) 987-5307
Facsimile:    (601) 987-5307