IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL COREY JENKINS AND EDDIE TERRELL PARKER | PLAINTIFFS |
| VS. | CIVIL ACTION NO.: 3:23-cv-00374-DPJ-ASH |
| RANKIN COUNTY, MISSISSIPPI, ET AL. | DEFENDANTS |

**DEFENDANT THE CITY OF RICHLAND'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

The City of Richland did not allow or condone Hartfield's actions on the night of January 24, 2023. Plaintiffs have pled no previous instances of misconduct that would have put the City on notice that Hartfield could commit the atrocious acts at issue. Nor have Plaintiffs plausibly pled that the City ratified the actions. Quite differently, the City took immediate action based on the information it had at the time. Hartfield resigned before the City could take any further action once the truth came to light. Hartfield has now been sentenced to 10 years in federal prison and is still awaiting sentencing by the State. Hartfield is being punished as he should be for his criminal activity.

In short, the mere fact that Hartfield was employed by the City does not lead to liability for the City. That would be no more than vicarious liability which Section 1983 forbids. All claims against the City should be dismissed.

## REBUTTAL ARGUMENTS

<u>Failure to Supervise</u>. Plaintiffs argue that their conclusory allegations that the City allowed Hartfield to "act as a free agent" and patrol with the Goon Squad outside of the City limits is enough to plead a failure to supervise theory. But case law is clear that such a theory is subject to

a high pleading threshold, and Plaintiffs have fallen woefully short here.  *E.g.*, *Tuttle v. Sepolio*, 68 F.4th 969, 975 (5th Cir. 2023).

Specificity in pleading is required.  *See Morris v. City of Fort Worth*, 2020 WL 2343151, *2 (N.D. Tex. May 8, 2020) ("The 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.' . . . Naked assertions, labels and conclusions, and formulaic recitations are not sufficient to show that plaintiff has a substantially plausible claim.  Specificity is lacking here.

Plaintiffs merely allege that Hartfield was allowed to act as a free agent, allowed "to roam with Rankin County officers . . . on a routine basis."  Even if it were true (which is disputed), there are no facts pled regarding these other occasions, i.e. how many times Hartfield was allegedly allowed to work with the deputies, whether the Board of Aldermen was aware that he was doing so, what occurred on these other occasions, or whether Hartfield was allegedly present on another occasion during which the Goon Squad violated someone's civil rights.  Without facts, liability cannot attach.  *See Watt v. New Orleans City*, 2023 WL 6807033, *2 (5th Cir. Oct. 16, 2023) ("Watt misunderstands what is required to survive a Rule 12(b)(6) motion as to his *Monell* claim. Watt's pleadings had to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'  The facts set forth in Watt's complaint do not state a plausible *Monell* claim, but only a speculative one.")

As to the fact that Hartfield was off-duty on the night the incident occurred, Plaintiffs do not deny it.  Instead, they merely state there is no admissible evidence in this matter.  But these facts were part of the guilty plea transcript in the criminal case, which this Court can take judicial notice of.  *E.g.*, *U.S. Bank Nat'l Ass'n v. Lamell*, 2021 WL 954848, *4 n.3 (S.D. Tex. Jan. 18, 2021) ("The Court will consider these documents filed in state court because they are public

records, which may be considered on a Rule 12(b)(6) motion."). In the guilty plea transcript, the stipulated facts for Christian Dedmon's plea included that, on January 24, 2023, while Dedmon was "cooking at his neighbor's house with his neighbor and Joshua Hartfield," Dedmon received a call from Brett McAlpin instructing him to go to the Braxton residence, and Dedmon "invited Hartfield to ride along with him in Dedmon's Rankin County Sheriff's Office-issued truck." *United States v. McAlpin, et al.*; No. 3:23-cr-00062-TSL-LGI, Doc. No. 83 at p.85 (S.D. Miss. Oct. 16, 2023).[1]

Plaintiffs also fail at the policymaker deliberate indifference prong. As to policymaker, Plaintiffs misunderstand their burden. Although they do not have to plead the identity of the policymaker, they do have to plead facts as to the policymaker's deliberate indifference. Except in wholly conclusory terms, Plaintiffs failed to plead how they believe the City, through its Board, was deliberately indifferent.

