IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| MICHAEL COREY JENKINS, *et al.* | : | |
|---|---|---|
| Plaintiffs, | : | |
| | : | Civil Action No. |
| v. | : | 3:23-cv-374-DPJ-FKB |
| | : | |
| RANKIN COUNTY, MISSISSIPPI, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE RENEWED MOTION OF DEFENDANTS RANKIN COUNTY & SHERIFF BRYAN BAILEY FOR JUDGMENT ON THE PLEADINGS PREMISED, IN PART, ON QUALIFIED IMMUNITY [Doc.35]**

Come now the plaintiffs, by and through counsel, and hereby submit this supplemental opposition of the Renewed Motion of Defendants Rankin County & Sheriff Bryan Bailey for Judgment on the Pleadings Premised, In Part, On Qualified Immunity [Doc.35]. This supplement is not presented as a second bite of the apple rather, it is submitted for the purpose of bringing to the Court's attention pertinent information that has become available that fully supports the plaintiffs' contention that discovery in this case is far more likely than not to uncover the full extent, and duration of the unlawful actions of the "Goon Squad" and the full extent of Sheriff Bailey's complicity therewith.

While it is abundantly clear that the plaintiffs' detailed, 162 paragraph Amended Complaint [Doc.28] alleges conduct by Sheriff's Deputy defendants that is unconstitutional, which is acknowledged by guilty pleas to criminal charges resulting from the torture of the plaintiffs, and that Sheriff Bailey was aware of that criminal conduct prior to plaintiffs' torturing ordeal, recent events have made this fact unassailable. At his sentencing hearing,

defendant Hunter Elward admitted that the conduct at issue in this case has been occurring for years:

> I don't want to get too personal, Mr. Jenkins. I see you every dadgum night. And I can't go back and do what's right, **because to sit here and say that I could go back and do what's right would mean that I needed to go back 7 years to the first time I saw this type of behavior**. [emphasis added].

Elward Sentencing Hearing at pg. 26. (U.S. v. Hunter Thomas Elward, Crim. Nos. 3:23CR62, 3:23CR63 3/19/2024).

In addition, defendant Christian Dedmon has now admitted that there existed a culture of violence and unconstitutionality as alleged in plaintiffs' amended complaint. Speaking to the Honorable Tom S. Lee of this Court, defendant Dedmon pronounced:

> I got into law enforcement not as a devil. I really wanted to make a difference in my community. I stand before you today, 29 years old, with a sound mind that I can make choices for myself, sir. As my attorney said, **there was a culture of doing things, and I'm probably the only person 28 years old that was ever promoted to narcotics investigator in a county as big as Rankin as fast as I was, and it was because instead of choosing to do the right thing, I chose to be a show-off for an expectation of the ones that came before me and became my boss**. [emphasis added].

Dedmon Sentencing Hearing at pg. 25. (U.S. v. Christian Lee Dedmon, Crim. Nos. 3:23CR62, 3:23CR63 3/20/2024).

It is the plaintiffs' position that this is just the tip of the proverbial iceberg when it comes to exposing the depth of knowledge regarding the lawlessness of Rankin County law enforcement officers possessed by both the County defendant and Chief Bailey. And inasmuch as applicable law is that when considering a motion to dismiss a complaint at this stage, the standard:

> simply calls for enough fact(s) to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.

*In re S. Scrap Material Co.*, LLC, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556). Plaintiffs' amended complaint more than satisfies this requirement, and the Court can harbor no doubt, if any existed before the revelations of defendants Elward and Dedmon, that discovery in this case will reveal the mountain of evidence that exists in support of plaintiffs' claims regarding the liability of Rankin County and Chief Bailey.

Wherefore, for the reasons stated herein and in the record of this proceeding, the plaintiffs urge the Court to summarily deny defendants' motion.

Respectfully submitted on 4/15/ 2024 by:

 /s/  MALIK SHABAZZ  ESQ /S/
**MALIK SHABAZZ, Esq.**
The Law Office of Malik Shabazz, Esq.
D.C. Bar # 458434
6305 Ivy Lane,
Suite 608
Greenbelt, MD 20770
Email:Attorney.shabazz@yahoo.com
Tel: (301) 513-5445
Fax: (301) 513-5447
(Lead counsel for Plaintiff)


 /S/ TRENT WALKER ESQ /S/
**TRENT WALKER, Esq.**
The Law Offices of Trent Walker
M.S.B. #10475
5245 Keele Street
Suite A
Jackson, Mississippi
39206
Email:Trent@Trentwalkeresq.com
(Mississippi Local Counsel)
(601) 321-9540

# CERTIFICATE OF SERVICE

I, Malik Shabazz, counsel for Plaintiff, do hereby certify that I have this day filed the above and foregoing **supplemental response** with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record. So certified, this the 15th day of April, 2024.

/s/Malik Shabazz/s/