**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MICHAEL COREY JENKINS, et al.**                                              **PLAINTIFFS**

**v.**                                                         **CAUSE NO. 3:23cv374-DPJ-ASH**

**RANKIN COUNTY, MISSISSIPPI, et al.**                                  **DEFENDANTS**

---

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBIT IN SUPPORT OF
[35] RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS PREMISED, IN PART, ON
QUALIFIED IMMUNITY**

---

**NOW COME** Defendants, Rankin County, Mississippi and Sheriff Bryan Bailey, by and

through counsel, and move this Court for leave to file a supplement exhibit in support of their

renewed Rule 12(c) motion by stating as follows:

1.        Plaintiffs' [28] Amended Complaint alleges the following:

73. On July 26, 2021, Defendant ELWARD was involved in the subduing of an
unarmed Damien Cameron. Cameron died after being restrained by defendant
Elward and another Rankin County deputy by the name of Luke Stickman.

74. In an affidavit dated April 13, 2023, Monica Lee, Cameron's mother and a
witness to the occurrence, indicated that Stickman and defendant ELWARD
choked Cameron to death by placing a knee across the back of his neck, long
after Cameron was completely immobilized. Cameron's last words to ELWARD
and Stickman were that he *could not breathe* (Lee v. RANKIN COUNTY Circuit
Court for Rankin County, Cause No. 2022-073).

75. Despite actual and constructive notice of the above facts, Defendant
RANKIN COUNTY failed to create new policies to correct such conduct; failed
to create a police review board; failed to undertake any re-training of
defendant ELWARD, failed to conduct an administrative review of the
encounter to assure that it was consistent with its use of force policies, and
failed to take any meaningful action of any kind to protect the citizens of
Rankin County from unconstitutional misconduct by the law enforcement
officers it employs.

*Id.*, ¶¶ 73-75.

2.      On May 14, 2024, in the cause of action styled *Lee v. Rankin County* and bearing cause number 2022-073, the Circuit Court of Rankin County found that neither Hunter Elward nor Luke Stickman violated Damien Cameron's constitutional rights, and further found "that Lee's affidavit is so inconsistent with her prior deposition that it constitutes an obvious sham." *Lee v. Rankin County*, No. 22-073, pg. 3 (Rankin Co. Circuit May 14, 2024) (citing *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 477 (5th Cir. 2022)).

3.      Both the *Lee v. Rankin County* cause of action and the Lee affidavit are at issue in Plaintiffs' instant [28] Amended Complaint and Plaintiffs' counsel are aware of the proceedings, as they are counsel of record for Monica Lee.

4.      For these reasons, Rankin County and Sheriff Bailey respectfully request that they be granted leave to file the *Order Granting Summary Judgment* attached as **Supplemental Exhibit 1** in support of their [35] Renewed Motion for Judgment on the Pleadings Premised, in part, on Qualified Immunity.

5.      Due to the simple and straight-forward nature of the instant motion, these Defendants request to be relieved of any obligation to file an accompanying Memorandum of Authorities.

**RESPECTFULLY SUBMITTED,** this 17th day of May, 2024.

RANKIN COUNTY & SHERIFF BRYAN BAILEY - DEFENDANTS

BY:    */s/ Jason E. Dare*
         **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@bislawyers.com
BIGGS, INGRAM & SOLOP, PLLC
Post Office Box 14028
Jackson, Mississippi  39236-4028
Telephone:    (601) 987-5307
Facsimile:      (601) 987-5307