IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

MONICA LEE, INDIVIDUALLY AND ON
BEHALF OF THE ESTATE OF DAMIEN CAMERON,
DECEASED AND ON BEHALF OF ALL OF THE
HEIRS AND LAW AND WRONGFUL DEATH
BENEFICIARIES OF DAMIEN CAMERON                                   PLAINTIFFS

V.                                                      CAUSE NO. 2022-073-JM

RANKIN COUNTY, MISSISSIPPI; PAFFORD
EMERGENCY MEDICAL SERVICES INC.;
HUNTER THOMAS ELWARD; LUKE AARON
STICKMAN; AND DOE DEFENDANTS 3-10                                 DEFENDANTS

## ORDER GRANTING SUMMARY JUDGMENT

Before the Court is Defendants Rankin County, Mississippi, Hunter Elward, and Luke Stickman's Motion for Summary Judgment (Doc. 147). After due consideration, the Court finds summary judgment appropriate on the claims against Defendants. Plaintiffs cannot show a constitutional violation and, even if they could, Plaintiffs have not identified clearly established law. Consequently, the Court finds Elward and Stickman are protected by qualified immunity on the federal claims. The Court finds summary judgment is proper on the state law negligence claim as well because the County retains its immunity under the police protection exemption of Mississippi Tort Claims Act ("MTCA").

### Federal Law

Under Section 1983, individual defendants are protected by qualified immunity so a plaintiff must show both that a violation of the Constitution occurred and that the individual defendant acted objectively unreasonable under clearly established law. *Atteberry Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005). "To prevail on an excessive-force claim, [a plaintiff] must show (1) injury, (2) which resulted directly and only from a use of force that was

1

**SUPP. EXHIBIT 1**

clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017). In determining reasonableness, the Court weighs the *Graham* factors focusing on the moment force is executed: "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether [s]he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). If a constitutional violation is shown, a plaintiff still has the burden to overcome qualified immunity by identifying clearly established law. *Cass v. City of Abilene*, 814 F.3d 721, 732–33 (5th Cir. 2016).

After responding to a vandalism call and having identified the suspect, it is undisputed that Elward instructed Damien to put his hands up, but Damien fled on foot attempting to enter the house. Lee Depo. 41:11-15; Audio – Time Stamp 20:42:28; J. Cameron Depo. 33:17-19 Elward tased Damien, but Damien removed the prongs. Lee Depo. 58:24-59:1 Damien then ran inside towards the back of the house when Elward, after another warning, tased him again. Lee Depo. 41:15-16; J. Cameron Depo. 36:25-37:4. Once Elward caught up with Damien, it is undisputed that, while kneeling on Damien's back, Elward still struggled to get Damien handcuffed and subdued. Lee Depo. 41:17-19, 44:8-10; 46:13-16; 59:5-8. It is undisputed that Elward was unable to get Damien handcuffed and subdued until Stickman arrived and assisted. Lee Depo. 41: 17-25; 59:13-16. Elward or Stickman did not continue force after Damien was restrained and subdued. Lee Depo. 41: 20-25; 59:13-16; 121:25-122:4; 152:25-153:3.

Plaintiff Monica Lee offers an affidavit in response to summary judgment which contradicts her earlier deposition. In the affidavit, Lee claims after Stickman "kneeled across the back of Damien's neck....Damien told the deputies that he could not breathe, but they did not shift their positions. Damien never moved again." However, in her deposition, she recounted her

2

two earlier statements and testified that once handcuffed Damien walked and talked out of the house. Lee Depo. 42:1-5; 50:14-15; 68:19-21; 120:18-22; 121:9-12; 122:5-12; 153:4-12. The Court recognizes that the "bar for applying the [shame-affidavit] doctrine is a high one" but nevertheless finds that Lee's affidavit is so inconsistent with her prior deposition that it constitutes an obvious sham. *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 477 (5th Cir. 2022) The Court gives no credence to the affidavit in its consideration of the evidence on summary judgment.

### Elward – Fourth Amendment Excessive Force Claim

Plaintiffs cannot show a constitutional violation by Elward. Considering the evidence in the light most favorable to the non-moving party and given the circumstances of this case, where Damien fled from Elward, was non-compliant, was warned about being tased and ignored the warning, remained unfazed after being tased, physically struggled with Elward until Stickman arrived on scene, and where Elward did not use force after Damien was restrained and subdued, the Court is unable to say Elward's use of force was excessive.

