IN THE UNITED STATES DISTRICT
COURT  SOUTHERN DISTRICT OF
MISSISSIPPI  NORTHERN DIVISION

MICHAEL COREY                                                            **PLAINTIFFS**
JENKINS, EDDIE
TERRELL PARKER

v.                                                    **CAUSE NO. 3:23cv374-DPJ-FKB**

RANKIN COUNTY, MISSISSIPPI;
RANKIN CO. SHERIFF BRYAN
BAILEY,  Individually, and in his official
capacity; CITY OF RICHLAND,
MISSISSIPPI;
RANKIN   CO.   DEPUTY   HUNTER   ELWARD,
Individually; RANKIN CO. DEPUTY BRETT MC'ALPIN,
Individually;    RANKIN  CO.  DEPUTY  CHRISTIAN
DEDMON, Individually; RANKIN CO. DEPUTY DANIEL
OPDYKE,  Individually;    RANKIN  CO.  DEPUTY
JEFFREY MIDDLETON, Individually;
RICHLAND, MS. DEPUTY JOSHUA HARTFIELD, Individually
**DEFENDANTS**

## ANSWER AND DEFENSES OF JEFFREY MIDDLETON

**COMES NOW** Defendant Jeffrey Middleton, in his individual capacity by and through

counsel, and submits this, his Answer and Defenses in the above styled and numbered cause, in

response to the [28] Amended Complaint filed herein against him, as follows:

### FIRST DEFENSE

Jeffrey Middleton asserts and invokes all defenses available to him pursuant to

Fed. R. Civ. P. 12(b)(1) through 12 (b] (7) for which a good faith legal and/or a factual basis

exists or may exist in his favor.

1

## SECOND DEFENSE

Jeffrey Middleton affirmatively asserts and hereby invokes all substantive and procedural defenses available to him for which he has a good faith legal and/or factual basis to assert or may exist in his favor pursuant to Miss. Code Ann. § 11-46-1 *et seq.,* specifically Including Miss. Code Ann. § 11-46-5, § 11-46-7, § 11-46-9, § 11-46-11, § 11-46-13, § 11-46-15, and § 11-46 17 as to Plaintiffs' state law claims. To the extent that Plaintiffs' [28] Amended Complaint, or any subsequently filed pleading, may seek a trial by jury on state law claims against him and moves this Court to strike any such jury demand on the basis by these statutes

## THIRD DEFENSE

Jefffrey Middleton denies any and all allegations not specifically admitted herein of the [28] Amended Complaint and to the extent there are any allegations against him in the introductory paragraph of Plaintiffs' [28] Amended Complaint he denies them.

## FOURTH DEFENSE

The [28] Amended Complaint fails to state a claim upon which relief can be granted as to defendant Jeffrey Middleton.

## FIFTH DEFENSE

Jeffrey Middleton did not breach any duty owed to Plaintiffs, nor did he violate any right or privilege of Plaintiffs, was not in charge of the situation, was not present in the room when defendants were allegedly abused and is not liable in damages.

## SIXTH DEFENSE

At all times complained of herein, Jeffrey Middleton acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without

2

deliberate indifference, without any intent to cause harm, and is not guilty of tortious conduct or omission. The actions taken by Jeffrey Middleton were taken in good faith and in good faith reliance upon then-existing law.

## SEVENTH DEFENSE

Jeffrey Middleton committed no act or omission which caused any injury, damage, and/or deprivation to Plaintiffs and is therefore not liable in damages.

## EIGHTH DEFENSE

Plaintiffs are not entitled to any relief from Jeffrey Middleton.

## NINTH DEFENSE

Plaintiffs' alleged injuries or harms were caused, unforeseeably, by persons, forces, or entities for which Jeffrey Middleton is not liable, because intervening, superseding causes, break any alleged causation link to Jeffrey Middleton.

## JURISDICTION AND VENUE

1.      Jeffrey Middleton admits that federal question jurisdiction exists herein and that venue is proper with this  Court. Except where otherwise specifically admitted herein, the allegations in ¶ 1 of  Plaintiff's [28] Amended Complaint are denied.

## NOTICE OF CLAIM

2.      Jeffrey Middleton has no knowledge of any notice of claim or any other claim or demand made on Rankin County and believes that this requires no answer on his behalf but if he is wrong in that belief he must deny same and demand strict proof thereof.

