

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MICHAEL COREY JENKINS and**                **PLAINTIFFS**
**EDDIE TERRELL PARKER**

v.                                **CAUSE NO. 3:23-cv-374-DPJ-ASH**

**RANKIN COUNTY, MISSISSIPPI, et al.**                **DEFENDANTS**

### CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **LIMITED SCOPE OF DISCOVERY AND PARTIAL LIFTING OF STAY.**

   Defendant Bryan Bailey has asserted the defense of qualified immunity (QI). The Court denied [63] his motion for judgment on the pleadings. In lieu of an immediate appeal, Bailey has moved for limited discovery on his QI defense followed by a motion for summary judgment. Mot. [68]. The Court granted his motion for limited discovery but ordered discovery to remain stayed pending entry of a case management order. Order [69].

   In accordance with *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022), the Court hereby orders that "discovery limited to the factual disputes relevant to whether QI applies" to Bailey shall proceed subject to the limitations and deadlines set forth in this Order. All other discovery shall remain stayed pending further order of the Court.

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].**

       \_\_\_\_\_    A.    Alternative dispute resolution techniques appear helpful and will be used in this civil action.

       \_\_X\_\_    B.    At this time, it does not appear alternative dispute resolution techniques will be used. The parties may contact the magistrate judge should they wish to schedule a settlement conference.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.**

   _____    A.   The parties consent to trial by a United States Magistrate Judge.

   __X__    B.   The parties do not consent to trial by a United States Magistrate Judge.

4. **DISCLOSURE.**

   _____    A.   The pre-discovery disclosure requirements of L.U.Civ.R.26(a)(1) have been complied with fully.

   __X__    B.   The following additional disclosure is needed and is hereby ordered: By October 2, 2024, the parties are ordered to serve pre-discovery disclosure requirements in accordance with Fed. R. Civ. P. 26(a)(1) and L.U. Civ. R. 16(d) and 26(a), subject to the limited discovery described in Section 5.A. below.

5. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A.   The scope of discovery is limited and shall be narrowly tailored to factual disputes relevant to Bailey's QI defense. Absent leave of Court, the only parties authorized by this order to serve discovery or notice depositions are Bailey and Plaintiffs Michael Corey Jenkins and Eddie Terrell Parker. In accordance with this limited scope, Bailey, Jenkins, and Parker may seek discovery from each other, the other defendants, experts (if any), and third parties.

   B.   Interrogatories are limited to __30__ succinct questions to each party.

   C.   Requests for Production are limited to __30__ succinct questions to each party.

   D.   Requests for Admissions are limited to __30__ succinct questions to each party.

   E.   Depositions are limited to the parties, experts, and no more than 15 fact witnesses per party without additional approval of the Court.

   F.   The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding the discovery of electronically stored information and have concluded as follows:

   - The parties may have relevant ESI.

   - The parties are ordered to retain any relevant ESI.

   - Unless otherwise agreed, ESI produced in this matter will be in .pdf format or printed and produced in paper format.

G. The court imposes the following discovery provisions or limitations as agreed by the parties:

  i. Pursuant to Fed. R. Evid. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

  ii. The Court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P. 16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

**6. SCHEDULING DEADLINES.**

   **A. Discovery.** All discovery authorized by this order must be completed by January 31, 2025.

   **B. Motions.**

   1. Bailey must file his motion for summary judgment premised on QI by February 14, 2025.

   2. Plaintiffs must file their response by February 28, 2025.

   3. Should Bailey desire to file a reply, he must do so by March 7, 2025.

   **C. Subsequent Proceedings.**

   1. Within 14 days of the Court ruling on Bailey's motion for summary judgment premised on QI, Plaintiffs shall contact the magistrate judge's chambers to schedule a status conference.

   2. Should Bailey elect not to file a motion for summary judgment premised on QI by the Court's deadline, Plaintiffs shall contact the magistrate judge's chambers request that the case be set for a case management conference.

**SO ORDERED** this the 18th day of September 2024.

/s/ Andrew S. Harris
UNITED STATES MAGISTRATE JUDGE