# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**JOSEPH GERHART AND AMANDA JO GERHART, INDIVIDUALLY, AND AS NEXT FRIEND OF BRETT MICHAEL GERHART, IAN MICHAEL GERHART, AND SARAH ROBILLARD, MINORS**                                    **PLAINTIFFS**

**v.**                                    **CAUSE NO. 3:11cv586-HTW-LRA**

**RANKIN COUNTY MISSISSIPPI, RANKIN COUNTY SHERIFF'S DEPARTMENT, SHERIFF RONNIE PENNINGTON officially and in his official and individual capacity, PEARL POLICE DEPARTMENT, PEARL POLICE CHIEF BEN SCHULER officially and in his individual capacity, THE CITY OF PEARL, MISSISSIPPI, OFFICER JAMIE SCOUTEN, in his official and individual capacity, FARRIS THOMPSON, in his official and individual capacity, DEPUTY BRETT MCALPIN, in his official and individual capacity, OTHER UNKNOWN JOHN and JANE DOES A-Z, also in their official and individual capacity**                                    **DEFENDANTS**

---

## AFFIDAVIT OF RICHARD LAWRENCE

---

**STATE OF MISSISSIPPI**
**COUNTY OF RANKIN**

    **NOW COMES** Richard Lawrence, Affiant, and first being duly sworn does hereby state upon first hand personal knowledge and under oath, as follows:

    1.    My name is Richard Lawrence and I am an adult resident citizen of Rankin County, Mississippi. I have personal, first-hand knowledge of the facts set forth in this affidavit. I am under no mental disability and am competent to make this affidavit.



EXHIBIT
C
RC 1317

EXHIBIT 6

2.      I have been employed with the Rankin County Sheriffs Department since 2003, and have been the Training Director for the Rankin County Sheriff's Department since that time.

3.      In my capacity as Training Director for the Rankin County Sheriff's Department, my duties include scheduling training for departmental employees, maintaining the training records for departmental employees and maintaining the professional certificates of all deputies.

4.      In June of 2010, the Rankin County Sheriff's Department had in place policies and procedures regarding employee conduct and warrantless searches. Additionally, the Rankin County Sheriff's Department had in place a training program to insure deputies were knowledgeable of these policies. True and authentic copies of these written policy documents are attached to my affidavit as **Exhibit 1**.

5.      The policy and procedure identified as policy number 3.5 addresses the warrantless search of a home and/or dwelling, as well as the criteria under which search warrants are not required. This policy and procedure is based on the Mississippi Model Policies and Procedures, and its purpose is to outline and present practices and procedures to be used by Rankin County Sheriff's Department personnel when conducting a warrantless search.

6.      Rankin County Sheriff's Department policy and procedure 1.9a addresses the department's training mission, goals, programs and record keeping. The purpose of training policy and procedure is to establish operating procedures for the accomplishment of training within the department, and set for the training mission for the Sheriffs Department. Policy Number 1.9a requires mandatory initial proficiency training courses and/or programs, as well as mandatory refresher training courses and/or programs. Policy 1.9a additionally requires that the Training Coordinator shall "set the dates of proficiency training and evaluations, testing

2

RC 1318

requirements, and *pass or fail* standards. Evaluation will be on a pass or fail basis and this data will be recorded in the officers training file." (emphasis in original).

7. The training policies and procedures of the Rankin County Sheriffs Department effective in 2010 were in compliance with those established by the Mississippi Law Enforcement Officers Training Program of the State of Mississippi.

**FURTHER,** Affiant further sayeth naught.

_____
**RICHARD LAWRENCE**

**SWORN TO AND SUBSCRIBED BEFORE** ME, this 6th day of February, 2012.

_____
**NOTARY PUBLIC**

**My Commission Expires:**

_____

NOTARY PUBLIC
ID # 18836
LINDA J. STRIBLING
Commission Expires
Oct. 29, 2016
RANKIN COUNTY

3

RC 1319

**Rankin County Sheriff's Department**
**Law Enforcement**
**Policies and Procedures**

| Subject: Search Warrants | Policy Number: 3.5 |
|---|---|
| **Issue Date: June 2003** | **Revision Date: January 2005** |
| **Approval Authority: Bryan Bailey, Sheriff** ||

