# Malik Z. Shabazz, Esq.

700 Pennsylvania Ave
Suite 200
Washington, DC 20003
(301) 513-5445
(301) 513-5447
email: litigation.shabazz@yahoo.com

March 21, 2025

**Via Email**

Jason Dare Esq.
BIGGS, INGRAM & SOLOP, PLLC
Post Office Box 14028 Jackson,
Mississippi 39236-4028

Re:   Discovery matters; re: 3:23-cv-374-DPJ-ASH

Dear Jason:

Per our 3/20/2025 Conference Call with Magistrate Harris, here are plaintiffs list of remaining discovery issues with defense counsel. I am available to discuss these matters anytime on Monday.

| DISCOVERY ISSUE | STATUS |
|---|---|
| Plaintiffs' RPD #6 | Plaintiffs' is hereby further identifying all taser logs needed for all people listed in plaintiffs' interrogatory #3.<br><br>**Plaintiff Requests**: all Taser reports in your possession which refer to the specific incidents and/ or arrests listed below involving: Joey Gerhart and Brett Gerhart Samuel Carter Alan Schmidt Rick Loveday Christopher Holloway Maurice Porter Barry Yawn and Jacobi Hopkins<br><br>**Joey Gerhart and Brett Gerhart**<br>Date of incident: 6-7-2010<br>Taser logs needed: Brett McAlpin: Bradley McClendon: Johnnie Barnes<br><br>**Samuel Carter**<br>Date of incident: 6-9-2016 [RC 1303]<br>Taser Logs Needed: Brett McAlpin; James Rayborn; Gerald Bacon; George Barrentine; Joshua Macko; Drew Payne; Christiana Dolan; Gary Williams; Craig Williams |

1

| | |
|---|---|
| | **Alan Schmidt**<br>Date of incident: 12-2-2022<br>Taser logs needed:  Christian Dedmon; Hunter Elward<br><br>**Rick Loveday:**<br>Date of incident: 10-23-18<br>Taser logs needed:  Christian Dedmon; Luke Stickman; Roger Chad Thornton; Cody Grogan<br><br>**Christopher Holloway 6-9-2016**<br>Date of incident: 6-9-2016 [RC 1303]<br>Taser Logs Needed: Brett McAlpin; James Rayborn; Gerald Bacon; George Barrentine; Joshua Macko; Drew Payne; Christiana Dolan; Gary Williams; Craig Williams<br><br>**Maurice Porter**<br>Date of incident: 3-27-2019 [RC 1635]<br>Taser Logs Needed:  Brett McAlpin; Christian Dedmon; Hunter Elward; Luke Stickman<br><br> **Barry Yawn**<br>Date of incident: 5-31-2022<br>Taser Logs Needed: Christan Dedmon; Cody Hamilton; Deputy Opdyke<br><br>**Jacobi Hopkins:**<br>Date of incident: 6/19/2021<br>Taser Logs Needed:  Christian Dedmon; Luke Stickman |
| Plaintiffs' RPD # 15<br><br>Produce all documents associated with any and all requests for information delivered to you by the U.S. DOJ and/or the Mississippi Bureau of Investigation following the January 2023 incident which is the subject of this lawsuit. | SUPPLEMENTAL RESPONSE: In addition to the foregoing objections, Rankin County objects to production of the entirety of any internal investigations file to the extent that any Garrity statements were provided and/or to the extent that production of investigative notes and/or findings of IA investigators would deter future cooperation with IA investigations.<br><br>Rankin County will produce all documents and/or tangible items collected by its IA investigators for the incident at issue and all similar allegations. Rankin County does not produce IA files # 2023071341-PTS (relating to a dog falling out of a civilian's car window), # 2023080002-IAD (related to a civilian altercation), # 2023090001-IAD (related to animals at the Rankin County Animal Shelter); and # 2023100001-IAD |

