IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL JENKINS,** *et al.* | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | Civil Action No. |
| v. | : | 3:23-cv-374-DPJ-ASH |
| | : | |
| | : | |
| **RANKIN COUNTY, MISSISSIPPI,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT RANKIN COUNTY

Come now Plaintiffs, by and through counsel, and pursuant to F.C.R.P. Rule 37 and hereby moves to compel discovery responses to Plaintiffs Request for Documents # 6, # 17, #23, #27, #29, #30. Plaintiffs' Motion to Compel is related to Plaintiffs' request for production of IA investigation notes, findings, Garrity statements, body-worn camera footage, taser logs and personnel files. Plaintiffs shall file a separate Motion to Extend Discovery Deadline for the limited purposes of filing their Motion to Compel under separate cover.

### I. RELEVANT FACTS

1. Prior to filing this Motion to Compel, Plaintiffs' counsel conferred with counsel to Defendant Bailey through conference call on March 21, 2025; conference call with Judge in Chambers March 20, 2025 and by way of various emails and letters[1] . On February 21, 2025, in response to a request from Plaintiffs' counsel, a telephone conference was set by the Court for February 25, 2025, at 3pm to resolve issues between parties about discovery requests, specifically, Plaintiff's 1st and 2nd Requests for Production of Documents.

1

2. On February 24, 2025, Plaintiffs emailed chambers "correspondence between counsel relating to the 2/25/25 conference call with the Court."

3. On 2/25/2025 The Court extended the discovery conference until March 3, 2025.

4. March 3, 2025, marked the close of discovery deadline. Plaintiffs supplemented their documents production to defendants.

5. On March 3, 2025, plaintiffs received a large volume of documents from defendants in response to Plaintiff's production of documents requests made on January 31, 2025 [Plaintiffs 3rd RPD] and February 1, 2025 [Plaintiffs 4th RPD]. As to respect the Court's time, and to be able to narrow the actual discovery issues, the Plaintiff requested a continuance of the conference call.

6. The discovery call was reset for March 20, 2025. In the 3/20/25 conference call with the Court, issues between counsel were resolved over Plaintiffs' Request for Production of Documents #1 and #2. Defense counsel for Brian Bailey agreed to produce items relating to defendant's taser logs; proper identification of DOJ records; Defendant Christian Dedmon's cell phone records. The only item left unresolved from Plaintiffs' production request was RPD's #15 and #17.

7. In respect to Plaintiffs RPD requests #23, # 25, 27, 29 and #30, the Court instructed the parties to confer with each other to attempt to resolve discovery disputes around these issues.

8. On March 21, 2025, the Court set a deadline for filing Plaintiffs' Motion to Compel on March 27, 2025. In its order, the Court stated:

> Minute Entry for proceedings held before Magistrate Judge Andrew S. Harris: Telephonic Discovery Conference held on 3/20/2025 in Jackson, MS: Appearing: Malik Shabazz, Trent Walker, and Jason Dare. The Court granted Plaintiffs leave under Section 6.F.4. of the Case Management Order to file a motion seeking to take depositions of the Board of Supervisors' members outside of the discovery deadline and a motion to compel production of the IA investigation notes, findings, and Garrity statements by March 27, 2025. The Court explained to the parties that the granting of leave to file is not a ruling that any such motion will be timely. Plaintiffs must address in

2

their motion why each of the issues they raise is timely under L.U. Civ. R. 7(b)(2)(C). The Court also reminded Plaintiffs they must attach the good-faith certificate required by L.U. Civ. R. 37(a). (TA)

9. On March 21, 2025, Plaintiffs' counsel emailed defense counsel a letter outlining what had had been agreed to with the Court, in terms of Plaintiffs 'RPD #1 and 2. Plaintiffs' counsel specified each person, each officer involved, and the date of incident listed in Plaintiffs RPD #3, whose taser records had been sought in Plaintiff's RPD #6. In this letter of 3/21/25, Plaintiffs' counsel outlined further deficiencies in Defendants' responses to RPD 23, 27, 29 and 30. [Ex. 1]

10. On March 26, 2025 counsel for Defendant Bailey responded [Ex. 2] with: 1) specific Bates numbers for Plaintiffs DOJ requests; 2) a statement that Dedmon's cell phone records were "being looked into" ; 3) an agreement to supplement the taser logs once the once he was provided with the names and dates.

