IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL JENKINS,** *et al.* | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | Civil Action No. |
| v. | : | 3:23-cv-374-DPJ-ASH |
| | : | |
| | : | |
| **RANKIN COUNTY, MISSISSIPPI,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO EXTEND THE DISCOVERY DEADLINE FOR PURPOSES OF FILING MOTION TO COMPEL**

Comes now, the Plaintiffs, by and through counsel hereby moves the court for an order extending the discovery deadline in this case for the limited purposes of filing Plaintiffs' Motion to Compel Discovery response from Defendant.' Plaintiffs assert good cause for taking leave to file such extension until the date or March 28, 2025. Counsel for Defendant does not consent to this request.

**I. RELEVANT FACTS**

1. On March 28, 2025, Plaintiffs filed their Motion to Compel Discovery Documents [136] [ex.1].

2. The deadline for the purpose of determining Brian Bailey's qualified immunity expired on March 3, 2025.

3. Prior to filing their Motion to Compel [136], Plaintiffs' counsel conferred with counsel to Defendant Bailey through a conference call on March 21, 2025; conference call with Judge in Chambers March 20, 2025, and by way of various emails and letters. On

1

February 21, 2025, in response to a request from Plaintiffs' counsel, a telephone conference was set by the Court for February 25, 2025, at 3pm to resolve issues between parties about discovery requests, specifically, Plaintiff's 1st and 2nd Requests for Production of Documents.

4. On 2/25/2025 The Court extended the discovery conference until March 3, 2025.

5. On March 3, 2025, plaintiffs received a large volume of documents from defendants in response to Plaintiff's production of documents requests made on January 31, 2025 [Plaintiffs 3rd RPD] and February 1, 2025 [Plaintiffs 4th RPD]. As to respect the Court's time, and to be able to narrow the actual discovery issues, the Plaintiff requested a continuance of the conference call.

6. The reason the discovery requests were propounded at the end of the discovery request deadline was determined by information Plaintiffs received during depositions and discovery responses from Defendants, received on 1/29/2025.

7. The discovery call was reset for March 20, 2025. In the 3/20/25 conference call with the Court. Some discovery issues between counsel were resolved, some were left to the attorneys to confer on, and Defendants pledged certain document responses to Plaintiffs.

8. On March 21, 2025, the Court set a deadline for filing Plaintiffs' Motion to Compel on March 27, 2025. In its order, the Court stated:

> Minute Entry for proceedings held before Magistrate Judge Andrew S. Harris: Telephonic Discovery Conference held on 3/20/2025 in Jackson, MS: Appearing: Malik Shabazz, Trent Walker, and Jason Dare. The Court granted Plaintiffs leave under Section 6.F.4. of the Case Management Order to file a motion seeking to take depositions of the Board of Supervisors' members outside of the discovery deadline and a motion to compel production of the IA investigation notes, findings, and Garrity statements by March 27, 2025. The Court explained to the parties that the granting of leave to file is not a ruling that any such motion will be timely. Plaintiffs must address in their motion why each of the issues they raise is timely under L.U.

2

        Civ. R. 7(b)(2)(C).
        The Court also reminded Plaintiffs they must attach the good-faith certificate
        required by L.U. Civ. R. 37(a). (TA)

9. Since that time, Plaintiffs and Defendant Bailey's counsel have exchanged correspondence on these matters. Defense counsel has agreed to produce taser logs and to ascertain whether he can access Defendant Dedmon's cell phone records are possible.

10. However, to date Plaintiffs have not received any formal responses to these requests and they are critical for plaintiff's summary judgment opposition.

11. Plaintiff filed a Motion to Compel on 2/28/2025 to ensure the documents being withed are received timely and to effectuate the production other discovery documents critical to Plaintiffs case.

12. Plaintiffs have diligently pursued their case. Plaintiffs have not failed to litigate, take depositions, conduct discovery, or otherwise have zealously pursued her case.

