**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **MICHAEL COREY JENKINS,** **EDDIE TERRELL PARKER** | **PLAINTIFFS** |
| **v.** | **CAUSE NO. 3:23-cv-374-DPJ-ASH** |
| **RANKIN COUNTY, MISSISSIPPI, et al.** | **DEFENDANTS** |

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF**
**RESPONSE IN OPPOSITION TO PLAINTIFFS' [136] MOTION TO COMPEL DISCOVERY**

**NOW COME** Defendants Rankin County and Sheriff Bryan Bailey, by and through counsel, and in opposition to Plaintiffs' [136] Motion to Compel Discovery Responses, state as follows:

I. **PROCEDURAL HISTORY**

Defendant, Sheriff Bryan Bailey, moved this Court "for discovery limited to the factual disputes relevant to whether [qualified immunity] applies, then reassert [qualified immunity] in a summary judgment motion." [68] Motion (quoting *Asante-Chioke v. Dowdle*, 103 F.4th 1126 (5th Cir. 2024); *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022)). This [68] Motion was granted on August 29, 2024, *see* [69] Order, and discovery began in full on September 18, 2024. [71] Case Management Order. The discovery deadline was initially set for January 31, 2025, but was extended by agreement of counsel to March 3, 2025. 01/31/2025 TEXT-ONLY ORDER. The Court authorized a further extension of the discovery deadline "for the limited purpose of taking the deposition of Defendant Jeffery Middleton," again by agreement of counsel. 03/11/2025 TEXT-ONLY ORDER.

Despite being authorized to take QI discovery from Sheriff Bailey for almost six months, Plaintiffs never propounded any written discovery to this individual Defendant. All of Plaintiffs' written discovery was instead propounded to Rankin County. Plaintiffs propounded their First Set of Requests for Production (RFP Nos. 1-13) to Rankin County on or around September 26, 2024, *see* [75] Notice of Service, and propounded their Second Set of Requests for Production (RFP Nos. 14-20) to Rankin County on or around October 4, 2024. Rankin County timely responded to both. [80] Notice of Service; [87] Notice of Service. Plaintiffs propounded their Third Set of Requests for Production (RFP Nos. 21-29) to Rankin County on or around January 31, 2025, and propounded their Fourth Set of Requests for Production (RFP No. 30) to Rankin County on or around February 1, 2025. [100] Notice of Service. Rankin County timely responded to both on the March 3 discovery deadline and supplemented responses to earlier requests for production on the same date. [128] Notice of Service. In all, Rankin County has produced 4,346 pages of documents, as well as multiple audio and/or video productions.

After Sheriff Bailey timely filed his [132] Motion for Summary Judgment premised on qualified immunity on March 17, 2025, Plaintiffs now seek to compel additional discovery from Rankin County. Sheriff Bailey opposes Plaintiffs' [136] Motion to Compel on the basis that it was filed after the QI discovery deadline and after he filed his QI motion for summary judgment, which serves to stay further discovery in this matter. Rankin County opposes Plaintiffs' [136] Motion to Compel on the basis that it was filed after the QI discovery deadline, in violation of this Court's [71] Case Management Order, and no further discovery is warranted.

II. **LEGAL PRECEDENT & ANALYSIS**

This Court's [71] Case Management Order reads in pertinent part as follows:

The Court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P. 16(b)(3)(B)(v). ***Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.***

*Id.* at ¶ 5.G.2. Pursuant to this Court's 03/21/2025 Minute Entry:

The Court granted Plaintiffs leave under Section 6.F.4. of the Case Management Order to file ... a motion to compel production of the IA investigation notes, findings, and *Garrity* statements by March 27, 2025. The Court explained to the parties that the granting of leave to file is not a ruling that any such motion will be timely. Plaintiffs must address in their motion why each of the issues they raise is timely under L.U. Civ. R. 7(b)(2)(C). The Court also reminded Plaintiffs they must attach the good-faith certificate required by L.U. Civ. R. 37(a).

There has never been a telephonic conference with the Magistrate Judge concerning Requests for Production #23, #27, #29, and #30, and the parties are now over a month past the 03/03/2025 discovery deadline. For this reason alone, the Court should deny Plaintiffs' [136] Motion to Compel.

Further, Plaintiffs make no attempt to "address in their [[136] Motion / [138] Memorandum] why each of the issues they raise is timely under L.U. Civ. R. 7(b)(2)(C)." 03/21/2025 Minute Entry. Rule 7(b)(2)(C) mandates that "[a] party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." *Id.* "The obvious purpose of Rule 7(b)(2)(C) is to resolve disputes over the scope of discovery

3

while time remains to conclude it." *Vanderlan v. Jackson HMA, LLC*, No. 3:23-cv-258-DPJ-ASH, 2024 U.S. Dist. LEXIS 180303, at *13 (S.D. Miss. Oct. 2, 2024) (quoting *Gipson v. Mgmt. & Training Corp.*, No. 3:16-cv-624-DPJ-FKB, 2018 U.S. Dist. LEXIS 18994, 2018 WL 736265, at *6 (S.D. Miss. Feb. 6, 2018)). It is the routine practice of Mississippi district courts to den[y] discovery motions in violation of Local Rule 7(b)(2)(C)." *Vanderlan*, 2024 U.S. Dist. LEXIS 180303, at *13-14 (quoting *United States ex rel. Jehl v. GGNSC Southaven LLC*, No. 3:19-cv-91-MPM-JMV, 2021 U.S. Dist. LEXIS 118880, 2021 WL 2637278, at *1 (N.D. Miss. June 25, 2021) (collecting cases)).

