# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**MICHAEL COREY JENKINS,**                                                **PLAINTIFFS**
**EDDIE TERRELL PARKER**

**v.**                                                    **CAUSE NO. 3:23-cv-374-DPJ-ASH**

**RANKIN COUNTY, MISSISSIPPI, et al.**                             **DEFENDANTS**

## RESPONSE IN OPPOSITION TO PLAINTIFFS' [139] MOTION TO EXTEND DISCOVERY DEADLINE FOR THE PURPOSE OF FILING [136] MOTION TO COMPEL

**NOW COME** Defendants, Rankin County and Sheriff Bryan Bailey, by and through counsel, and respond to Plaintiffs' [137] Motion for Leave to File by stating as follows:

1. Plaintiffs' [136] Motion to Compel was filed on March 28, 2025, which was (1) after the discovery deadline of March 3, 2025, (2) after the filing of Sheriff Bailey's [132] QI Motion for Summary Judgment on March 17, 2025, and (3) after this Court's mandated deadline of March 27, 2025, to file the motion. *See* 03/21/2025 Minute Entry.

2. Plaintiffs have shown no good cause for an extension of the discovery deadline, which pursuant to Fed. R. Civ. P. 16(b)(4), brings into consideration the following factors: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Vanderlan v. Jackson HMA, LLC*, No. 3:23-CV-258-DPJ-ASH, 2024 U.S. Dist. LEXIS 180303, at *9 (S.D. Miss. Oct. 2, 2024) (citations omitted).

3. For their explanation, Plaintiffs attempt to blame Defendants for their tardy filing, and specifically the seasonable supplementation of discovery in compliance with Fed.

R. Civ. P. 26. Rankin County responded to Request #6 on October 25, 2024 (*see* [80] Notice of Service), by seeking clarification of which Taser downloads Plaintiffs sought. Plaintiffs did not provide that clarification until March 21, 2025 (*i.e.*, after the discovery deadline, *see* [136-1] Correspondence), and Rankin County has provided Plaintiffs with the Taser downloads in its possession. If these Taser downloads were important to Plaintiffs, they would not have waited five months to provide the needed clarification.

Further, Plaintiffs now claim that they do not have body worn camera ("BWC") video in response to Request #15. That is false, as all BWC video provided to the DOJ and/or MBI was provided to Plaintiffs prior to the discovery deadline.

Plaintiffs give no reason for waiting until the last week of discovery to discuss issues with the undersigned counsel or failing to file a motion for extension prior to the expiration of the discovery deadline.

4.  Plaintiffs refer to the importance of the information sought as "profound," but make no substantive argument. They have all factual documents and tangible items in Rankin County's possession that were sought in Requests ##1-20. And apparently those documents sought in Requests ##21-30 had less importance since Plaintiffs waited until the last possible day (out of a six month discovery period) to propound those discovery requests.

5.  Finally, the unfair prejudice to Defendants is substantial. If discovery were re-opened, it would be solely for Plaintiffs to take discovery and would not afford Defendants the same rights. Further, "[a] continuance would delay resolution of the case and add to [Defendants'] expenses and would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Vanderlan*, 2024 U.S. Dist. LEXIS 180303, at

\*12 (citations and internal marks omitted). Finally, Sheriff Bailey has filed his [132] QI Motion for Summary Judgment, and all additional discovery is avoidable.

6. For the foregoing reasons, Plaintiffs' [139] Motion to Extend the Discovery Deadline should be denied.

7. To the extent necessary and/or applicable, Defendants incorporate herein by reference their Memorandum of Authorities in opposition to Plaintiffs' [136] Motion to Compel.

**WHEREFORE, PREMISES CONSIDERED,** Rankin County and Sheriff Bryan Bailey pray that Plaintiffs' [139] Motion be denied.

**RESPECTFULLY SUBMITTED,** this 11th day of April, 2025.

                **RANKIN COUNTY & SHERIFF BRYAN BAILEY - DEFENDANTS**

      **BY:**    */s/ Jason E. Dare*
                **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@bislawyers.com
Biggs, Ingram & Solop, PLLC
Post Office Box 14028
Jackson, Mississippi  39236-4028
Telephone:   (601) 987-5307
Facsimile:   (601) 987-5307