# RANKIN COUNTY SHERIFF'S OFFICE

PRINT DATE: 12/12/2023           **NUMBER: 2018071184**                    Page  8

Agency:   RCSO                          Author:   DEDMON, CHRISTIAN LEE
Incident No:   2018071184                   Title:   DEDMON'S SUPP                 Report Type:   I
                                        Date Entered:   7/19/2018

07/18/2018

 On the above date I, Deputy Dedmon was assisting Detective Mcalpin on a controlled buy of narcotics at 750 Highway 80 Loves truck stop inside of the City Limits of Flowood. During the course of the investigation the suspect fled in his vehicle striking several patrol vehicles, and an innocent pedestrian. Shortly after the suspect fleeing he wrecked his vehicle and began fleeing on foot. Other Deputies and Myself gave chase, catching the suspect several hundred yards away. Detective Acy was able to deploy his taser to stop the suspect.

 Once the suspect was on the ground Deputy Stickman and myself attempted to place the subject into custody. While trying to place the subject in hand restraints he began striking Deputy Stickman and Myself with a closed fist attempting to flee again. After Deputy Stickman and myself was struck several times we were able to over power the suspect later identified as Freddrick Tremble and bring him out of the woods he ran into.

 I filled out use of force regarding the amount of times I struck him with my fist to be able to place him under arrest and also defend myself.

 I have no further information at this time....


END OF REPORT----

EXHIBIT 2                                          RC 4300

# RANKIN COUNTY SHERIFF'S OFFICE

PRINT DATE: 12/12/2023            **NUMBER: 2018071184**            Page  9

Agency:   RCSO                          Author:   BEEMON, CHASE ANTHONY

Incident No:   2018071184               Title:   C.BEEMON                                    Report Type:   S

Date Entered:   7/19/2018

On July 18, 2018 at 2125 hours, I (Deputy Beemon) arrived on scene to place a Fredrick Trimble into custody for transport. After placing Trimble into my custody, I then arrived at the Love's Truck Stop to speak with Investigator McAlpin in reference to the situation before transporting. At this time, the ambulance crews were treating a black male on scene that appeared to be seriously injured. Trimble stated from the backseat of my marked patrol unit "I seen the fucker, but he wouldn't get the fuck out of the way. When i hit him he rolled up and broke my windshield.". I later learned that the black male being treated and transported by Pafford Ambulance Service had been ran over by Trimble.

I then transported Trimble to the Rankin County Sheriff's Department for further Booking.

RC 4301

# RANKIN COUNTY SHERIFF'S OFFICE

PRINT DATE: 12/12/2023      **NUMBER: 2018071184**      Page  10

Agency:  RCSO      Author:   THORNTON, ROGER CHAD

Incident No:   2018071184      Title:   C. THORNTON SUPP      Report Type:   S

Date Entered:   7/19/2018

On 7/18/2018, at approximately 2137, I Deputy Thornton was assisting Investigator McAlpin with a narcotics buy bust at the Loves Truck Stop in Flowood. During the buy I was in the vehicle with Deputy Davis in his unmarked patrol vehicle. Once the buy was done Deputy Davis and I attempted to block the suspect vehicle in with Deputy Davis' patrol vehicle. Once the suspect noticed us he then placed the vehicle in reverse and struck the passengers side of Deputy Davis patrol vehicle. The suspect then put the car in drive and pulled forward and then placed it in reverse and struck Deputy Davis patrol vehicle in the passengers side a second time. The driver then put his vehicle in drive jumping over the curb striking and 18 wheeler and continued north through the parking lot towards the back of the Truck Stop. The suspect then went behind the Truck Stop and turned off his headlights and then went around the east side of the Truck Stop where he struck a pedestrian. The suspect then turned right onto the frontage road where he drove to the end of the road at a high rate of speed and wrecked out in the grass where the old Airport Inn was located. The suspect then fled on foot crossing over Flowood Drive and continuing west. Detective Acy, Deputy Dedmon, and Deputy Strickland gave chase and caught the subject at the Northwest corner of Highway 49 and Highway 80. The subject was taken into custody and transported to the Rankin County Jail for booking.  The subject was later identified and Fredrick D. Trimble.

