# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**MICHAEL COREY JENKINS,**                                              **PLAINTIFFS**
**EDDIE TERRELL PARKER**

**v.**                                                     **CAUSE NO. 3:23-cv-374-DPJ-ASH**

**RANKIN COUNTY, MISSISSIPPI, et al.**                        **DEFENDANTS**

## MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

**NOW COMES** Defendant, Sheriff Bryan Bailey, by and through counsel, and in support of his motion to strike the expert opinions of Thomas Tiderington, states as follows:

**I.**     **INTRODUCTION AND STATEMENT OF FACTS**

Sheriff Bailey, moved this Court "for discovery limited to the factual disputes relevant to whether [qualified immunity] applies, then reassert [qualified immunity] in a summary judgment motion." [68] Motion (quoting *Asante-Chioke v. Dowdle*, 103 F.4th 1126 (5th Cir. 2024); *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022)). This [68] Motion was granted on August 29, 2024, *see* [69] Order, and discovery began in full on September 18, 2024. [71] Case Management Order. The discovery deadline was initially set for January 31, 2025, but was extended by agreement of counsel to March 3, 2025. 01/31/2025 TEXT-ONLY ORDER.

On October 18, 2024, Sheriff Bailey propounded his First Set of Interrogatories and First Set of Requests for Production on Michael Jenkins and Terrell Parker. [77][78] Notice of Service. Plaintiffs responded on or around November 22, 2024, and provided the following information:

> **INTERROGATORY NO. 13:** In full compliance with Fed. R. Civ. P. 26(a)(2), disclose any witness you may use to present evidence under Fed. R. Evid. 702, 703, or 705 in opposition to Sheriff Bailey's defense of qualified immunity.

>**ANSWER: Former Police Chief Thomas A. Tiderington.**
>
>**REQUEST NO. 6:** Produce a written report by any expert disclosed in response to Interrogatory No. 13, as well as all other documents required by Fed. R. Civ. P. 26(a)(2).
>
>**ANSWER: Plaintiff's expert report is forthcoming. Plaintiff's expert Thomas Tiderington's CV and litigation experience documents are provided at [Bates # 309]**

Exhibit 1 (Composite Responses to Discovery). Discovery concluded on March 3, 2025, and no expert opinions were disclosed by Plaintiffs.

Sheriff Bailey moved for summary judgment on March 17, 2025, [132] Motion, and Plaintiffs' [146] Response was filed on April 15, 2025. Thereafter, Plaintiffs filed a 58 page stand-alone document as [147] Affidavit of Thomas J. Tiderington, which for the first time in this litigation disclosed any expert opinions of any expert. Sheriff Bailey moved to strike any and all of Tiderington's expert opinions pursuant to Fed. R. Civ. P. 37.

II.   **LEGAL PRECEDENT & ANALYSIS**

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Court's in the Fifth Circuit apply the *Geiserman* factors in their analysis of whether to strike an expert for failure to timely disclose opinions, which include: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Stewart v. Gruber*, No. 23-30129, 2023 U.S. App. LEXIS 33127, at *9 (5th Cir. Dec. 14, 2023) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Based

on these factors, the Court should strike the expert opinions of Tiderington and not consider same for summary judgment purposes.

    A. **Explanation for the Failure**

Plaintiffs stated in November of 2024 that Tiderington's opinions would be "forthcoming," yet failed to provide any opinions on or before the Court's discovery deadline. Moreover, Plaintiffs never sought an extension of the discovery deadline to provide Tiderington's opinions. There can be no valid reason why Plaintiffs could not designate Tiderington on or before the discovery deadline of March 3, 2025, and this factor weighs in Defendant's favor.

    B. **Importance of the Testimony**

Tiderington's opinions have little to no importance in this § 1983 case, where the contours of Plaintiffs' constitutional rights are either defined by legal precedent or are not clearly established. Expert opinions would not assist in this regard. Further, the facts of this case would not change based on Tiderington's opinions.

Tiderington's affidavit is also improper summary judgment evidence. Expert affidavits cannot be used in this way to create triable issues of material fact at the summary judgment stage. *See Hayter v. City of Mt. Vernon,* 154 F.3d 269, 274 (5th Cir. 1998) (Holding that "affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment" and that "without more than credentials and subjective opinion, an expert's testimony that it is so is not admissible." (internal citations omitted)).

Even if Tiderington's opinions were important to Plaintiffs response to Sheriff Bailey's [132] Motion, such importance would "underscore[ ] the need for [Plaintiffs] to have timely

designated [their] expert witness so that [Sheriff Bailey] could prepare for trial." *Stewart*, 2023 U.S. App. LEXIS 33127, at *11 (quoting *Geiserman*, 893 F.2d at 792). And "[t]he importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." *Id.* This factor likewise weighs in Defendant's favor.

### C. Potential Prejudice

Plaintiffs provided Tiderington's 58 page expert opinion first the first time in opposition to a motion for summary judgment. Sheriff Bailey was left with no time to depose Tiderington, especially on issues of reliability as his opinions appear completely at odds with the national standards he claims to know. *See* [154], pg. 16. Further, Sheriff Bailey was left with little opportunity to research and/or rebut the opinions due to the short turnaround on a reply brief.

### D. Availability of a Continuance

Sheriff Bailey's [132] Motion has been fully briefed and is before the Court for a decision. Any continuance would not serve the interest of justice at this juncture as it would merely reward Plaintiffs with another bite at the apple for their tardy filing. Continuances "are the exception" and "will not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Id.* at *18 (citations omitted).

### III. CONCLUSION

Because Tiderington's opinions were not timely disclosed per this Court's scheduling orders, Sheriff Bailey respectfully requests that the Court strike same.

**RESPECTFULLY SUBMITTED,** this 28th day of April, 2025.

**SHERIFF BRYAN BAILEY - Defendant**
**BY:**   */s/ Jason E. Dare*
**JASON E. DARE**

4

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@bislawyers.com
Biggs, Ingram & Solop, PLLC
Post Office Box 14028
Jackson, Mississippi  39236-4028
Telephone:     (601) 987-5307
Facsimile:     (601) 987-5307