There are, in fact, no allegations about deliberate indifference at all. As noted in the opening brief, deliberate indifference is a "stringent" standard and "ordinarily" requires a pattern of similar instances that would have put the City on notice that a lack of supervision could possibly cause a constitutional violation. See *Connick v. Thompson*, 563 U.S. 51, 62 (2011); *Bd. of Bryan Cty. Comm'rs v. Brown*, 520 U.S. 397, 409 (1997).

Again, Plaintiffs have pled no facts alleging any prior incidents involving Hartfield or involving Hartfield allegedly working with the deputies that would satisfy the deliberate-indifference requirement. *E.g.*, *Watt*, 2023 WL 6807033 at *2; *Sanders-Burns v. City of Plano*,

---

[1] *See also* https://www.wapt.com/article/goon-squad-sentencing-joshua-hartfield/60269015 (last visited Mar. 26, 2024) (noting Hartfield was off duty at the time) ; https://www.facebook.com/richlandmspd1975/posts/pfbid0k1FPhdZa65gmuny1MgxBGXdKtb4CH2F2RvKe8kskDu5EJmah4mkUd5pAAtW4J2aQl?ref=embed_post (last visited Mar. 26, 2023) (statement from City noting Hartfield was off duty at the time). The City also notes that, while many documents in the criminal case are sealed, this Court has access to them.

594 F.3d 366, 382 (5th Cir. 2010). Even if Plaintiffs' allegations that Hartfield "routinely" worked with the deputies were true, without any prior instances of misconduct, it alone does not equate to deliberate indifference. *E.g.*, *Clayton v. City of Oxford, Miss.*, 2022 WL 1763364, *5 (N.D. Miss. May 31, 2022) ("[T]he Court notes that this string of suppositions, standing on its own, is devoid of specific facts that would cause any complaint to cross the line separating possibility and plausibility[.]").

Then there is causation, which Plaintiffs do not meaningfully address. Conclusory allegations of causation do not satisfy the "rigorous" standard. There are no factual allegations that any failure to supervise Hartfield actually caused Plaintiffs' injuries, where Hartfield was off-duty, at a cookout, rode in a deputy's vehicle, and had not been involved in any previous instances of unconstitutional acts.

Plaintiffs' bare bones allegations simply cannot sustain this already "tenuous" claim.

<u>Failure to Discipline/Ratification.</u> In their response brief, Plaintiffs clarify that they are not proceeding under a failure-to-discipline theory but rather a ratification theory. But as explained in the opening brief, this is not one of the "extreme factual situations" in which a ratification theory is viable. *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 755 (5th Cir. 2009)

The Fifth Circuit has explained that, only "[i]f the authorized policymakers approve a subordinate's decision <u>and</u> the basis for it, [could] their ratification . . . be chargeable to the municipality [.]" *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 395 (5th Cir. 2017) (emphasis added) (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 854 (5th Cir. 2009)). In other words, "[a] policymaker must have actual knowledge of the improper basis for the subordinate's

action and yet approve the action anyway." *Hunter v. City of Houston*, 564 F. Supp. 3d 517, 531 (S.D. Tex. 2021) (citing *Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 604 (5th Cir. 2001)).

That is because "subsequent ratification of a [constitutional violation] does not cause [a] constitutional injury." *See Hobart v. City of Stafford*, 916 F. Supp. 2d 783, 799 (S.D. Tex. 2013). What is required is pre-incident ratification of an unconstitutional policy. *Id.* at 794-95. Indeed, even "a policymaker who defends conduct that is later shown to be unlawful does not necessarily incur liability on behalf of the municipality." *Peterson*, 588 F.3d at 849. "[A]lmost without exception, allegations 'limited to the events surrounding the plaintiff' himself cannot constitute 'an allegation of a de facto policy.'" *Fenimore v. Hill*, 2024 WL 495954, *6 (N.D. Tex. 2024) (citing *Culbertson v. Lykos*, 790 F.3d 608, 629 (5th Cir. 2015)).