### Stickman – Fourth Amendment Excessive Force Claim

Plaintiffs cannot show a constitutional violation by Stickman. Considering the evidence in the light most favorable to the non-moving party and given the circumstances of this case, where Damien physically struggled with Elward until Stickman arrived on scene, and where Stickman's application of force was only way Damien was ultimately restrained and subdued, and where Stickman did not use force after Damien was restrained and subdued, the Court is unable to say Stickman's use of force was excessive.

<u>Clearly Established Law</u>

Even if the totality of the force utilized amounted to excessive force, Plaintiffs must also show the conduct violated clearly-established law. Plaintiffs were required to cite an analogous case resolved in their favor which shows force in this situation violated the constitution. *District of Columbia v. Wesby*, 138 S.Ct. 577, 589-90 (2018). Plaintiffs cite no such case. An argument that the conduct was so clearly a violation is not enough. This exception to the general requirement of analogous precedent comes from *Hope v. Pelzer,* 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). The sort of case where *Hope* is applied is so rare that "the Supreme Court has *never* identified one in the context of excessive force." *Harmon v. City of Arlington, Texas*, 16 F.4th 1159, 1167 (5th Cir. 2021) (emphasis in original). This is not an obvious case.

Plaintiffs only cite to *Simpson v. City of Perkins*, 887 F. Supp. 126 (S.D. Miss. 1995), but it is inapplicable. Rather than providing the requisite notice that the use of force in a particular situation qualifies as excessive, *Simpson* stands for the proposition that the plaintiff's excessive force claim could be maintained, despite his underlying conviction for resisting arrest. Moreover, a district court case cannot supply the required clearly established law. *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5, (2021). At the motion to dismiss stage, the Court relied on *Timpa v. Dillard*, 20 F.4th 1020 (5th Cir. 2021), but now the record shows active resistance during the use of force. *Timpa* by contrast is about continued force when resistance stopped and the individual fully restrained. Taking this into account, the Court finds that Elward and Stickman's actions were not objectively unreasonable in light of clearly established law and therefore finds summary judgment is proper on these claims.

For all the above-mentioned reasons, the Court finds Plaintiffs have not shown a constitutional violation and have not provided a case to show that the law in this context was

clearly established, and therefore finds that Elward and Stickman are protected by qualified immunity.

## State Law

The Court finds summary judgment is also appropriate on the state law negligence claim against Rankin County. The Mississippi Tort Claims Act ("MTCA") Miss. Code Ann. § 11-46-1, *et seq.*, provides the exclusive remedy against a governmental entity and its employees for acts or omissions which give rise to a suit. According to the MTCA, a county constitutes a "governmental entity" and a "political subdivision" of the state. Miss. Code Ann. §11-46-1(g) and Miss. Code Ann. §11-46-1(i). It is the intent of the MTCA that the state and its political subdivisions shall be immune from suit at law or equity. Miss. Code Ann. §11-46-3(1). The MTCA, however, waives immunity for actions for money damages based upon the torts of governmental entities and employees to the extent set forth in the MTCA. Miss. Code Ann. §11-46-5(1).

But, there are exceptions to that waiver and relevant here is Miss. Code Ann. § 11-46-9(1)(c) which provides that the City would be immune from any claim "[a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury protection for police."

The Mississippi Supreme Court has held that "'[r]eckless disregard' under Section 11-46-9(1)(c) 'is a higher standard than gross negligence' and 'embraces willful and wanton conduct which requires knowingly or intentionally doing a thing or wrongful act.'" *Phillips v. City of Oxford*, 2023 WL 4943506, at *4 (Miss. Aug. 3, 2023) quoting *City of Vicksburg v. Williams*,

294 So. 3d 599, 601 (Miss. 2020). The Court has defined wantonness as "a failure or refusal to exercise any care, while negligence is a failure to exercise due care." *Maldonado v. Kelly*, 768 So. 2d 906, 910 (Miss. 2000).

The Court finds the state law claim against Defendant Rankin County is likewise appropriate for summary judgment. Plaintiffs cannot proceed on their negligence claim for two reasons. First, for the same reasons that the Court found Elward and Stickman's use of force was not unreasonable, the Court finds the officers were not acting with reckless disregard for Damien's safety. And second, Damien was engaged in criminal activity at all times material to this case. He attempted to evade arrest on foot, failed to comply, and resisted arrest. For all those reasons, the Court finds Defendant Rankin County retains its immunity under the police protection exemption of the MTCA.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment (Doc. 147) is granted and these Defendants dismissed.

SO ORDERED, this the 13 day of May, 2024.

                                                      CIRCUIT COURT JUDGE