3.      Jeffrey Middleton has no knowledge of any notice of claim or any other claim or

3

demand made on Rankin County and believes that this requires no answer on his behalf but if he is wrong in that belief he must deny same and demand strict proof thereof.

4.      In response to the allegations in ¶ 4 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton does not know if Plaintiffs sent a document titled "Notice of Claim" and is dated  April 17, 2023. Except where otherwise specifically admitted, the allegations in ¶ 4 of Plaintiffs' [28] Amended Complaint are denied.

## PARTIES

5.      Jeffrey Middleton is without specific information or belief to admit or deny  the allegations in ¶ 5 of Plaintiffs' [28] Amended Complaint, and must therefore deny same.

6.      Jeffrey Middleton is without specific information or belief to admit or deny  the allegations in ¶ 6 of Plaintiffs' [28] Amended Complaint, and must therefore deny same.

7.      Jeffrey Middleton admits that Bryan Bailey is the duly elected and acting Sheriff of Rankin County, Mississippi,  and that he is subject to any and all laws, rules, and/or regulations applicable  to him. Except where otherwise specifically admitted herein, Jeffrey Middleton denies the remaining allegations in ¶ 7 of  Plaintiffs' [28] Amended Complaint.

8.      In response to ¶ 8 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton admits that Rankin County, Mississippi is a political subdivision within the State of Mississippi and that it can be vicariously liable for its employees acting within the course and scope of  their employment as defined by the MTCA. Except where otherwise specifically admitted  herein, the allegations in ¶ 8 of Plaintiffs' [28] Amended Complaint are denied.

9.      In response to ¶ 9 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton admits  that  Brett  McAlpin  ("McAlpin")  was  employed  at  the  Rankin  County  Sheriff's

4

Department as a Chief Investigator. Except where otherwise specifically admitted herein, the allegations in ¶ 9 of Plaintiffs' [28] Amended Complaint are denied.

10.     In response to ¶ 10 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton admits that he was employed at the Rankin County Sheriff's Department as a Lieutenant. Except where otherwise specifically admitted herein, the allegations in ¶ 10 of Plaintiffs' [28] Amended Complaint are denied.

11.     In response to ¶ 11 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton admits that Christian Dedmon ("Dedmon") was employed at the Rankin County Sheriff's Department as an investigator. Except where otherwise specifically admitted herein, the allegations in ¶ 11 of Plaintiffs' [28] Amended Complaint are denied.

12.     In response to ¶ 12 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton admits that Hunter Elward ("Elward") was employed at the Rankin County Sheriff's Department as a deputy. Except where otherwise specifically admitted herein, the allegations in ¶ 12 of Plaintiffs' [28] Amended Complaint are denied.

13.     In response to ¶ 13 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton admits that Daniel Opdyke ("Opdyke") was employed at the Rankin County Sheriff's Department as a deputy. Except where otherwise specifically admitted herein, the allegations in ¶ 13 of Plaintiffs' [28] Amended Complaint are denied.

14.     As the allegations in ¶ 14 of Plaintiffs' [28] Amended Complaint do not pertain or relate to Jeffrey Middleton, and he believes that he is not required to admit or deny same but if he is mistaken in that belief he must deny same and demand strict proof thereof.

15.     As the allegations in ¶ 15 of Plaintiffs' [28] Amended Complaint do not pertain or relate to Jeffrey Middleton and he believes that he is not required to admit or deny same but if he is mistaken in that belief he must deny same and demand strict proof thereof.

### FACTS RELEVANT TO ALL CLAIMS

16.     In response to ¶ 16 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton admits that the events complained of occurred at 135 Conerly Road in Braxton, Rankin County, Mississippi, a residence believed to be owned by Kristi Walley. Except where otherwise specifically admitted herein, the allegations against him in ¶ 16 of Plaintiffs' [28] Amended Complaint are denied.

17.     In response to the allegations in ¶ 17 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton has no knowledge and after reasonable investigation is unable to obtain information to admit or deny the allegations therein and so therefore must deny same and he demands strict proof thereof.

18.     Jeffrey Middleton admits that the officers on his shift were self-labeled as the Goon Squad but denies the remainder of paragraph 18.