**POLICY:**

It is the policy of the Rankin County Sheriff's Department to:
1. Have sound knowledge of the legal requirements associated with obtaining a search warrant in order to prevent suppression of evidence;
2. Provide techniques to accomplish a thorough and legal search;
3. Observe the constitutional rights of the person(s) the warrant is being served upon;
4. Minimize the level of intrusion experienced by those who are having their premises searched;
5. Respect reasonable expectations of privacy;
6. Provide for the highest degree of safety for all persons concerned; and
7. Establish a record of the entire process.

**DEFINITIONS:**

*Search Warrant:* A written order, in the name of the People, signed by a Judge, directing a law enforcement officer to search for specified personal property or person if a valid arrest warrant is pending with instructions to bring it before the Judge.

**PROCEDURES:**

**Warrant-less Searches:**
The Fourth Amendment to the U.S. Constitution prohibits unreasonable searches. Officers conducting searches without warrants must prove that searches are reasonable. Therefore, officers should consider obtaining search warrants whenever time and circumstances permit. Search warrants are not required if officers are:

1. Securing weapons or evidence of a crime incident to an arrest;
2. Assisting individuals under life-threatening situations;
3. Protecting the public from harm;
4. Searching for additional victims at crime scenes;
5. Protecting vital evidence;
6. Pursuing a perpetrator;
7. Searching vehicles based on probable cause that the suspects may contain contraband; and
8. Searching individuals under their voluntary, verbal or written consent.

**EXHIBIT**
tables
RC 1320

**Legal Basis for Seeking a Search Warrant:**
The following guidelines will be followed by all officials of the Rankin County Sheriff's Department when obtaining search warrants:

1. Officers must be able to articulate probable cause to believe that specific evidence, contraband, or fruits of a crime may be found at a particular location.
2. Any facts that establish probable cause must be clear and specific. The officer will base all facts on:
   a. Personal observation or knowledge; or
   b. Information from a reliable source.
3. When informants are used, particularly confidential informants, specific information should be provided on their reliability.

**Affidavit Preparation:**
An affidavit supporting the warrant will be prepared on the appropriate agency form before executing a warrant. Affidavits are vital to the search warrant validity. Affidavits should clearly and completely convey the following information:

1. An offense description with reference to the criminal code section, where possible.
2. An accurate street address of the location to be searched;
3. If conducting a complete search of a home and its surroundings, the affidavit should specify a "premises" search and its "curtilage" and should identify any outbuildings such as garages, tool sheds or barns, where appropriate;
4. Any motor vehicles known to be on the premises that may be searched should be specified;
5. Anyone who is searched, besides being frisked for weapons, should be noted by name in the affidavit.
6. The specific items to be searched for will be detailed in the affidavit, including any alterations made to those items;

**Time Limitations – Execution of a Search Warrant:**
It is the policy of Rankin County Sheriff's Department to execute search warrants as soon as possible following the conditions of warrant. Circumstances may warrant execution that include, but are not limited to:

1. The seizable items have not arrived at the search site;
2. The probability that substantial resistance will be encountered; and
3. A particular person(s) is absent from the search site and it is determined that the search would best be conducted if that person were present.

**Preparation – Execution of a Search Warrant:**
Prior to entering the premises, the supervisory officer will:

Ensure that the warrant is valid;
Confirm that the property about to be searched is the property listed on the warrant;
Conduct a pre-entry briefing of the execution process with all search team personnel to include:

   a. Review of the order of operations and procedures;

RC 1321

b. A simulation of conditions of the search using the appropriate maps, charts and diagrams; and
c. Tactics and equipment to be used in the event of forced entry.