2

| | |
|---|---|
| | (related to a deputy knocking on a civilian's door with no answer).<br><br>**Plaintiffs' Request:**<br><br>To alleviate any concerns that the defendant may have with respect to releasing any Garrity files and/or findings of IA investigations, the plaintiffs will execute an appropriate protective order consistent with F.R.C.P. 26(c)(1)(G).<br><br>> The amendments to subdivision (b) make clear the broad scope of examination and that it may cover not only evidence for use at the trial but also inquiry into matters in themselves inadmissible as evidence, but which will lead to the discovery of such evidence. The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case.<br><br>Notes of Advisory Committee on Rules - 1946 Amendment Subdivision (b). |
| Plaintiffs' RPD # 17 | **Plaintiffs anticipate receiving from Rankin County, Dedmon's phone logs; text messages,** |
| Plaintiff's RPD No. 23: For the foregoing complaints in Request #21, please provide all body worn camera footage; internal investigation reports; taser logs and use of force and/or "offense reports" which were used in review of the complaints provided in Question 21. | RESPONSE: Rankin County objects to RFP #23 on the grounds that it is overly broad and/or unduly burdensome. The use of body worn cameras began in October of 2021, and such media takes up hundreds of terabytes of storage. Further, production of IA investigation reports is objected to on the basis that such documents contain information that is confidential and subject to the rights of the interviewee. Subject to and without waiver of all foregoing objections, Plaintiffs are directed to those documents dates numbered RC 2770 through RC 3352.<br><br>**Plaintiffs' Requests:**   Plaintiff is requesting defendant allow plaintiff to bring an eternal hard drive to defendant so that the body worn camera footage related to complaints and investigations be downloaded to the plaintiff.<br><br> As to any documents that have been withheld based upon confidentiality or more precisely because it is alleged to be privileged, Rule 26(a)(5) requires that the asserting party must: |

|  | i) expressly make the claim; and<br><br>(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.<br><br>There has been no compliance with this Rule by the County. Moreover, "To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection."  Notes of Advisory Committee on Rules - 1993 Amendments. |
|---|---|
| Plaintiff's RPD #25 | 3 as to RPD 23 |
| Plaintiff's RPD 27 Please provide all documents pertaining to performance reviews for the years 2018-2023 for all defendant deputies Elward, Dedmon, McAlpin, Opdyke, and Middleton, and any others involved in the Michael Jenkins and Eddie Parker incident of 1/24/2023. | RESPONSE: Rankin County objects to production of the personnel files, including performance reviews of Elward, Dedmon, McAlpin, Opdyke, and Middleton on the basis that many of the documents contained therein contain privileged and/or confidential information.<br><br>**Plaintiffs Request:**<br><br>To the extent that the defendant has concerns about the release of the defendant officers' personnel files, the plaintiffs agree to execute a protective order consistent with F.R.C.P 26(c)(1)(G). As such, any concerns in that regard should no longer exist. Insofar as there are additional matters of concern regarding privilege and/or confidentiality that the defendant maintains still exist despite having failed to comply with Rule 26(a)(5), the plaintiff is amenable to reasonable redactions of social security numbers, medical/insurance information, spouses names etc. |
| Plaintiff's RPD #29<br><br>Please provide the entire personnel file of defendant deputies Elward, Dedmon, McAlpin, Opdyke, and Middleton. | RESPONSE: Rankin County objects to production of the personnel files, including performance reviews of Elward, Dedmon, McAlpin, Opdyke, and Middleton on the basis that many of the documents contained therein contain privileged and/or confidential information.<br><br>**Plaintiffs Request:**<br><br>To the extent that the defendant has concerns about the release of the defendant officers' personnel files, the plaintiffs agree to execute a protective order consistent with F.R.C.P 26(c)(1)(G). As such, any concerns in that regard should no longer exist. Insofar as there are additional matters of concern regarding privilege and/or confidentiality that the |

|  | defendant maintains still exist despite having failed to comply with Rule 26(a)(5), the plaintiff is amenable to reasonable redactions of social security numbers, medical/insurance information, spouses names etc. |
|---|---|
| Plaintiff's RPD #30 | Plaintiffs Request: Medical files per 4 medical releases due which were sent to defendant |

                Respectfully submitted:

                _/s/_ MALIK SHABAZZ_ESQ /S/_
                **MALIK SHABAZZ, Esq.**
                The Law Office of Malik Shabazz, Esq.

Cc: Trent Walker Esq.