11. Plaintiffs' counsel resent the email from March 21, 2025, specifying the dates and officers involved in incidents whose taser records were requested for Plaintiffs RPD #6.

12. On March 26, 2025, counsel for Plaintiffs and Defendant Bailey exchanged emails about the agreements made in chambers on 3/20/21 and Plaintiffs' claims of deficiencies responses to RPD #23, # 27, #29 and #30.

13. Despite meeting to confer, and e-mailing each other, the Plaintiffs and Defendants have been unable to reconcile the remaining discovery issues.

## II. PLAINTIFFS' DOCUMENT REQUESTS

The following document requests: #6, #15, #17, #23, #27, #29 and #30 are still at issue. Listed below are the questions, responses, and supplemental responses by Defendants. Plaintiffs' responses then follow.

**RPD No. 6: Please produce any and all taser logs which relate in any way to any individual identified in Request #3 above.**

> RPD # 3:
>
> 3. Please produce all documents in your possession which refer to any of the incidents and/ or arrests involving: Joey Gerhart and Brett Gerhart 101 Doug May Road Mendenhall MS 39114 Samuel Carter 2595 Shiloh Road Pelahatchie, MS 39145 Alan Schmidt 240 St. Paul Street Pearl, MS 39208 Rick Loveday 3365 Highway 61 South, Lot 13 Vicksburg, MS 39180 Christopher Holloway 6227 Highway 13 North Lena, MS 39094 Maurice Porter Lee County Work Center 301 N. Front Street Tupelo Mississippi 38804 Catherine Porter 42 Annie Burch Drive Braxton Miss 39044 Barry Yawn Central Miss Corrections 3794 MS Hwy 468 Pearl, MS 39208 Jacobi Hopkins Rankin County Jail 221 N Timber St. Brandon, MS 39042
>
> **STATUS**: Defense counsel has pledged to produce all taser logs needed for all persons listed in plaintiffs' interrogatory #3 if Plaintiffs specifically identified the officers involved and the date of the incident for each person. Plaintiffs have complied.

**RPD No. 15: Produce all documents associated with any and all requests for information delivered to you by the U.S. DOJ and/or the Mississippi Bureau of Investigation following the January 2023 incident which is the subject of this lawsuit.**

> **SUPPLEMENTAL RESPONSE**: In addition to the foregoing objections, Rankin County objects to production of the entirety of any internal investigations file to the extent that any Garrity statements were provided and/or to the extent that production of investigative notes and/or findings of IA investigators would deter future cooperation with IA investigations.
>
> Rankin County will produce all documents and/or tangible items collected by its IA investigators for the incident at issue and all similar allegations. Rankin County does not produce IA files # 2023071341-PTS (relating to a dog falling out of a civilian's car window), 2023080002-IAD (related to a civilian altercation), # 2023090001-IAD (related to animals at the Rankin County Animal Shelter); and # 2023100001-IAD (related to a deputy knocking on a civilian's door with no answer).
>
> **PLAINTIFFS' RESPONSE:** To alleviate any concerns that the defendant may have with respect to releasing any Garrity files and/or findings of IA investigations, the plaintiffs will execute an appropriate protective order consistent with F.R.C.P. 26(c)(1)(G).
>
> The amendments to subdivision (b) make clear the broad scope of examination and that

4

it may cover not only evidence for use at the trial but also inquiry into matters in themselves inadmissible as evidence, but which will lead to the discovery of such evidence. The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case.

Notes of Advisory Committee on Rules - 1946 Amendment Subdivision (b).