## II. ARGUMENT

Plaintiffs come before the Court requesting to extend the discovery deadline for the limited purposes of filing Plaintiffs' Motion to Compel. Mississippi Southern District Local Rule 7(b)(2)(C) states; "A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court, and time to effectuate the court's order before the discovery deadline." Fed. R. Civ. P. 16(b)(4) states:

        "(4) *Modifying a Schedule.* A schedule may be modified only for good cause and
        with the judge's consent. Fed. R. Civ. P. 16(b)(4)

Courts in the Fifth Circuit consider four factors "when determining whether there is good cause under Rule 16(b)(4): '(1) the explanation for the failure to timely [comply with the scheduling order];

3

(2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice.'" Squyers v. Heico Cos., L.L.C., 782 F.3d 224, 237 (5th Cir. 2015) (quoting Meaux Surface Protection, Inc. v. Fogleman, 607 F.3d 161, 167 (5th Cir. 2010)) (alterations in Squyres). Weikel v. Jackson Pub. Sch. Dist., No. 3:18-CV408-DPJ-FKB, 2020 WL 1318798, at 2 (S.D.Miss. Mar. 20, 2020).

Plaintiffs' explanation of delay in his request was that they were working in good faith with the Defendants and the Court to resolve these matters. Plaintiffs had a good faith basis to believe that these discovery disputes could be resolved without a Motion to Compel. " A party seeking to supplement a prior discovery disclosure or response after the deadline for discovery has passed must demonstrate good cause under Fed. R. Civ. P 16(b)(4) and obtain the Court's permission to use the supplement as an exhibit at trial." *Bowman v. R. L. Young, Inc.*, Civil Action 21-1071, 8 (E.D. La. Sep. 1, 2022).

Plaintiffs,' through its emails, conference calls with opposing counsel and the Court understood that opposing counsel would abide by Federal Rule 26(e), which states:

> **(e)** SUPPLEMENTING DISCLOSURES AND RESPONSES. **(1)***In General.* A party who has made a disclosure under Rule 26(a)-or who has responded to an interrogatory, request for production, or request for admission-must supplement or correct its disclosure or response:**(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or**(B)** as ordered by the court.
> Fed. R. Civ. P. 26 (e)

For example, when counsel was made aware in a 3/20/25 conference call with the Court, that the remedy to the dispute over RPD #15 was to allow Plaintiff to come to Defendants location and download the camera footage on hard drive. Defendants admit they have the footage and do not deny it can be downloaded. Instead of supplementing under F.R.C.P. Rule 26(e), Defendant has informed Plaintiff that they will not comply, citing Local Rule 7(b)(2)(C), which states; "A party must file a

4

discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court, and time to effectuate the court's order before the discovery deadline." Therefore, Plaintiffs asked the Court in [Doc. 136] to compel this item or otherwise instruct the Defendants to supplement their response timely and amend the discovery deadline for the narrow purposes of doing so. The importance of the request for modification of the discovery deadline is profound. The documents, files, camera footage, and cell phone records should have been turned over to Plaintiff on the date of the deadline for discovery. Delaying or obstructing the production of these requests is an affront to Fed. R. Civ. P. 26 (e).

The potential prejudice in allowing the modification does not appear to exist, as all documents and body worn camera footage records, taser logs and investigation files have remained under Defendants exclusive control for the duration of this litigation. Therefore, Defendant is under no unfair surprise. Plaintiffs do not anticipate a favorable ruling on this Motion will require a continuance of the current dispositive motions schedule in this matter, but if continuances occur, or supplementations of the summary judgment motion take place, no trial date has been set and neither party will be prejudiced.

Plaintiffs distinguish themselves from other parties who have been denied relief from extending the discovery deadline to file a motion to compel. Plaintiffs have not rejected offers to extend the discovery deadline. Plaintiffs have diligently pursued discovery in this case.

## **CERTIFICATION OF COUNSEL**

Prior to filing this motion, Plaintiffs' counsel requested the consent of Defendant Bailey through his counsel via email on Thursday March 27, 2025.. The defendant does not consent to this request for extension.

Respectfully submitted by:

       _/s/_MALIK SHABAZZ_ESQ /S/_
**MALIK SHABAZZ, Esq.**
The Law Office of Malik Shabazz, Esq.
[admitted Pro Hac Vice]
700 Pennsylvania Ave SE
Washington, DC 20003
Email: attorney.shabazz@yahoo.com
Tel: (301) 513-5445
Fax: (301) 513-5447
(Lead counsel for Plaintiff)


      _/S/ TRENT WALKER ESQ /S/_
**TRENT WALKER, Esq.**
The Law Offices of Trent Walker
M.S.B. 10475
5245 Keele Street Suite A
Jackson, Mississippi 39206
Email: Trent@Trentwalkeresq.com (Mississippi Local Counsel)
(601) 321-9540

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of March 2025 I have electronically transmitted this Motion for Extension of Discovery deadline to opposing counsel.

`

/s/Malik Z. Shabazz/s/

Malik Z. Shabazz Esq.