Plaintiffs explained in their [138] Memorandum what actions they took in the week prior to the March 3 discovery deadline. But there is no attempt to argue what transpired during the six months of discovery prior to that time.[1] Rankin County responded to Request No. 15 in November of 2024, and supplemented its responses as further clarification was provided by Plaintiffs' counsel and/or documents were made available. Plaintiffs did not seek a meet and confer with the Court until February 21, 2025 – five (5) business days prior to the discovery deadline – and did not seek an extension of the discovery deadline prior to its expiration.

The undersigned counsel has been more than accommodating in response to Plaintiffs' requested extensions, having agreed to a month-plus extension of the discovery

---

[1] Plaintiffs should be precluded from making any such arguments first the first time in a reply brief. *Harris v. Baysore*, No. 3:24-cv-125-TSL-MTP, 2025 U.S. Dist. LEXIS 48054, at *6-7 (S.D. Miss. Feb. 13, 2025) (quoting *Hopper v. Dretke*, 106 Fed. Appx. 221, 228 n.25 (5th Cir. 2004) ("In the absence of manifest injustice, this court will not consider arguments raised for the first time in a reply brief."); citing *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief, even by pro se litigants … are waived."); *United States v. Sangs*, 31 Fed. Appx. 152 (5th Cir. 2001) (affirming district court's refusal to consider issue raised for the first time in a traverse to the government's response to habeas petition).

4

deadline from January 31, 2025, to March 3, 2025, [98] Motion, and agreeing to a further extension of the discovery deadline for the limited purpose of taking Defendant Middleton's deposition. [121] Motion. Plaintiffs made no further requests to extend the discovery deadline until after Sheriff Bailey filed his QI motion for summary judgment. At that point, the undersigned counsel could no longer agree to a further extension of the discovery deadline.

For the foregoing reasons, Plaintiffs have failed to show any reason why they failed to timely bring their [136] Motion in compliance with Rule 7(b)(2)(C), and their [136] Motion should be denied accordingly.

As to Request #15[2] and the withholding of *Garrity* statements, to the extent within the possession of Rankin County, as well as internal affairs conclusions, this Defendant has provided all the underlying documents and tangible items relied upon by IA investigators in reaching conclusions. This Defendant would be open to producing the applicable IA findings upon entry of a protective order as recently proposed by Plaintiffs – done after the discovery deadline. But Plaintiffs have never provided a proposed protective order to date. Because the parties are over a month beyond the discovery deadline and Sheriff Bailey has filed his QI motion for summary judgment, the time for proposing a protective order and any further discovery that flows with it has passed.

---

[2] Requests #6 and #17 were not included in the Court's 03/21/2025 Minute Entry. This is because Rankin County never opposed supplementing with certain Taser downloads (Request #6) once Plaintiffs clarified with specificity which downloads they sought. That clarification has been made and those Taser downloads, to the extent in possession of this Defendant, have been supplemented. Further, the undersigned counsel agreed to determine whether certain cell phone records could be obtained. That information has been obtained and provided to Plaintiffs.

Finally, Sheriff Bailey opposes any further discovery now that he has filed his QI motion for summary judgment. Recall that Sheriff Bailey moved for limited discovery pursuant to *Lion Bou-los* and did not oppose QI discovery in this cause of action. However, Plaintiffs did not file their [136] Motion to Compel until after Sheriff Bailey filed his [132] QI Motion for Summary Judgment. Based on the current procedural posture of this case, any further discovery is avoidable – especially in light of the mandates in L.U. Civ. R. 7(b)(2)(C) – and thus precluded under Fifth Circuit precedent. *Asante-Chioke v. Dowdle*, 103 F.4th 1126, 1131 (5th Cir. 2024) ("*Carswell*, *Zapata*, and *Backe* follow the reasoning set forth in *Lion Bou-los*, that is, a party asserting the defense of qualified immunity is immune from discovery that is 'avoidable or overly broad[.]'"). Because Sheriff Bailey has filed his [132] QI Motion, any further discovery should be stayed while the parties brief the QI issue and Plaintiffs' [136] Motion should be denied.

III.    **CONCLUSION**

For all of the foregoing reasons, Rankin County and Sheriff Bailey pray that Plaintiffs' [136] Motion to Compel be denied in its entirety.

**RESPECTFULLY SUBMITTED,** this 11th day of April, 2025.

         **RANKIN COUNTY & SHERIFF BRYAN BAILEY -**
         **DEFENDANTS**

    **BY:**    */s/ Jason E. Dare*
         **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@bislawyers.com
Biggs, Ingram & Solop, PLLC
Post Office Box 14028
Jackson, Mississippi  39236-4028
Telephone:    (601) 987-5307
Facsimile:    (601) 987-5307