RC 4302

# RANKIN COUNTY SHERIFF'S OFFICE

PRINT DATE: 12/12/2023      **NUMBER: 2018071184**      Page  11

Agency:  RCSO      Author:   STICKMAN, LUKE

Incident No:   2018071184      Title:   DEPUTY L. STICKMAN'S SUPP REPORT      Report Type:   S

Date Entered:   7/19/2018

On 07-19-2018, I, Deputy L. Stickman, was assisting Investigator Brett Mcalpin on a controlled substance buy of narcotics at 750 Hwy 80, Loves truck stop, inside the city limits of Flowood. Several patrol cars attempted to stop the suspect vehicle, but the suspect vehicle fled. During the pursuit, the suspect struck two patrol vehicles along with a pedestrian who was walking in the parking lot of Loves truck stop. The suspect then continued on, shortly after, the suspect wrecked his vehicle and began to flee on foot. I, and other Deputies gave chase to the suspect, catching up to the suspect several hundred yards away. Detective Acy deployed his taser due to the suspect continuing to attempt to flee. Once the suspect was tased, he went to the ground. I, and Deputy Dedmon attempted to place the suspect into custody, while doing so, the suspect began to strike myself and Deputy Dedmon with a closed fist attempting to try and get away. I, and Deputy Dedmon were able to finally gain control of the suspect and place him in handcuffs. I completed a use of force report.

RC 4303

# RANKIN COUNTY SHERIFF'S OFFICE

PRINT DATE: 12/12/2023                **NUMBER: 2018071184**                Page  12

Agency:   RCSO
Incident No:   2018071184

Author:   MCALPIN, BRETT
Title:   FREDRICK TRIMBLE
Date Entered:   7/19/2018

Report Type:   S

On this date I (McAlpin) met with an RCSO CI for the purpose of purchasing heroin from B/M Fredrick Trimble. The CI advised he had spoken with Trimble where he arranged to meet at the Romantic Adventures parking lot where he would purchase $420.00 worth of heroin.  The CI advised Trimble changed the location to the Loves's Service Station due to the Romantic Adventures parking lot being to open. I along with the CI again called Trimble . I advised Trimble I had only $300.00 in cash but would make up the difference with a .22 caliber handgun. Trimble maintained he wanted to meet at the Love's Service Station located at 730 Hwy 80 in Flowood, MS. Trimble stated he would work with the $300.00 in cash and the .22 cal handgun. Trimble advised the CI to call him when he reached Richland in route to the Love's Service Station. I then searched the CI for any illegal substances of related paraphernalia, none were found. I then provided the CI with $300.00 in official funds. The CI then accompanied an RCSO UC who drove the CI to the Love's Service Station parking on the west side of the building. I along with both unmarked and marked RCSO patrol units remained in the immediate area.

At approximately 2130 hours the RCSO UC advised Trimble had arrived at the Love's Service Station, driving a black Nissan Ultima (RGY776). The UC advised the CI exited their vehicle then entered the passenger side of the suspect vehicle. The CI explained he entered Trimble's vehicle at which time he provided Trimble with the $300.00 in official funds. Trimble then provided the CI with a piece of foil containing what appeared to be heroin. The CI then returned to the UC vehicle. The UC then advised waited RCSO units they had received the agreed upon heroin. Deputy Davis and Thornton  activated their blue lights and pulled behind the suspect vehicle at which time the suspect put his vehicle in reverse ramming Davis's vehicle. The suspect then pulled forward then backed up, again  striking Davis's vehicle. Trimble then fled striking a semi tractor parked on the west side of the building. Trimble then continued to the north parking lot where he was met by marked RCSO patrol units. Trimble refused to stop continuing east into the east parking lot. Trimble the turned right traveling south on the east parking lot at a high rate of speed. Trimble continued south striking pedestrian Mahad Hussein Ismail at the entrance to the parking lot. . Deputy Acy and Beemon attempted to stop Trimble at the entrance of the parking lot at which time Trimble turned right striking the front of Acy's vehicle.  Trimble accelerated west on the frontage road for a short distance until striking an embankment.  Trimble then exited his vehicle fleeing on foot west parallel to Hwy 80 crossing Flowood drive.  Upon my arrival I observed Ismail in the parking lot and  requested medical personnel to our location in order to assist Ismail. Upon securing Ismail (transported to UMMC) I learned Trimble had been located west of Flowood Drive. I then responded to a wooded area west of the old Flowood  Flea Market.  Upon my arrival Trimble had been taken into custody and was being placed in a waiting patrol vehicle.  As Trimble was being taken to a patrol unit I observed him to be combative. Trimble refused to acknowledge me speaking to him attempting to obtain his identity and advising him of his Miranda rights.  Trimble was then transported to the RCSO Jail. Investigator Carter was notified then  responded to the UMMC .