No ratification is present here. Hartfield was initially disciplined and resigned before the full extent of his participation in the incident came to light and he could be terminated. The Board minutes, which are public records and can be considered without conversion of the motion, confirm this. *E.g.*, *Watkins v. Green*, 548 F.2d 1143, 1146 (5th Cir. 1977) ("The minutes are public records, open to the inspection of any interested person, especially litigants and their attorneys[.]"); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").[2] Because the City disciplined Hartfield, there can be no ratification.

As explained above, neither have Plaintiffs pointed to any similar instances that could infer pre-incident ratification of a policy.

---

[2] A City may only speak and act through its Board minutes. *James v. City of Pontotoc, Miss.*, 364 F. App'x 151, 153 (5th Cir. 2010). This is also why Plaintiffs' request for discovery is inappropriate on this issue. In *James*, the Fifth Circuit held that the minutes are the sole evidence that can be considered as to what the Board did – even videotape evidence that the minutes are wrong cannot overrule the written minutes. *Id.*

Request for Discovery. Finally, Plaintiffs end their response by seeking discovery. There are several problems with this request. First, Defendants filed for summary judgment in the alternative out of an abundance of caution. It is Defendants position that (1) this motion can be decided without consideration of any extrinsic evidence, but (2) even if the evidence attached to the motion is considered, it is public record that can be considered without conversion. Next, is that, Rule 56(d) requires such requests to set forth "by affidavit or declaration" "specific reasons" why it cannot adequately oppose the motion. Plaintiffs did not do so.

The Fifth Circuit has recently explained that a Plaintiff cannot blame a failure to plausibly plead a claim on a lack of discovery. In *Watt*, 2023 WL 6807033 at *2 (5th Cir. Oct. 16, 2023), the plaintiff blamed his failure to plead a plausible claim on the lack of discovery. The Fifth Circuit affirmed the dismissal, holding that the plaintiff cannot be allowed "to embark on an unjustified fishing expedition against the City to discover facts that might have justified proceeding beyond the Rule 12(b)(6) state if they had been alleged at the outset." *Id.* (cleaned up). The same result should follow here.

## PUNITIVE DAMAGES

Plaintiffs concede that they are not seeking punitive damages against the City.

## CONCLUSION

Bottom line: Hartfield committed a criminal act. The City of course does not have an express policy telling officers to commit crimes, and Plaintiffs cannot identify even one such prior similar act, much less the numerous ones needed to show an unofficial custom. And rather than condone the crime, the City suspended Hartfield, investigated it, and ultimately separated themselves from him. None of this satisfies the "demanding standard" of municipal liability. *Peterson*, 588 F.3d at 852. Plaintiffs' claims against the City of Richland should be dismissed.

Dated: March 27, 2024.

                        Respectfully submitted,

                        PHELPS DUNBAR LLP

                        BY:  /s/ *Mallory K. Bland*
                              G. Todd Butler, MB #102907
                              Mallory K. Bland, MB #105665
                              4270 I-55 North
                              Jackson, Mississippi 39211-6391
                              Post Office Box 16114
                              Jackson, Mississippi 39236-6114
                              Telephone: 601-352-2300
                              Telecopier: 601-360-9777
                              Email: butlert@phelps.com
                                         mallory.bland@phelps.com

                        **ATTORNEYS FOR THE CITY OF RICHLAND**

## CERTIFICATE OF SERVICE

I certify that, on March 27, 2024, I had this MEMORANDUM electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record.

*s/ Mallory K. Bland*
Mallory K. Bland