19.     Jeffrey Middleton admits that he was the Lieutenant of the shift that referred to itself as the Goon Squad of which not all persons referenced were attached and denies the remainder of the averments of paragraph 19.

20.     In response to the allegations in ¶ 20 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton is not in possession of his phone and is not in possession of information necessary to admit or deny and after reasonable investigation must deny same and demands strict

proof thereof.

21.    In response to the allegations in ¶ 21 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton is not in possession of his phone and is not in possession of information necessary to admit or deny and after reasonable investigation must deny same and demands strict proof thereof.

22.    In response to the allegations in ¶ 22 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies the allegations contained therein.

23.    In response to the allegations in ¶ 23 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton is not in possession of his phone and is not in possession of information necessary to admit or deny and after reasonable investigation must deny same and demands strict proof thereof.

24.    Admitted as to the allegations in ¶ 24 of Plaintiffs' [28] Amended Complaint.

25.    In response to the allegations in ¶ 25 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton did not hear the radio transmission referred to therein and therefore must deny same and demands strict proof thereof.

26.    In response to the allegations in ¶ 26 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies such allegations as written.

27.    In response to the allegations in ¶ 27 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies such allegations as written.

28.    In response to the allegations in ¶ 28 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when and if the occurrence referred to therein did or did

not occur and therefore he must deny same and demand strict proof thereof.

29.    In response to the allegations in ¶ 29 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when and if the occurrence referred to therein did or did not occur and therefore he must deny same and demand strict proof thereof.

30.    In response to the allegations in ¶ 30 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when and if the occurrence  referred to therein did or did not occur and therefore he must deny same and demand strict proof thereof.

31.    In response to the allegations in ¶ 31 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there occurrence and if the occurrence referred to therein did or did not occur and therefore he must deny same and demands strict proof thereof.

32.    In response to the allegations in ¶ 32 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when and if the occurrence referred to therein did or did not occur and therefore he must deny same and demands strict proof thereof.

33.    In response to the allegations in ¶ 28 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when and if the occurrence referred to therein did or did not occur and therefore he must deny same and demand strict proof thereof.

34.    In response to the allegations in ¶ 34 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton heard the exchange but did not see it happen and therefore cannot admit or deny what Dedmon did with his service weapon but admits that Dedmon asked where the drugs were.

35.     Admitted.

36.     In response to the allegations in ¶ 36 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when and if the occurrences referred to therein did or did not happen and therefore he must deny same and demand strict proof thereof.

37.     In response to the allegations in ¶ 37 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when and if the occurrences referred to therein did or did not happen and therefore he must deny same and demand strict proof thereof.

38.     In response to the allegations in ¶ 38 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when and if the occurrences referred to therein did or did not happen and therefore he must deny same and demand strict proof thereof.

39.     In response to the allegations in ¶ 39 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when and if the occurrences referred to therein did or did not occur and therefore he must deny same and demand strict proof thereof.

40.     In response to the allegations in ¶ 40 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when and if the occurrences referred to therein did or did not occur and therefore he must deny same and demand strict proof thereof.

41.     In response to the allegations in ¶ 41 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when and if the occurrences referred to therein did or did not occur and therefore he must deny same and demand strict proof thereof.

42.     In response to the allegations in ¶ 42 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when and if the occurrences referred to therein did or did not

occur and therefore he must deny same and demand strict proof thereof.

43.    Denied.

44.    In response to the allegations in ¶ 44 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when and if the occurrences referred to therein did or did not occur and therefore he must deny same and demand strict proof thereof.

45.    Denied as written, plaintiffs were on the floor but nobody was being tased and Hartfield was not there at that time. Jeffrey Middleton has no information as to how many times any taser was discharged.

46.    Denied as written, plaintiffs were on the floor but nobody was being tased and Hartfield was not there at that time. Jeffrey Middleton has no information as to how many times any taser was discharged.

47.    In response to the allegations in ¶ 47 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when and if the occurances referred to therein did or did not occur and therefore he must deny same and demand strict proof thereof.

48.    In response to the allegations in ¶ 48 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when and if the occurrences referred to therein did or did not occur and therefore he must deny same and demand strict proof thereof.