Review the most current intelligence available to determine whether circumstances have changed that may make executing the search warrant at that time undesirable; Include at least one uniformed officer in the execution of the search warrant;

Ensure that all non-uniformed officers can be clearly identified as law enforcement officers by distinctive armbands, jackets or other indicators of office;

## Entry Procedures – Execution of a Search Warrant:
All officers should follow these guidelines:

1. Entry into a property for the purpose of serving a search warrant may occur at any time of the day or night if the affidavit provides good cause and permission is granted in the warrant.
2. Approach the scene without sirens.
3. Make contact with the surveillance team to ensure that the time is appropriate to serve the search warrant.
4. The supervisory officer will notify persons inside the search site, in a voice loud enough to be heard inside the premises, that he/she is a police officer and has a warrant to search the premises, and that he/she demands entry to the premises at once.
5. Search team personnel will be positioned so that all exits from the property are covered;
6. Once inside the property, the supervisory officer will ensure that a member of the search team conducts a security sweep of the search site.
7. After the search site has been secured, officers will develop a prioritized strategy that details the likely whereabouts of the items to be seized and an order of operation for conducting the search.
8. An officer will be designated to collect, preserve and document all items seized from the property.
9. Any real property that is damaged during an entry:

   a. Will be secured or guarded until the property is secured, if the property is left vacant; and
   b. Be detailed in a special report prepared on the actions that caused the damage and the nature and extent of the damage.

## Record of the Search Warrant:
Officers will record and provide a list of any property taken during a search, return the warrant along with the list of property seized and deliver the property inventory to the appropriate judicial authority within specified time limits.

RC 1322

### Rankin County Sheriff's Department
### Law Enforcement
### Policies and Procedures

| Subject: Training and Proficiency Testing | Policy Number: 1.9a |
|---|---|
| **Issue Date:** June, 2003 | **Revision Date:** August, 2005 |
| **Approval Authority: Bryan Bailey**, Sheriff | |

**POLICY:**

Officers of this Agency will receive meaningful training that meets or exceeds minimum training requirements mandated by the State to ensure that they and other employees maintain the skills necessary to efficiently and effectively carryout their duty assignments.

**DISCUSSION:**

Training is one of the most important activities in any law enforcement agency. Training serves three broad purposes. First, trained officers are generally better prepared to act decisively in an ever-widening range of situations. Second, effective training results in greater productivity and effectiveness. Third, it fosters cooperation and unity of purpose.

**PROCEDURES:**

**Goals:**
The goals of the Rankin County Sheriff's Department training program include:

1. Meeting mandatory and in-service training requirements;
2. Exceeding mandatory and in-service training requirements;
3. Maintaining better educated, more professional personnel;
4. Each officer receiving no less than twenty hours of in-service training each calendar year;
5. Maintaining officer *demonstrated proficiency* levels regarding key enforcement tools such as:
    a. Firearms
    b. Chemical weapons
    c. Handcuffs and other restraint devices
    d. Long, short, collapsible, or other batons
    e. Special weapons and tactics
    f. Emergency vehicles
6. Efficiently and effectively accomplishing departmental objectives;
7. Improving law enforcement and community relations;
8. Developing career opportunities within the agency;

**RESTRICTED LAW ENFORCEMENT DATA**
This data is proprietary and will not be duplicated, disclosed, or discussed, without the written permission of this agency. Data subject to this restriction is contained throughout this publication.

RC 1323

Case 3:23-cv-00586-HTW-LRA  Document 28-6  Filed 02/06/25  Page 8 of 8

Law Enforcement Policies and Procedures, 1.9a Training and Proficiency Testing

9.  Training in specialized areas of law enforcement;
10. Uniformity of service, response capabilities, and understanding for officers and employees of the department; and
11. Developing officer skills in working with the law-abiding citizens of the community.

## Proficiency Ratings:

No officer or employee will carry or use any of the following items without having completed an initial course in it's application, and periodically *demonstrating proficiency* in its application.

The Training Director will set the dates of proficiency training and evaluations, testing requirements, and *pass or fail* standards. Evaluation will be on a pass or fail basis and this data will be recorded in the officers training file.

Refresher training will generally be provided just prior to evaluation. Where and to the extent possible, officers will be evaluated by realistic practical as apposed to written examination.

**RESTRICTED LAW ENFORCEMENT DATA**
This data is proprietary and will not be duplicated, disclosed, or discussed, without the written permission of this agency.  Data subject to this restriction is contained throughout this publication.

RC 1324