**STATUS: Unresolved**

**RPD No. 17: Produce all mobile phone logs, text messages and voice messages associated with the mobile phones provided to the defendant Sheriff Deputies in this lawsuit during the period 2018-2023.**

> **RESPONSE**: Subject to and without waiver of the foregoing omnibus objections, this Defendant is not in possession of documents responsive to this request.
>
> **STATUS:** Unresolved. Plaintiffs anticipate receiving from Rankin County Dedmon's phone logs, text messages. Defendant has promised "to look" for these records. [Ex. 2}

In response to supplementing or complying with Plaintiff's 3rd and 4th Requests for Production of Documents [RPD 23,27,29,30], defense counsel stated on 3/26/25:

> For everything else, I must maintain that discovery concluded on March 3, 2025, and would invoke L.U. Civ. R. 7(b)(C)[1]

**RPD No. 23: For the foregoing complaints in Request #21, please provide all body worn camera footage; internal investigation reports; taser logs and use of force and/or "offense reports" which were used in review of the complaints provided in Question 21.**

> **RESPONSE**: Rankin County objects to RFP #23 on the grounds that it is overly broad and/or unduly burdensome. The use of body worn cameras began in October of 2021, and such media

---

[2] Email by J. Dare on 3/26/25 [ex.2]

5

takes up hundreds of terabytes of storage. Further, production of IA investigation reports is objected to on the basis that such documents contain information that is confidential and subject to the rights of the interviewee. Subject to and without waiver of all foregoing objections, Plaintiffs are directed to those documents dates numbered RC 2770 through RC 3352.

**PLAINTIFFS' REBUTTAL:** Plaintiff is requesting defendant allow plaintiff to bring an eternal hard drive to defendant so that the body worn camera footage related to complaints and investigations be downloaded to the Plaintiffs.

As to any documents that have been withheld based upon confidentiality or more precisely because it is alleged to be privileged, Rule 26(a)(5) requires that the asserting party must:

> i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.
>
> There has been no compliance with this Rule by the County. Moreover, "To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection." Notes of Advisory Committee on Rules - 1993 Amendments.

**STATUS**: unresolved

**RPD No. 27: Please provide all documents pertaining to performance reviews for the years 2018-2023 for all defendant deputies Elward, Dedmon, McAlpin, Opdyke, and Middleton, and any others involved in the Michael Jenkins and Eddie Parker incident of 1/24/2023.**

**RESPONSE**: Rankin County objects to production of the personnel files, including performance reviews of Elward, Dedmon, McAlpin, Opdyke, and Middleton on the basis that many of the documents contained therein contain privileged and/or confidential information.

**PLAINTIFFS REBUTTAL:** To the extent that the defendant has concerns about the release of the defendant officers' personnel files, the plaintiffs agree to execute a protective order consistent with F.R.C.P 26(c)(1)(G). As such, any concerns in that regard should no longer exist. Insofar as there are additional matters of concern regarding privilege and/or confidentiality that the defendant maintains still exist despite having failed to comply with Rule 26(a)(5), the plaintiff is amenable to reasonable redactions of social security numbers, medical/insurance information, spouses names etc.

**RPD No. 29: Please provide the entire personnel file of defendant deputies Elward, Dedmon, McAlpin, Opdyke, and Middleton. Plaintiff's RPD #29**

6

**RESPONSE**: Rankin County objects to production of the personnel files, including performance reviews of Elward, Dedmon, McAlpin, Opdyke, and Middleton on the basis that many of the documents contained therein contain privileged and/or confidential information.

**PLAINTIFFS REBUTTAL:** To the extent that the defendant has concerns about the release of the defendant officers' personnel files, the plaintiffs agree to execute a protective order consistent with F.R.C.P 26(c)(1)(G). As such, any concerns in that regard should no longer exist. Insofar as there are additional matters of concern regarding privilege and/or confidentiality that the defendant maintains still exist despite having failed to comply with Rule 26(a)(5), the plaintiff is amenable to reasonable redactions of social security numbers, medical/insurance information, spouses names etc.

**REQUEST FOR PRODUCTION No. 30: Please produce all documents in your possession which refer to any of the incidents and/or arrests, booking and jail medical treatment involved:**

Mitchell Hobson Tyler Mote Robert Jones [arrested on 775 Bierdemen Road in 2018] Fredrick Trimble Jeremy Travis Paige Carvis Johnson Gary Frith Bobbie Adams [re: case 3:24-cv-00236-KHJ-MTP] Gary Curro Jerry Manning Adam Cody Porter James Elbert Lynch Robert Grozier Andrea Dettore RESPONSE: Rankin County objects to production of the medical files for the foregoing individuals as they have not waived their medical privilege in this litigation. Subject to and without waiver of all foregoing objections, Plaintiffs are directed to those documents that are stamped RC 1273 through RC 1801 and RC 3353 through RC 4346

**RESPONSE:** Rankin County objects to production of the medical files for the foregoing individuals as they have not waived their medical privilege in this litigation. Subject to and without waiver of all foregoing objections, Plaintiffs are directed to those documents that are bates stamped RC 1273 through RC 1801 and RC 3353 through RC 4346.