I returned to Trimble's vehicle where RCSO units were waiting. I met with the CI who provided me with the substance purchased from Trimble (exhibit one).  Upon observing the vehicle I recovered two of the $100.00 notes  in official funds provided to the CI in the driver's side floor board (exhibit

RC 4304

# RANKIN COUNTY SHERIFF'S OFFICE

PRINT DATE: 12/12/2023          **NUMBER: 2018071184**          Page  13

two). I also observed a foil wrapper similar to the one purchased by the CI in the driver's seat. Upon opening the foil I observed a substance similar to the one purchased from Trimble believed to be heroin (exhibit three). I along with responding deputies then canvassed the area where Trimble fled on foot where I located the remaining $100.00 note in Official funds provided ot the CI. This note was placed with the two notes previously recovered.  I then had Trimble's vehicle towed to the RCSO Shop.  I then responded to the RCSO Jail where I met with Deputy Holley who had obtained a search warrant forTrimble's blood. After receiving medical treatment medical personnel retrieved blood from Trimble. This specimen kit (exhibit four) was sealed then placed in refrigeration in the RCSO patrol room. I then spoke with Investigator  Carter who was able to speak with Ismail. According to Carted Ismail was unable to recall any of the events which had taken place. Ismail was reported to be in stable condition and would remain under the care of  the UMMC.

On 071918 Deputy Godfrey relinquished exhibit four to the Mississippi State Crime lab.

RC 4305

# RANKIN COUNTY SHERIFF'S OFFICE

PRINT DATE: 12/12/2023          **NUMBER: 2018071184**                    Page  14

Agency:   RCSO                          Author:   CARTER, WAYNE
Incident No:   2018071184               Title:    R16 CARTER SUPPLEMENT          Report Type:   S
                                        Date Entered:   7/20/2018

On 7/18/18, I was notified by dispatch regarding this case.  Inv. McAlpin was requesting that I respond to UMMC to interview and photograph the victim of the vehicle assault.  I went to UMMC and Mr. Ismail was having a CT scan performed.  When he returned from his CT scan, I spoke to him.  He had no recollection of the incident.  He repeatedly asked that I call his wife and then asked what had happened.  Per his nurse, he had a serious head wound and some lacerations on his elbow and hands.  It was unknown if he had any broken bones at the time.  He did tell me that he was a truck driver from Ohio and that he didn't have any family in the area.

I took pictures of his injuries and left my card with his wallet.

No further

EOR

RC 4306

BOOK **501** PAGE **580**

## IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

STATE OF MISSISSIPPI

VS.                                                                      **CAUSE NO. 30416 (CTS I, III & IV)**

FREDRICK DESHAUN TRIMBLE                                                  **DEFENDANT**

*FILED DEC 18 2019 REBECCA N. BOYD, CIRCUIT CLERK BY*

### JUDGMENT OF CONVICTION AND SENTENCE INSTANTER

**THIS CAUSE** came on to be heard on the sworn Petition(s) of the Defendant, whose

legal name is **FREDRICK DESHAUN TRIMBLE**, whose date of birth is ▮▮▮▮▮▮,

whose Social Security Number is ▮▮▮▮▮ and whose Attorney of Record is **LESLIE R.**

**BROWN**, to enter a plea(s) of guilty to the crime(s) of **SALE OF LESS THAN TWO (2)**

**GRAMS OF HEROIN IN COUNT I, FELONY EVASION IN COUNT III AND**

**AGGRAVATED ASSAULT IN COUNT IV** as charged in the Indictment(s) and/or Bill(s) of

Information;  and the Court, having heard the Petition(s) in the presence of the Defendant, the