49.    In response to the allegations in ¶ 49 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies the averments as written but admits that he told Dedmon to call medical and then left to get his medical bag out of his vehicle.

50.    In response to the allegations in ¶ 50 of Plaintiffs' [28] Amended Complaint,

Jeffrey Middleton denies the averments as written.

51.     In response to the allegations in ¶ 51 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies the averments as written.

52.     In response to the allegations in ¶ 52 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies the averments as written.

53.     In response to the allegations in ¶ 53 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies the averments as written.

54.     In response to the allegations in ¶ 54 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when the these alleged acts did or did not take place and therefore has insufficient information to admit or deny and has no way to gain such information so he must deny same and demand strict proof thereof.

55.     In response to the allegations in ¶ 55 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when the these alleged acts did or did not take place and therefore has insufficient information to admit or deny and has no way to gain such information so he must deny same and demand strict proof thereof.

56.     In response to the allegations in ¶ 56 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when the these alleged acts did or did not take place and therefore has insufficient information to admit or deny and has no way to gain such information so he must deny same and demand strict proof thereof.

57.     In response to the allegations in ¶ 57 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when the these alleged acts did or did not take place and therefore has insufficient information to admit or deny and has no way to gain such information

so he must deny same and demand strict proof thereof.

58.   In response to the allegations in ¶ 58 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when the these alleged acts did or did not take place and therefore has insufficient information to admit or deny and has no way to gain such information so he must deny same and demand strict proof thereof.

59.   In response to the allegations in ¶ 59 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when the these alleged acts did or did not take place and therefore has insufficient information to admit or deny and has no way to gain such information so he must deny same and demand strict proof thereof.

60.   In response to the allegations in ¶ 60 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not there when the these alleged acts did or did not take place and therefore has insufficient information to admit or deny and has no way to gain such information so he must deny same and demand strict proof thereof.

61.   In response to the allegations in ¶ 61 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies the allegations as written.

62.   In response to the allegations in ¶ 62 of Plaintiffs' [28] Amended Complaint Jeffrey Middleton admits that the former deputies wrote and submitted reports documenting events different than those alleged herein. Except where otherwise specifically admitted herein, the allegations in ¶ 62 of Plaintiffs' [28] Amended Complaint are denied as they relate to Jeffrey Middleton.

63.   In response to the allegations in ¶ 63 of Plaintiffs' [28] Amended Complaint

12

Jeffrey Middleton believes that this paragraph does not require an answer by him but if mistaken in that belief it is denied as written.

64.     In response to the allegations in ¶ 64 of Plaintiffs' [28] Amended Complaint Jeffrey Middleton believes that this paragraph does not require an answer by him but if mistaken in that belief it is denied as written.

65.     In response to the allegations in ¶ 65 of Plaintiffs' [28] Amended Complaint Jeffrey Middleton believes that this paragraph does not require an answer by him but if mistaken in that belief it is denied as written.

66.     In response to the allegations in ¶ 66 of Plaintiffs' [28] Amended Complaint Jeffrey Middleton believes that this paragraph does not require an answer by him but if mistaken in that belief it is denied as written.

67.     In response to the allegations in ¶ 67 of Plaintiffs' [28] Amended Complaint Jeffrey Middleton denies the allegations as written.

68.     In response to the allegations in ¶ 68 of Plaintiffs' [28] Amended Complaint Jeffrey Middleton admits the allegations thereof.

69.     In response to the allegations in ¶ 69 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton admits the allegations as written.

70.-113.     In response to the allegations in ¶ 70 through ¶ 113 of Plaintiffs' [28] Amended Complaint Jeffrey Middleton believes that these paragraphs do not require an answer by him but if mistaken in that belief, all are denied as written.

114.     In response to the allegations in ¶ 114 of Plaintiffs' [28] Amended Complaint

13

Jeffrey Middleton denies the allegations as written as they apply to him.

115.    In response to the allegations in ¶ 115 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton was not in the room when these alleged acts took place and therefore lacks information to admit or deny so he must deny and demand strict proof thereof.

116.    In response to the allegations in ¶ 116 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these allegations as he lacks information to admit or deny.

117.    In response to the allegations in ¶ 117 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these allegations as he lacks information to admit or deny.

118.    In response to the allegations in ¶ 118 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these allegations as he lacks information to admit or deny.