**STATUS:** Plaintiff has propounded medical releases to Rankin County and awaits these medical documents for persons Jeremy Travis Paige, Maurice Porter, Mitchell Hobson, and J. Tyler Mote and Frederick Trimble.

### III. ARGUMENT

Plaintiffs seek to compel Requests for Production of Documents #6, # 15, #17, #23, #27, #29 and #30 Plaintiffs have complied with the requirements for the discovery conference with defense counsel as required by Section 6.F.4. of the CMO. In terms of timing of this Motion, Plaintiff shall file Motion for Leave to Extend the Discovery Deadline for the limited purposes of filing this Motion to Compel.

**Federal Rule of Civil Procedure 37(a)(1) states:**

7

> (a) MOTION FOR AN ORDER COMPELLING DISCLOSURE OR DISCOVERY. (1)*In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.(2)
> ) a party fails to produce documents or fails to respond that inspection will be permitted-or fails to permit inspection-as requested under Rule 34.³

This Court has previously stated, [A] proper Rule 37(a) motion to compel . . . "must specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including, for example, explaining . . . how a response or answer is deficient or incomplete …." *Samsung Electronics Am. Inc. v. Yang Kun "Michael" Chung*, 324 F.R.D. 578, 594 (N.D. Tex. 2017) (quoting *Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-CV-4682-D, 2016 WL 1392332, at *7 (N.D. Tex. Apr. 8, 2016)). *Vanderlan v. Jackson HMA, LLC*, Civil Action 3:23-CV-258-DPJ-ASH, 9 (S.D. Miss. Oct. 2, 2024). In this motion's listing of Request for Production of Documents (RPD) Questions, Plaintiffs listed the disputed RPD questions, Defendants responses and/or supplemental responses, and Plaintiff's rebuttals. Each RPD has a status of the current dispute.

Defendants will not be prejudiced as to this Motion because the items are currently in Defendant's possession and control. No claim of unfair surprise can be made by Defendants. Furthermore, no trial date has been set or impacted by this request. Plaintiff acknowledges that Defendant Bailey has filed a Motion for Summary Judgment [135], however all production requested in this Motion is currently in the hands of the Defendant who has had ample opportunity to review the materials.

## IV. CONCLUSION

Wherefore, Plaintiffs are asking the Court to compel Defendant Rankin County to produce the documents and items as requested by the Plaintiffs in this Motion, which are:

1. Production of Taser logs [RPD #6]

8

2. Production of IA files [RPD # 15]; Plaintiffs are willing to execute a protective order and ask for a privilege log.

3. Body worn camera footage [RPD #23] Plaintiffs is asking the court to order the defendant to allow Plaintiffs to download the body worn camera footage onto Plaintiffs' hard drive.

4. [RPD #27 and #29] Plaintiff needs all IA files, including Garrity statements and investigator notes. Plaintiffs are willing to execute protective orders and requests a privilege log for all objections based on confidentiality.

5. [RPD #30 Plaintiffs] asks the Court to Compel the named medical records.

Respectfully submitted by:

_/s/_ MALIK SHABAZZ_ESQ /S/_
**MALIK SHABAZZ, Esq.**
The Law Office of Malik Shabazz, Esq.
[admitted Pro Hac Vice]
700 Pennsylvania Ave SE
Washington, DC 20003
Email: attorney.shabazz@yahoo.com
Tel: (301) 513-5445
Fax: (301) 513-5447
(Lead counsel for Plaintiff)

_/S/ TRENT WALKER ESQ /S/_
**TRENT WALKER, Esq.**
The Law Offices of Trent Walker
M.S.B. 10475
5245 Keele Street Suite A
Jackson, Mississippi 39206
Email: Trent@Trentwalkeresq.com (Mississippi Local Counsel)
(601) 321-9540

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of March 2025 I electronically transmitted this Motion to Compel Memorandum to opposing counsel.

`

/s/Malik Z. Shabazz/s/

Malik Z. Shabazz Esq.