Defendant's Attorney, and the State's Attorney, and having considered the evidence, including

the testimony of the Defendant, together with the statements and representations of Counsel, is of

the opinion and finds that: 1) the allegations contained in the Petition(s) are supported by the

evidence and are true and correct as set forth therein; 2) the Defendant's plea(s) of guilty is/are

not induced by force, violence, threats, coercion, fear, deception, promises or misrepresentations;

3) the Defendant is competent to understand and does understand the nature of the criminal

offense(s) to which the plea(s) of guilty is/are entered and understands the minimum and

maximum punishments prescribed by law; 4) the Defendant understands by entering plea(s) of

guilty certain constitutional rights are expressly waived; specifically, the right: a) against self-

incrimination, b) to trial by jury, c) to confront and cross-examine the witnesses for the State, d)

FREDRICK DESHAUN TRIMBLE 30416 (CTS I, III & IV)                                             1

RC 4309

to testify as a witness, e) to subpoena, call and examine witnesses in defense, f) to appeal, and if indigent, g) to a court-appointed attorney to prosecute an appeal; 5) the Defendant's plea(s) of guilty is/are freely, voluntarily and intelligently made; and 6) there is a factual basis for the plea(s) which establishes the Defendant's guilt beyond any reasonable doubt; 7) the Petition(s) should be granted and the Defendant's plea(s) of guilty should be accepted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the plea(s) of guilty is/are accepted and entered and the Defendant is found to be guilty of and is convicted for the crime(s) of **SALE OF LESS THAN TWO (2) GRAMS OF HEROIN IN COUNT I, FELONY EVASION IN COUNT III AND AGGRAVATED ASSAULT IN COUNT IV** as charged in the Indictment(s) and/or Bill(s) of Information.

**IT IS FURTHER ORDERED** that the Defendant's application to waive deferment of sentence and pre-sentence report and to proceed with sentencing instanter is granted  and the Court, being fully advised in the premises finds and determines that: a) the victim(s) and the investigating officer(s) were notified in advance of these proceedings; b) the defendant's plea(s) of guilty was/were entered **WITH** a recommendation of sentence from the State; c) questions and comments from all interested parties were invited and those submitted were received and considered; d) the Defendant and Defendant's Attorney were given an opportunity to address the court on all matters relevant to these proceedings including the presentation of circumstances in extenuation and mitigation; e) the recommendation of sentence, if made, by the State is hereby accepted and adopted by the Court as the sentence of the Court; and f) sentence should now be imposed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant is sentenced as follows:

(1)  To serve a term of **EIGHT (8) YEARS IN COUNT I, FIVE (5) YEARS IN**

**FREDRICK DESHAUN TRIMBLE 30416 (CTS I, III & IV)**                                                    2

RC 4310

**COUNT III AND TWENTY (20) YEARS IN COUNT IV** in the custody of the Mississippi

Department of Corrections in Cause Number(s) **30416 (CTS I, III & IV)**. **PROVIDED,**

**HOWEVER**, that pursuant to Section 47-7-33 **OR** Section 47-7-34 of the Mississippi Code of

1972, **AFTER** the Defendant has served a term of **FIVE (5) YEARS IN COUNT I** in the

custody of **MDOC,** the Defendant shall be released and placed on **POST RELEASE**

**SUPERVISION** under the direct supervision of the Mississippi Department of Corrections on

the terms, provisions and conditions  prescribed elsewhere in this Order.  Said sentence imposed

in Count III shall run **concurrently** with sentence imposed in Count I.  Said sentence imposed in

Count IV shall run **consecutively** to sentences imposed in Counts I & III.  Said sentences

imposed shall run **consecutively** to any and all other sentences.

    (2)  To serve a term of **THREE (3)** year(s) on **POST RELEASE SUPERVISION** under

the direct supervision of the Department of Corrections which shall commence upon the

Defendant's release from the custody of the Mississippi Department of Corrections.  During the

term of **POST RELEASE SUPERVISION** the Defendant shall obey all orders of this Court and

all the terms and conditions of probation or post-release supervision as may be imposed by this

Court or the Mississippi Department of Corrections ("MDOC"), including but not limited to

those conditions set forth by Miss. Code Ann. §47-7-35 (1972, as amended), as well as any

modification or alterations thereto made by either this Court or the MDOC. It is further provided

that, if the Defendant is adjudicated to be guilty of a material breach, violation or nonobservance

of any of the terms, provisions or conditions of probation or post-release supervision, the

probationary term may be revoked, the stay of execution and suspension of sentence terminated,

and the Defendant's custody may be remanded to the MDOC for incarceration until the unserved

portion of his sentence is fully satisfied.