Jeffrey Middleton denies the allegation of the un-numbered paragraph beginning with WHEREFORE, plaintiffs Jenkins . . . . . .

119.    In response to the allegations in ¶ 119 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these allegations as he lacks information to admit or deny.

120.    In response to the allegations in ¶ 120 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these allegations.

121.    In response to the allegations in ¶ 121 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these allegations.

122.    In response to the allegations in ¶ 122 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these allegations as written.

123.    In response to the allegations in ¶ 123 of Plaintiffs' [28] Amended Complaint,

Jeffrey Middleton denies these.

124.    In response to the allegations in ¶ 124 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

Jeffrey Middleton denies the allegation of the un-numbered paragraph beginning with WHEREFORE, plaintiffs Jenkins . . . . . .

125.    In response to the allegations in ¶ 125 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

126.    In response to the allegations in ¶ 126 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

127.    In response to the allegations in ¶ 127 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these allegations as written.

128.    In response to the allegations in ¶ 128 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

129.    In response to the allegations in ¶ 129 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these as written.

130.    In response to the allegations in ¶ 130 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these allegations as written as he was not there when the plaintiffs were handcuffed and therefore lacks information and belief.

131.    In response to the allegations in ¶ 131 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

132.    In response to the allegations in ¶ 132 of Plaintiffs' [28] Amended Complaint,

Jeffrey Middleton denies these as he is without information as to these allegations.

133.    In response to the allegations in ¶ 133 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

134.    In response to the allegations in ¶ 134 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

135.    In response to the allegations in ¶ 135 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these as he had no knowledge of this.

136.    In response to the allegations in ¶ 136 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

137.    In response to the allegations in ¶ 137 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

138.    In response to the allegations in ¶ 138 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

Jeffrey Middleton denies the allegations of the un-numbered paragraph  beginning with WHEREFORE, plaintiffs Jenkins and Parker . . . . . . .

139.    In response to the allegations in ¶ 139 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

140.    In response to the allegations in ¶ 140 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

141.    In response to the allegations in ¶ 141 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

142.    In response to the allegations in ¶ 142 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

143.    In response to the allegations in ¶ 143 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

144.    In response to the allegations in ¶ 144 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

145.    In response to the allegations in ¶ 145 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

146.    In response to the allegations in ¶ 146 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

147.    In response to the allegations in ¶ 147 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

148.    In response to the allegations in ¶ 148 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

149.    In response to the allegations in ¶ 149 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

150.    In response to the allegations in ¶ 150 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

151.    In response to the allegations in ¶ 151 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton admits these.

152.    In response to the allegations in ¶ 138 of Plaintiffs' [28] Amended Complaint,

Jeffrey Middleton denies these.

153.    In response to the allegations in ¶ 153 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

154.    In response to the allegations in ¶ 154 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

Jeffrey Middleton denies the allegations of the un-numbered paragraph beginning with WHEREFORE, plaintiffs Jenkins and Parker . . . . . .

155.    In response to the allegations in ¶ 155 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

156.    In response to the allegations in ¶ 156 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

157.    In response to the allegations in ¶ 157 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

158.    In response to the allegations in ¶ 158 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

159.    In response to the allegations in ¶ 159 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

160.    In response to the allegations in ¶ 160 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

161.    In response to the allegations in ¶ 161 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

162.    In response to the allegations in ¶ 162 of Plaintiffs' [28] Amended Complaint, Jeffrey Middleton denies these.

Jeffrey Middleton denies the allegations of the un-numbered paragraph beginning WHEREFORE, plaintiffs JENKINS . . . . . .  and denies that plaintiffs are entitled to any relief whatsoever from him and prays for an Order Dismissing Jeffrey Middleton from this lawsuit and for such other relief to which he may be entitled in the premises, general, specific, legal and equitable to which he may be entitled in the premises.

Respectfully submitted,
Jeffrey Middleton

/s/ Clarence McDonald Leland MB# 9739
Attorney for Jeffrey Middleton

Of Counsel:
Clarence McDonald Leland, Ltd.
P.O. Box 1466
Brandon, Mississippi 39043
(601) 825-7978

CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the above Answer And Defenses on CM/ECF which will transmit a copy to all counsel of record.

/s/ Clarence McDonald Leland