    (3)  To pay court costs, fees and assessments in the amount of **$446.50**, a Mississippi

RC 4311

BOOK **501** PAGE **583**

Crime Lab analysis fee in the amount of **$300.00**, a District Attorney investigative fee in the amount of **$500.00** and a Rankin County Sheriff investigative fee in the amount of **$500.00** at the rate of not less than $75.00 per month to begin the last working day of the first full calendar month after release from custody and continuing every month thereafter until paid in full.

**IT IS HEREBY ORDERED** that payments for any applicable court costs, fees and assessments, fine(s) or restitution paid by the Defendant shall be applied as follows: FIRST to court costs, fees and assessments; SECOND to fine(s); THIRD to restitution.

**IT IS FURTHER ORDERED** that the payment of court costs, fees, assessments, fine(s) and restitution in the manner provided in this Order or by other Orders of the Court be made a special condition of parole or any other form of early release that may be granted to the Defendant.

**IT IS FURTHER ORDERED** that **restitution** may be established by a separate order of the Court, which shall be prepared and presented to the Court by the prosecutor (or designee) in the case, and the Defendant shall have thirty (30) days after the entry of the Order of Restitution to request a hearing to contest the amount of restitution established by said order.

**IT IS FURTHER ORDERED** that all time served in pretrial detainment in this cause is credited against this sentence.

**SO ORDERED AND ADJUDGED THIS THE 16TH DAY OF DECEMBER, 2019.**

CIRCUIT JUDGE

FREDRICK DESHAUN TRIMBLE 30416 (CTS I, III & IV)

4

RC 4312



RC 4314



RC 4318

# RANKIN COUNTY SHERIFF'S OFFICE

PRINT DATE: 12/12/2023       **NUMBER: 2018101381**       Page  13

Agency:  RCSO          Author:    MCALPIN, BRETT

Incident No:   2018101381         Title:     LOVEDAY                    Report Type:   I

Date Entered:  10/26/2018

On this date I (McAlpin) met with an RCSO CI for the purpose of purchasing methamphetamine from w/m Brooks Hicks. Arrangements were made to meet at the 5106 Meadowood Drive in Brandon, the residence of Roy Loveday. The CI agreed to purchase approximately 3 grams of methamptamine for $170.00. I searched the CI for any illegal drugs of related paraphernalia, none were found. I then provided the CI with $170.00 in Official Funds. The CI was then driven to 5106 Meadowood Drive by an RCSO UCI. I followed the CI to the Country Meadows sub division where I along with other unmarked RCSO units remained in the neighborhood with the UC vehicle. Marked RCSO units remained in the immediate area.

The UCI took the CI to 5106 Meadowood where he met with Hicks. Hicks advised the CI he was going to call and have the methamphetamine delivered. At approximately 2330 a silver four door Buick (RAA3541) arrived at the residence occupied by two black males. The two black males entered the residence. The CI stated they then went into the residence where they met with one of the black males called Mitchell. The Ci recalled he entered the residence then went right into a hallway into the first bedroom on the left which was occupied by one female, Hicks and Mithchell. The CI then provided Mithchell with the $170.00 in Official Funds at which time Mitchell provided the CI with a small clear plastic bag containing the alleged methamphetamine.

While the CI was in the residence I observed one of the black males return to the silver Buick then sit in the front passenger position. The CI then exited the residence. I picked up the CI on Meadowood Drive at which time he provided me with the purchased substance which I placed in sealed plastic evidence bag (exhibit 1).
I along with responding RCSO deputies then went to 5106 Meadowood Drive where we made entry into and secured the residence. I then spoke with home owner Roy Lovelady who gave consent to search his residence and property. During the search of Mitchell Hobson the $170.00 in Official funds was recovered from his pocket. Continued search of the residence in the bathroom occupied by Lovelady revealed two syringes and clear crystal like liquid in the bottom of an aerosol container. I field tested the liquid which test positive for methamphetamine (exhibit 2,2A). Several pipes used to inhale methamphetamine were located in the living room and bedroom occupied by Creel, Hopson and Dettore (exhibit 3,3A). Another aerosol can similar to Exhibit 2A was located in the hallway bathroom. This can also had residue which tested positive for methamphetamine (exhibit 4). During the search of the bedroom occupied by Paul Sanders a clear plastic bag containing a clear rock like substance along with a glass pipe was recovered next to the bed where Sanders was located (exhibit 5, 5A). During the pat down of Hicks a plastic bag containing a clear rock like substance was recovered from his pants pocket (exhibit 6). All suspects were transported to the RCSO Jail. Loveday's residence was secured along with park management being notified.

On 102518 I conducted interviews with Hopson, Sanders, Hicks, Dettore and Creel. Hopson stated he was contacted by Creel requesting he bring methamphetamine to the residence to sell to the CI. Hopson also stated he did receive the $170.00 from the CI and provide them with methamphetamine. Sanders stated he was in his room at the time entry was made. Sanders continued stating he had methamphetamine along with a pipe in the bed with him then knocked it

RC 3503

# RANKIN COUNTY SHERIFF'S OFFICE

PRINT DATE: 12/12/2023 **NUMBER: 2018101381** Page 14

off the bed when deputies came into his room.  Hicks explained he arranged to sell methamphetamine to the CI but had Creel contact Hopson.  Dettore  and Creel elaborated on how long they had statyed at the residence. Creel stated Loveday was aware of the methamphetamine use in his residence and had taken her on several occasion to purchase methamphetamine in the Jackson area. Dettore also advised Loveday was aware of the methamphetamine use in his residence and he had been present numerous times when methamphetamine  and other illegal drugs to include marijuana were being used.

RC 3504

# RANKIN COUNTY SHERIFF'S OFFICE

PRINT DATE: 12/12/2023          **NUMBER: 2018061402**          Page  7

Agency:   RCSO                              Author:   MCALPIN, BRETT
Incident No:   2018061402                   Title:   MOTT / JONES                    Report Type:   I
                                            Date Entered:   6/22/2018

On 062118 I met with an RCSO CI for the purpose of purchasing methamphetamine from Robert "Rob" Jones.  The CI made contact with Jones via telephone conversations and text messages arranging to meet him at 775 North Bierdeman lot 29. Jones advised they were in Jackson traveling to various locations in order to obtain methamphetamine, marijuana and other prescription medications. I learned Jones was accompanied by driver Jeffrey Mott. Due to the extended amount of time the CI and I had communicated with both Jones and Mott who continued to state they were arriving soon I instructed the CI to have either Jones or Mote send photos of their location to verify they were in route to North Bierdeman.

At approximately I observed a black Cadillac Escalade occupied by two white males traveling east on Hwy 80 in Pearl. I followed the vehicle onto North Bierdeman where the vehicle first passed the entrances to Bierdeman Mobile Home park then turned around entering the south entrance. The CI advised Mott and Jones were lost and trying to find the correct entrance. I then observed the vehicle exit the south entrance then pull into the center entrance of the park. I advised waiting marked patrol units that the vehicle I was observing was the suspect vehicle. I then observed the vehicle back into the drive of a residence at which time I along with waiting patrol units approached the vehicle. As I approached the suspect vehicle I activated my blue lights at which time the suspect vehicle accelerated forward striking the front left bumper of my vehicle then continuing forward striking the rear of a vehicle parked at a residence. Upon exiting our vehicles the driver, Mott and passenger, Jones were then removed from their vehicle and taken into custody. I recovered three phones from the vehicle including the one used by Jones to communicate with myself and the CI. I observed on the open screen communications between Jones and the CI directing him and Mott to our location. During the pat down of Mott I recovered a plastic bag containing what appeared to be marijuana from his pocket. In addition, paraphernalia related to the use of illegal drugs was recovered throughout the vehicle.

Deputy Faron responded to our location in order to report the file a report in reference to the damage done to my vehicle along with the parked vehicle. Both Mote and Jones were transported to the RCSO. Upon arrival at the RCSO I conducted recorded interviews with both Mote and Jones where following Miranda they recounted their involvement in the events which had taken place earlier. During the interview with Jones he stated upon seeing law enforcement he swallowed the methamphetamine he had to deliver.

RC 4147

# RANKIN COUNTY SHERIFF'S OFFICE

PRINT DATE: 01/12/2024          **NUMBER: 2019031681**          Page  7

Agency:  RCSO                          Author:   MCALPIN, BRETT
Incident No:  2019031681          Title:   PORTER          Report Type:   I
Date Entered:   3/27/2019

Beginning approximately 030119 I (McAlpin) began investigating reported drug activity involving Maurice Porter and his residence located at 142 Annie Burch Road. I was familiar with Porter due to prior illegal drug related arrest.  On 032619 I along with other RCSO units were in the area of Clara Foote Road and Pursue Road again observing traffic entering and exiting Annie Burch and Pursue Road.  At approximately 2300 hours I observed Porter driving a red Ford Focus. Porter was exiting Pursue Road onto Clara Foote Road. I was aware Porter did not possess a valid driver's license and advised waiting marked RCSO patrol units of his location and direction of travel. Deputy Grogan and Stickman then stopped Porter on Garrett Road. Upon approaching the vehicle Grogan identified the driver as Maurice Porter. Porter could not produce a valid driver's license and was asked to step out of the car. Upon doing so Deputy Stickman observed a clear bag containing Marijuana in the driver's door. Porter explained he thought he left the Marijuana at his residence. While Deputy Stickman continued searching the vehicle for any further drug related evidence he located two plastic bags of Methamphetamine under the driver seat. Once Porter was questioned about the alleged Methamphetamine he fled the scene on foot. Several deputies gave chase and were able to take Porter into custody after a short foot pursuit. After porter was taken into custody he was Mirandized and walked back to the scene of the traffic stop where several more items of paraphernalia was located including a loaded firearm. While processing all of the evidence Porters mother arrived on scene wishing to take possession of her vehicle which Porter was driving. I began speaking with her in reference to the drug activity Porter had recently brought around her residence. Catherine Porter gave verbal consent to search her residence and stated if there was anything illegal in her residence she wanted it removed. In Maurice's room several items of Paraphernalia and an assault type pistol with no serial number was located. Outside of Maurice's bedroom window I located one firearm sticking out from under the edge of the house being a single shot 4-10 which was collected as well. Deputy Elward transported Maurice Porter to Rankin County Jail.


END OF REPORT--

RC 4273

# Rankin County Sheriff's Office

# Bryan Bailey, Sheriff



## USE OF FORCE REPORT

**INCIDENT NUMBER:** _Z0190З/681_

**FROM:** Officer _CODY  GROGAN_          **S.O. NUMBER:** _58_

**TO:** Sheriff Bryan Bailey

**VIA:** _____          **S.O. NUMBER:** _____
*Shift Supervisor*

**SUBJECT: <u>USE OF FORCE</u>**
*<u>For purposes of this report, Use of Force is defined as: weaponless tactics (hands-on, etc.); less than
lethal weapons (Taser*, OC Spray, etc.); impact weapons (baton, flashlight, etc.); less lethal impact
ammunition; and lethal force (duty side-arm, shotgun, rifle, etc.).</u>*

Type of weapon(s) used: _TASER_          Date of incident: _3 / 26 / 19_

Serious injury/death involved? Yes ☐ No ☑          Pafford/Rescue on scene? Yes ☐ No ☑

Injured taken to: _N/A_          by: _____

Day time ☐   Night Time ☑   Investigator Called: _____

Other Officer, witnesses to the incident:   _R 65_
*(List badge number if officer, list contact*   _R 61_
*phone number if civilian.)*   _R 12_
_____
_____
_____

Type of call: _TRAFFIC    STOP_
*(i.e. vehicle stop, domestic violence, pursuit, etc.)*

Photographs taken of parties involved (physical injuries will be photographed)? Yes ☐  No ☑

Taken by: _____ *(Attach copy of photos to this report.)*

*Taser downloaded: ____/____/____   _____Hrs.  By: _____
                    Date        Time

221 N Timber Street Brandon Mississippi
Main: 601.825.1479 Fax: 601.824.2444

RC 4274

# Rankin County Sheriff's Office

# Bryan Bailey, Sheriff



---

**Rankin County Sheriff's Department – Use of Force Report**         Page 2

Incident number: 201903/681

Circumstances surrounding the use of force:

I DEPUTY GROGAN STOPPED A VEHICLE
OCCUPIED BY A BLACK MALE ON THE ABOVE
DATE. I ASKED THE MALE TO STEP OUT OF
THE VEHICLE. DEPUTY STICKMAN LOCATED A
CLEAR BAG CONTAINING METH. THATS WHEN
THE MALE BEGAN TO RUN ON FOOT. I THEN
CAUGHT UP TO THE MALE AND TACKLED HIM
TO THE GROUND. WHILE I WAS CHASING THE
MALE, I ATTEMPTED TO TAZE HIM TWISE BUT
WAS UNSUCCESFUL. WHEN THE MALE WAS TAKEN
TO THE GROUND HE BEGAN TO ACTIVELY RESIST
I STRUCK THE MALE WITH A CLOSED FIST IN
ATTEMPS TO GAIN CONTROL. THE MALE WAS THEN
TAKEN INTO CUSTODY.

_____    1800 Hrs.    3/27/19
Officers Signature             Time           Date


_____    __/__/__
Shift Supervisor's Signature       Date

---

221 N Timber Street Brandon Mississippi
Main: 601.825.1479 Fax: 601.824.2444

RC 4275

Rankin County Sheriff's Office

Bryan Bailey, Sheriff



## USE OF FORCE REPORT

INCIDENT NUMBER: *2019 031681*

FROM: Officer *Luke Stickman*          S.O. NUMBER: *R-65*

TO: Sheriff Bryan Bailey

VIA: _____          S.O. NUMBER: _____
       *Shift Supervisor*

SUBJECT: <u>USE OF FORCE</u>
*For purposes of this report, Use of Force is defined as: weaponless tactics (hands-on, etc.); less than lethal weapons (Taser\*, OC Spray, etc.); impact weapons (baton, flashlight, etc.); less lethal impact ammunition; and lethal force (duty side-arm, shotgun, rifle, etc.).*

Type of weapon(s) used: *Taser* _____          Date of incident: *3 / 26 / 19*

Serious injury/death involved? Yes ☐ No ☑          Pafford/Rescue on scene? Yes ☐ No ☑

Injured taken to: *N/A* _____          by: _____

Day time ☐   Night Time ☑   Investigator Called: _____

Other Officer, witnesses to the incident:   *R-58* _____
*(List badge number if officer, list contact*   *R-61* _____
*phone number if civilian.)*   *R-12* _____
_____
_____
_____

Type of call: *vehicle stop* _____
                    *(i.e. vehicle stop, domestic violence, pursuit, etc.)*

Photographs taken of parties involved (physical injuries will be photographed)? Yes ☐ No ☑

Taken by: _____ *(Attach copy of photos to this report.)*

\*Taser downloaded: _____ / _____ / _____   _____ Hrs.  By: _____
                          *Date*          *Time*

221 N Timber Street Brandon Mississippi
Main: 601.825.1479 Fax: 601.824.2444

RC 4276

# Rankin County Sheriff's Office

# Bryan Bailey, Sheriff



---

**Rankin County Sheriff's Department – Use of Force Report**                Page 2

Incident number: **2019 031681**

Circumstances surrounding the use of force:

I & Deputy Grogan made a traffic stop on a vehicle.
The male was asked to exit the vehicle & walk to the
rear. While searching the vehicle, I found a plastic bag
containing meth. I showed it to the suspect & he then fled on foot
away from us.
I, Grogan & Dedmon gave chase to the suspect.
After a short foot pursuit. Deputy Grogan was able to take the
suspect to the ground where the suspect began to actively
fight. I deployed my taser at the suspect, striking him in the
back. We were then able to place him in custody.

_____ 65        1300 Hrs.    3 /27 /19
Officers Signature                          Time          Date

_____              ___/___/___
Shift Supervisor's Signature                    Date

---

221 N Timber Street Brandon Mississippi
Main: 601.825.1479 Fax: 601.824.2444

RC 4277